**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| EDWARD SHAMOON, Individually and on Behalf of All Others Similarly Situated, | No. 4:23-cv-13132-SDK-EAS |
| Plaintiff, | District Judge Shalina D. Kumar |
| v. | Magistrate Judge Elizabeth A. Stafford |
| GENERAL MOTORS COMPANY, MARY T. BARRA, and PAUL A. JACOBSON, | |
| Defendants. | |
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | No. 2:24-cv-10182-LVP-CI |
| Plaintiff, | District Judge Linda V. Parker |
| v. | Magistrate Judge Curtis Ivy, Jr |
| GENERAL MOTORS COMPANY, MARY T. BARRA, and PAUL A. JACOBSON, | |
| Defendants. | |

**MOTION OF CITY OF HOLLYWOOD POLICE OFFICERS'**
**RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS**
**LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD**
<u>**COUNSEL**</u>

PLEASE TAKE NOTICE that proposed Lead Plaintiff City of Hollywood Police Officers' Retirement System ("Hollywood Police") respectfully moves the Court, pursuant to the Federal Rules of Civil Procedure and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions; (2) appointing Hollywood Police as Lead Plaintiff; (3) approving its selection of Labaton Keller Sucharow LLP as Lead Counsel for the Class and AsherKelly as Liaison Counsel to the Class; and (4) granting such other and further relief as the Court may deem just and proper (the "Motion").

This Motion is made on the grounds that Hollywood Police believes it is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff.  Hollywood Police has, to its counsel's knowledge, the "largest financial interest" in the relief sought by the Class in this action.  Hollywood Police also otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 because its claims are typical of other Class members' claims, and because it will fairly and adequately represent the Class.  Further, Hollywood Police is the paradigmatic Lead Plaintiff envisioned by Congress in enacting the PSLRA because it is a sophisticated institutional investor with a substantial financial stake in the litigation that will provide effective monitoring and supervision of counsel.

Hollywood Police respectfully requests oral argument.

This Motion is based upon the accompanying supporting Memorandum of Law, the Index of Exhibits filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, Hollywood Police respectfully requests that the Court grant its motion and enter an Order: (1) consolidating the above-captioned related actions; (2) appointing Hollywood Police as Lead Plaintiff; (3) approving Hollywood Police's selection of Labaton Keller Sucharow LLP as Lead Counsel for the Class and AsherKelly as Liaison Counsel to the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## LOCAL RULE 7.1 STATEMENT

Pursuant to Local Rule 7.1(a) and, parties are required to seek a concurrence before filing a motion.  Because of the PSLRA's procedure, however, whereby any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as Lead Plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), Hollywood Police will not know what other Class members, if any, will seek appointment as Lead Plaintiff until after motions are filed on or before February 6, 2024.  Accordingly, Hollywood Police respectfully requests that this conferral requirement be waived in this narrow instance.

Dated: February 6, 2024                Respectfully submitted,

                                       **LABATON KELLER SUCHAROW LLP**

                                       */s/ Francis P. McConville*
                                       Francis P. McConville
                                       Eric Belfi
                                       Guillaume Buell
                                       140 Broadway
                                       New York, New York 10005
                                       Tel: (212) 907-0700
                                       Fax: (212) 818-0477
                                       fmcconville@labaton.com
                                       ebelfi@labaton.com
                                       gbuell@labaton.com

                                       *Counsel for Proposed Lead Plaintiff and
                                       Proposed Lead Counsel for the Class*

                                       Matthew Henzi
                                       Cynthia Billings-Dunn
                                       AsherKelly
                                       25800 Northwestern Highway, Suite 1100
                                       Southfield, Michigan 48075
                                       Tel: (248) 746-2710
                                       mhenzi@asherkellylaw.com
                                       cbdunn@asherkellylaw.com

                                       *Counsel for Proposed Lead Plaintiff and
                                       Proposed Liaison Counsel for the Class*

                                       Robert D. Klausner
                                       Stuart Kaufman
                                       Klausner, Kaufman, Jensen & Levinson
                                       7080 Northwest 4th Street
                                       Plantation, Florida 33317
                                       Tel: (954) 916-1202
                                       bob@robertdklausner.com
                                       stu@robertdklausner.com

3

*Additional Counsel for Proposed Lead
Plaintiff*

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| EDWARD SHAMOON, Individually and on Behalf of All Others Similarly Situated, | No. 4:23-cv-13132-SDK-EAS |
| Plaintiff, | District Judge Shalina D. Kumar |
| v. | Magistrate Judge Elizabeth A. Stafford |
| GENERAL MOTORS COMPANY, MARY T. BARRA, and PAUL A. JACOBSON, | |
| Defendants. | |
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | No. 2:24-cv-10182-LVP-CI |
| Plaintiff, | District Judge Linda V. Parker |
| v. | Magistrate Judge Curtis Ivy, Jr |
| GENERAL MOTORS COMPANY, MARY T. BARRA, and PAUL A. JACOBSON, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND <u>APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2) .......... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE
RELIEF SOUGHT PURSUANT TO LR 7.1(d)(2)......................................................v

PRELIMINARY STATEMENT ...............................................................................1

FACTUAL BACKGROUND.....................................................................................4

ARGUMENT .............................................................................................................6

I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED ...................6

II.  HOLLYWOOD POLICE SHOULD BE APPOINTED LEAD
     PLAINTIFF .................................................................................................6

     A.   The PSLRA Standard for Appointing Lead Plaintiff............................7

     B.   Hollywood Police Is the "Most Adequate Plaintiff"............................8

          1.   Hollywood Police's Motion Is Timely .......................................8

          2.   Hollywood Police Has a Substantial Financial Interest..............9

          3.   Hollywood Police Satisfies Rule 23's Typicality and
               Adequacy Requirements ...........................................................10

          4.   Hollywood Police Is Precisely the Type of Lead Plaintiff
               Congress Envisioned When It Passed the PSLRA ...................12

III. HOLLYWOOD POLICE'S SELECTION OF LEAD COUNSEL
     MERITS APPROVAL ...............................................................................14

CONCLUSION........................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig.*,
   No. 08 M.D.L.1963(RWS), 2009 WL 50132 (S.D.N.Y. Jan. 5,
   2009) ................................................................................................................1

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .........................................................................14

*French v. CBL & Assocs. Props., Inc.*,
   No. 1:16–cv–165–TWP–CHS, 2016 WL 7668501 (E.D. Tenn.
   Sept. 26, 2016) ................................................................................................6

*Pio* v. *Gen. Motors Co.*,
   No. 14–11191, 2014 WL 5421230 (E.D. Mich. Oct. 24, 2014).................8, 9, 10

*In re Regions Morgan Keegan Closed–End Fund Litig.*,
   No. 07-02830, 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010)....................6, 13

*Ret. Sys. v. Stryker Corp.*,
   No. 1:10-cv-520, 2011 WL 13228127 (W.D. Mich. Jan. 3, 2011) ....................13

*Ruckel* v. *Ford Motor Co.*,
   No. 17-cv-13536, 2018 WL 783534 (E.D. Mich. Feb. 7, 2018) ..............9, 10, 11

**Rules & Statutes**

Fed. R. Civ. P. 23 ...............................................................................*passim*

Fed. R. Civ. P. 42(a).....................................................................................6

15 U.S.C. § 78u-4 *et seq*. ...........................................................................*passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   No. 04-cv-8141 (S.D.N.Y.).............................................................................14

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   No. 08-md-1963 (S.D.N.Y.) ...........................................................................14

*In re Broadcom Corp. Class Action Litig.*,
  No. 06-cv-05036 (C.D. Cal.) ..................................................................15

*In re Countrywide Fin. Corp. Sec. Litig.*,
  No. 07-cv-5295 (C.D. Cal.) ...................................................................15

*In re Mercury Interactive Corp. Sec. Litig.*,
  No. 05-cv-3395 (N.D. Cal.) ...................................................................14

*In re Nielsen Holdings PLC*,
  No. 18-cv-06459 (N.D. Ill.) ...................................................................15


**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N.
  730.................................................................................................12, 13, 14

## STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2)

1.     Whether the above-captioned related actions should be consolidated.

City of Hollywood Police Officers' Retirement System's Answer: Yes.

2.     Whether City of Hollywood Police Officers' Retirement System possesses the largest financial interest in the relief sought by the Class.

City of Hollywood Police Officers' Retirement System's Answer: Yes.

3.     Whether City of Hollywood Police Officers' Retirement System has made the required preliminary showing it is a typical and adequate Class representative.

City of Hollywood Police Officers' Retirement System's Answer: Yes.

4.     Whether any opposing movant can offer the required proof to rebut the presumption that City of Hollywood Police Officers' Retirement System is the most adequate plaintiff.

City of Hollywood Police Officers' Retirement System's Answer: No.

5.     Whether the Court should approve City of Hollywood Police Officers' Retirement System's selection of Lead Counsel and Liaison Counsel.

City of Hollywood Police Officers' Retirement System's Answer: Yes.

**CONTROLLING OR MOST APPROPRIATE**
**AUTHORITY FOR THE RELIEF SOUGHT PURSUANT TO LR 7.1(d)(2)**

1.      15 U.S.C. § 78u-4(a)(3).

2.      *Pio* v. *Gen. Motors Co.*, No. 14-11191, 2014 WL 5421230 (E.D. Mich. Oct. 24, 2014).

3.      *Ruckel* v. *Ford Motor Co.*, No. 17-cv-13536, 2018 WL 783534 (E.D. Mich. Feb. 7, 2018).

4.      H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730.

Proposed Lead Plaintiff City of Hollywood Police Officers' Retirement System ("Hollywood Police") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for the entry of an Order: (1) consolidating the above-captioned the ("Action"); (2) appointing Hollywood Police as Lead Plaintiff in the above-captioned Action; (3) approving Hollywood Police's selection of Labaton Keller Sucharow LLP ("Labaton") as Lead Counsel for the Class and AsherKelly as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Hollywood Police, a sophisticated institutional investor, respectfully submits that it should be appointed Lead Plaintiff in the Action on behalf of a class consisting of all purchasers of General Motors Company ("GM" or the "Company") securities between February 10, 2021 and October 26, 2023, both dates inclusive (the "Class Period")[1], who were damaged thereby (the "Class").  The Action seeks to recover

---

[1] The Class Period as defined herein is the longest possible class period of the two complaints comprising the Action.  *See, e.g., In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig.*, No. 08 M.D.L.1963(RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) (noting that when initial complaints allege multiple class periods, "the lead plaintiff analysis should utilize the most inclusive class period because 'it encompasses more potential class members'") (citation omitted).

damages caused by alleged violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company, Mary T. Barra, and Paul A. Jacobson (collectively, "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed herein, Hollywood Police respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff.  Hollywood Police incurred losses of ***$738,051*** on its Class Period transactions in GM securities as calculated on a last-in-first-out ("LIFO") basis.[2] Accordingly, Hollywood Police has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' alleged violations of the

---

[2] A copy of Hollywood Police's PSLRA Certification is attached as Exhibit A to the Index of Exhibits.  The Certification sets forth all transactions of Hollywood Police in GM securities during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by Hollywood Police on its Class Period transactions in GM securities ("Loss Analysis") is attached as Exhibit B to the Index of Exhibits.

federal securities laws—an interest believed to be greater than that of any other qualified movant.  In addition to asserting a substantial financial interest in this litigation, Hollywood Police also satisfies the relevant requirements of Federal Rule of Civil Procedure 23 because its claims are typical of all members of the Class, and it will fairly and adequately represent the Class.  Moreover, the PSLRA's legislative history shows that large, sophisticated institutional investors like Hollywood Police are precisely the type of investor that Congress intended to empower to lead securities class action litigation.

Finally, pursuant to the PSLRA, Hollywood Police respectfully requests that the Court approve its selection of Labaton as Lead Counsel for the Class and AsherKelly as Liaison Counsel for the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").  Labaton is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Hollywood Police respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its choice of Lead Counsel.

## FACTUAL BACKGROUND[3]

GM is a multinational automotive manufacturing company headquartered in Detroit, Michigan. GM designs, builds, and sells trucks, crossovers, cars, and automobile parts worldwide. Cruise LLC ("Cruise") is a subsidiary of GM that develops autonomous vehicle ("AV"), or self-driving, technology. By December 2020, GM began testing its self-driving technologies on public roads. ECF No. 1 at PageID.3.

The Complaint alleges that during the Class Period, Defendants misled investors by: (1) downplaying safety concerns with the airbags in GM vehicles; (2) failing to disclose the need to record additional warranty accruals for recalls related to the defective airbags; (3) overstating the extent and efficacy of its efforts to analyze defects in its vehicles' airbag inflators; (4) concealing serious safety and consumer protection issues raised by Cruise's AV technology from regulators and investors; (5) overstating the prospect for widespread regulatory approval and adoption of Cruise's AV products; and (6) withholding from investors the true scope of the increased risk of regulatory scrutiny and enforcement action, significant legal liabilities, product recalls, and reputational harm. *Id.* at PageID.3-4.

---

[3] The following are as alleged in the Complaint in *City of Hollywood Police Officers' Retirement v. General Motors Company*, No. 24-cv-10182 (E.D. Mich.). *See* ECF No. 1 at PageID. 1-41.

The Complaint alleges that the undisclosed safety risks began to come to light on October 2, 2023 when news outlets reported an accident involving driverless Cruise AV.   On this news, GM's stock price fell $1.09 per share, or 3.36%, to close at $31.38 per share on October 3, 2023.  PageID.4.  Then, on October 5, 2023, news outlets reported that at least 20 million of GM's vehicles were built with defective airbag inflators.  On this news, GM's stock price fell $0.73 per share, or 2.35%, to close at $30.31 per share on October 5, 2023.  *Id.* at PageID.4-5.   Then, on October 24, 2023, regulators suspended GM's driverless testing permits, citing "an unreasonable risk to public safety."  On this news, GM's stock price fell $0.66 per share, or 2.26%, to close at $28.56 per share on October 24, 2023.  *Id.* at PageID.5.  Finally, on October 26, 2023, federal officials said they were investigating five additional reports of GM self-driving cars engaging in inappropriately hard braking that resulted in collisions and GM suspended all of its autonomous vehicle operations nationwide.  On this news, GM's stock price fell $1.33 per share, or 4.66%, to close at $27.22 per share on October 27, 2023.  *Id.* at PageID.5.

As a result of Defendants' allegedly wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Hollywood Police and the Class have suffered significant losses and damages.  *See Id.*

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

There are at least two related actions pending in this District against Defendants: *Shamoon v. General Motors Company*, No. 23-cv-13132 (E.D. Mich.) and *City of Hollywood Police Officers' Retirement System v. General Motors Company*, No. 24-cv-10182 (E.D. Mich.).

These actions present similar factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, name the same Defendants, and arise out of substantially similar misstatements. *See French v. CBL & Assocs. Props., Inc.*, No. 1:16–cv–165–TWP–CHS, 2016 WL 7668501, at *1 (E.D. Tenn. Sept. 26, 2016) (finding that "consolidation is particularly appropriate in securities class action litigation"); *In re Regions Morgan Keegan Closed–End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at *14 (W.D. Tenn. Dec. 15, 2010) (noting that "[c]onsolidation would conserve judicial resources and allow a more expeditious adjudication of [p]laintiffs' claims" where two securities class actions "raise[d] similar legal and factual issues").    Accordingly, consolidation is appropriate under Federal Rule of Civil Procedure 42(a).

### II.    HOLLYWOOD POLICE SHOULD BE APPOINTED LEAD PLAINTIFF

Hollywood Police respectfully submits that it should be appointed Lead Plaintiff because it filed the instant motion in a timely manner, has a substantial

6

financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of

persons who: (1) filed a complaint or timely filed a motion to serve as Lead Plaintiff, (2) has the largest financial interest in the relief sought by the class, and (3) who otherwise satisfies the requirements of Rule 23.   *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Pio* v. *Gen. Motors Co.*, No. 14–11191, 2014 WL 5421230, at *2 (E.D. Mich. Oct. 24, 2014).  This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Gen. Motors Co.*, 2014 WL 5421230, at *8.  Under the framework established by the PSLRA, Hollywood Police is the most adequate plaintiff and should be appointed Lead Plaintiff.

## B.     Hollywood Police Is the "Most Adequate Plaintiff"

### 1.     Hollywood Police's Motion Is Timely

Hollywood Police filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action caused notice regarding the pending nature of this case to be published on *AccessWire,* a widely-circulated, national, business-oriented news wire service, on December 8, 2023.  *See* Index of Exhibits, Ex. C.  Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before February

8

6, 2024.  Further, when Hollywood Police filed the second of the two related actions, it published notice reiterating the February 6, 2024 deadline.  *See* Index of Exhibits, Ex. D.  Hollywood Police filed its motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

## 2.    Hollywood Police Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

At the time of filing, Hollywood Police believes it has the largest financial interest of any Lead Plaintiff movant.  Pursuant to the four factors set forth in *Lax* v. *First Merchants Acceptance Corp.*, as adopted by this Court, financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  *See* No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *see also Ruckel* v. *Ford Motor Co.*, No. 17-cv-13536, 2018 WL 783534, at *1-2 (E.D. Mich. Feb. 7, 2018) (utilizing *Lax* Factors); *Gen. Motors Co.*, 2014 WL 5421230, at *2 (same). During the Class Period, Hollywood Police, (1) purchased 53,405 shares of GM common stock; (2) purchased 25,341 net shares during the Class Period; (3) made

9

net expenditures of $1,559,018 on these shares; and (4) as a result of the alleged revelation of fraud, suffered a loss of *$738,050*.  *See* Loss Analysis, Index of Exhibits, Ex. B.

Accordingly, Hollywood Police has a substantial financial interest as a qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3. Hollywood Police Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  "At this stage of the litigation, however, 'all that is required is a 'preliminary showing that the lead plaintiff's claims are typical and adequate [of the class].'"  *Ford Motor Co.*, 2018 WL 783534, at *2 (citation omitted).  Here, Hollywood Police satisfies both requirements.

Hollywood Police's claims are typical of the claims asserted by the proposed Class.  "Rule 23's 'typicality' requirement is met if the plaintiff's claims 'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'"  *Gen. Motors Co.*, 2014 WL 5421230, at *4 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)).  Here, like all members of the Class, Hollywood

Police alleges that Defendants made material misstatements and omissions regarding the Company's business, operations, and prospects.  Hollywood Police, as did all of the members of the Class, purchased GM securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby.  Accordingly, because Hollywood Police's claims arise out of the same course of events and relies on the same legal theories as do the claims of other Class members, the typicality requirement is satisfied.

Hollywood Police likewise satisfies the adequacy requirement of Rule 23. "The . . . 'adequacy' requirement is satisfied where the representative 'ha[s] common interests with those of unnamed class representatives' and is 'capable of vigorously prosecuting the action with the assistance of qualified counsel.'"  *Id.* (quoting *Am. Med. Sys.*, 75 F.3d at 1082).  As applied, Hollywood Police will fairly and adequately represent the interests of the proposed Class.  Indeed, "unlike investors with a nominal financial interest in the class action," Hollywood Police has "the incentive to monitor the litigation, control lead counsel, and police any proposed settlement."  *Ford Motor Co.*, 2018 WL 783534, at *3.  Moreover, Hollywood Police has also retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* Section III, and timely submitted its choice to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).  On this point, Hollywood Police, as a sophisticated

11

institutional investor, unquestionably has the sophistication, resources, and experience sufficient to pursue the above-captioned Action to a successful conclusion, including through the effective oversight of counsel.  Finally, there is no proof that Hollywood Police is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).    Accordingly, Hollywood Police satisfies the adequacy requirement.

### 4.  Hollywood Police Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

In addition to satisfying the requirements of Rule 23, Hollywood Police—a large, sophisticated institutional investor with experience successfully serving as court-appointed Lead Plaintiff under the PSLRA—is precisely the type of investor Congress envisioned, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a

large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.

To this end, many courts, including courts in this Circuit, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as Lead Plaintiff in securities class actions. *See, e.g., City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.*, No. 1:10-cv-520, 2011 WL 13228127, at *1 (W.D. Mich. Jan. 3, 2011) ("The focus on the plaintiff with the largest financial interests reflects 'a clear congressional preference for institutional investors to serve as lead plaintiffs.'") (citation omitted); *In re Regions Morgan Keegan Closed-End Fund Litig.*, 2010 WL 5173851, at *6 ("One of the main purposes Congress sought to advance when enacting the PSLRA was to promote the appointment of institutional investors as lead.").

Moreover, Hollywood Police has already taken measures to ensure the claims are vigorously and effectively prosecuted in the best interests of the Class. For instance, Hollywood Police filed one of the two related actions, *City of Hollywood Police Officers' Retirement System v. General Motors Company*, No. 24-cv-10182 (E.D. Mich.) in order to protect the interest of similarly situated investors. Accordingly, Hollywood Police has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel.

### III.    HOLLYWOOD POLICE'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").  Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class."  *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Hollywood Police has selected Labaton, highly-qualified counsel, to serve as Lead Counsel for the proposed Class.  Labaton has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors.  Labaton served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.).  In addition, Labaton was a

14

lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-05036 (C.D. Cal.).  Labaton also secured a $73 million settlement for investors in *In re Nielsen Holdings PLC*, No. 18-cv-06459 (N.D. Ill.).  Labaton presently serves as lead and co-lead counsel in several significant investor class actions.  *See* Labaton Firm Resume, Index of Exhibits, Ex. E.

Likewise, AsherKelly is well qualified to represent the Class as Liaison Counsel.  It maintains an office in this District, and is thus well qualified to represent the Class as Liaison Counsel.

In light of the foregoing, the Court should approve Hollywood Police's selection of Labaton as Lead Counsel for the Class and AsherKelly as Liaison Counsel for the Class.  The Court can be assured that, by approving its choice of counsel, the Class will receive the highest caliber of representation.

<u>**CONCLUSION**</u>

For the foregoing reasons, Hollywood Police respectfully requests that the Court grant its motion and enter an Order: (1) consolidating the above-captioned related actions; (2) appointing Hollywood Police as Lead Plaintiff; (3) approving its

15

selection of Labaton as Lead Counsel for the Class and AsherKelly as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated:  February 6, 2024                    Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

*/s/ Francis P. McConville*
Francis P. McConville
Eric Belfi
Guillaume Buell
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
fmcconville@labaton.com
ebelfi@labaton.com
gbuell@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

Matthew Henzi
Cynthia Billings-Dunn
AsherKelly
25800 Northwestern Highway, Suite 1100
Southfield, Michigan 48075
Tel: (248) 746-2710
mhenzi@asherkellylaw.com
cbdunn@asherkellylaw.com

*Counsel for Proposed Lead Plaintiff and Proposed Liaison Counsel for the Class*

Robert D. Klausner
Stuart Kaufman
Klausner, Kaufman, Jensen & Levinson

16

7080 Northwest 4th Street
Plantation, Florida 33317
Tel: (954) 916-1202
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Proposed Lead Plaintiff*

17

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2024, I authorized the electronic filing of the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

*s/ Francis P. McConville*
Francis P. McConville