# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| EDWARD SHAMOON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS COMPANY, MARY T. BARRA, and PAUL A. JACOBSON, <br><br> Defendants. | Civ. No.: 4:23-cv-13132-SDK-EAS <br><br> District Judge Shalina D. Kumar <br><br> Magistrate Judge Elizabeth A. Stafford <br><br> Class Action <br><br> **MOTION OF EDWARD SHAMOON FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** |
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS COMPANY, MARY T. BARRA, and PAUL A. JACOBSON, <br><br> Defendants. | Civ. No.: 2:24-cv-10182-LVP-CI <br><br> District Judge Linda V. Parker <br><br> Magistrate Judge Curtis Ivy, Jr. <br><br> Class Action |

PLEASE TAKE NOTICE that, on a date and at such time as may be designated by the Court, in the Courtroom of the Honorable Shalina D. Kumar, Federal Building and U.S Courthouse, 600 Church Street, Room 125, Flint, Michigan 48502, Edward Shamoon ("Shamoon") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 42 and Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Shamoon as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities that purchased or otherwise acquired General Motors Company securities between February 10, 2021 and October 26, 2023, inclusive; and (3) approving Shamoon's selection of Pomerantz LLP as Lead Counsel for the Class.

In support of this Motion, Shamoon submits herewith a Memorandum of Law and an Index of Exhibits.

Shamoon is aware of Local Rule 7.1(a), which provides, in relevant part, that movants "must ascertain before filing [motions] whether the contemplated motion . . . will be opposed" by "confer[ring] with the other parties and other persons entitled to be heard on the motion", and that "[t]he conference must be held sufficiently in advance of filing the motion to allow a good faith interactive

1

exchange aimed at resolving the matter." Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in the Related Actions is February 6, 2024, on which date any member of the putative Class may so move. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)-(II). Shamoon will thus not know the identities of the other putative Class members who intend to file competing Lead Plaintiff motions until February 7, 2024—the day after the statutory deadline—making conferral with opposing parties and other persons entitled to be heard on the motion sufficiently in advance of the filing of Shamoon's motion papers impracticable. Under these circumstances, Shamoon respectfully requests that compliance with Local Rule 7.1(a) be waived in this narrow instance.

Dated: February 6, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Edward Shamoon and*
*Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| EDWARD SHAMOON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS COMPANY, MARY T. BARRA, and PAUL A. JACOBSON, <br><br> Defendants. | Civ. No.: 4:23-cv-13132-SDK-EAS <br><br> District Judge Shalina D. Kumar <br><br> Magistrate Judge Elizabeth A. Stafford <br><br> Class Action <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF EDWARD SHAMOON FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** |
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS COMPANY, MARY T. BARRA, and PAUL A. JACOBSON, <br><br> Defendants. | Civ. No.: 2:24-cv-10182-LVP-CI <br><br> District Judge Linda V. Parker <br><br> Magistrate Judge Curtis Ivy, Jr. <br><br> Class Action |

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(D)(2) ..1

STATEMENT OF CONTROLLING AUTHORITY ....................................2

PURSUANT TO LR 7.1(D)(2) ...........................................................2

I.   PRELIMINARY STATEMENT.........................................................3

II.  FACTUAL BACKGROUND .............................................................5

III. ARGUMENT ..................................................................................10

    A.   The Related Actions Should Be Consolidated for All Purposes ....................................................................................10

    B.   Shamoon Should Be Appointed Lead Plaintiff ........................11

        1.   Shamoon Is Willing to Serve as Class Representative...12

        2.   Shamoon Has the Largest Financial Interest .................13

        3.   Shamoon Satisfies the Requirements of Rule 23 ..........14

        4.   Shamoon Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses..........................................................................17

    C.   Lead Plaintiff's Selection of Counsel Should Be Approved ....18

IV.  CONCLUSION ...............................................................................20

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Eshe Fund v. Fifth Third Bancorp*,
  No. 1:08-CV-421, 2008 WL 11322108 (S.D. Ohio Dec. 16, 2008) ..................13

*French v. CBL & Assocs. Properties, Inc.*,
  No. 1:16-CV-165-TWP-CHS, 2016 WL 7668501 (E.D. Tenn.
  Sept. 26, 2016) ......................................................................................13

*Haase v. GunnAllen Fin., Inc.*,
  No. 08-10927, 2008 WL 3200590 (E.D. Mich. Aug. 5, 2008) ....................18, 19

*Hollywood Police Officers' Retirement System v. General Motors
  Company et al.*,
  No. 2:24-cv-10182 (E.D. Mich.) .........................................................3

*In re Am. Med. Sys., Inc.*,
  75 F.3d 1069 (6th Cir. 1996) .....................................................15, 16

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
  No. 07-02830, 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010).......................15

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997): (1).......................13

*Louisiana Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc.*,
  No. 2:19-CV-3347, 2020 WL 3396660 (S.D. Ohio June 19, 2020)...................16

*Palm Tran, Inc. Amalgamated Transit Union Loc. 1577 Pension Plan
  v. Credit Acceptance Corp.*,
  No. 20-CV-12698, 2021 WL 2177078 (E.D. Mich. May 28, 2021)............13, 15

*Samaras v. Fiat Chrysler Automobiles, N.V.*,
  No. CV 16-12803, 2017 WL 5202884 (E.D. Mich. Jan. 18, 2017) .......10, 13, 15

**Statutes**

15 U.S.C. § 78u-4........................................................................*passim*

Private Securities Litigation Reform Act of 1995 ..............................................*passim*

**Rules**

Fed. R. Civ. P. 23 ...................................................................................*passim*

Fed. R. Civ. P. 42 ..................................................................................1, 2, 3, 10

## STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2)

1.      Whether the Court should consolidate the above-captioned related actions pursuant to Federal Rule of Civil Procedure 42;

2.      Whether the Court should appoint Edward Shamoon as Lead Plaintiff in the above-captioned related actions pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3.      Whether the Court should approve Shamoon's selection of Pomerantz as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

1

## STATEMENT OF CONTROLLING AUTHORITY
## PURSUANT TO LR 7.1(d)(2)

1.      Federal Rule of Civil Procedure 42; and

2.      The Lead Plaintiff provisions of the Private Securities Litigation

Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3) *et seq.*

Edward Shamoon ("Shamoon") respectfully submits this Memorandum of Law in support of his Motion, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Shamoon as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities that purchased or otherwise acquired General Motors Company ("GM" or the "Company) securities between February 10, 2021 and October 26, 2023, inclusive (the "Class Period"); and (3) approving Shamoon's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

## I.   PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that the above-captioned

---

[1] On December 8, 2023, the first-filed of the Related Actions was filed in this Court, styled *Shamoon v. General Motors Company et al.*, No. 4:23-cv-13132 (E.D. Mich.) (the "*Shamoon* Action"), alleging a class period including all persons and entities that purchased or otherwise acquired GM securities between February 2, 2022 and October 26, 2023, both dates inclusive. *See* ECF No. 1, PageID.2. On January 24, 2024, a second action alleging substantially the same wrongdoing as the *Shamoon* Action against the same defendants was filed in this Court, styled *Hollywood Police Officers' Retirement System v. General Motors Company et al.*, No. 2:24-cv-10182 (E.D. Mich.) (the "*Hollywood* Action"), alleging a larger class period including all persons and entities that purchased or otherwise acquired GM securities between February 10, 2021 and October 26, 2023, inclusive. *See* 2:24-cv-10182, ECF No. 1, PageID.2. Therefore, without conceding that this is the appropriate class period, to avoid excluding any potential class members, this motion has adopted the largest class period alleged in the *Hollywood* Action.

defendants ("Defendants") defrauded investors in violation of the Exchange Act. GM investors, including Shamoon, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of GM securities to fall sharply, damaging Shamoon and other GM investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the Exchange Act by the same defendants arising from substantially the same alleged fraud. As such, the Related Actions involve common questions of both law **and** fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of this litigation and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Shamoon purchased 1,400 shares of GM common stock and one GM options contract, expended $64,679 on these purchases, retained 500 of his shares of GM common stock, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $11,166. *See* Chart Reflecting Shamoon's Financial Interest, Exhibit ("Ex.") A.[2] Accordingly, Shamoon believes that he has the largest financial interest in the relief sought in this litigation. Beyond his considerable

---

[2] All exhibits referenced herein are attached to the Index of Exhibits, filed concurrently herewith.

financial interest, Shamoon also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Shamoon has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Shamoon respectfully requests that the Court enter an Order consolidating the Related Actions, appointing Shamoon as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

## II.    FACTUAL BACKGROUND

As alleged in the Complaints in the Related Actions, GM is an automotive manufacturing company that designs, builds, and sells trucks, crossovers, cars, and automobile parts worldwide.  ECF No. 1, PageID.3; 2:24-cv-10182, ECF No. 1, PageID.3.  The Company markets its vehicles primarily under the Buick, Cadillac, Chevrolet, GMC, Baojun, and Wuling brand names.  ECF No. 1, PageID.3; *see also* 2:24-cv-10182, ECF No. 1, PageID.3.

Cruise LLC ("Cruise") is GM's majority-owned global segment responsible for the development and commercialization of autonomous vehicle ("AV")—*i.e.*, driverless—technology. ECF No. 1, PageID.3; *see also* 2:24-cv-10182, ECF No. 1, PageID.3. Cruise has secured various testing and driving permits for its AVs on the ostensible premise that those AVs were sufficiently safe for such purposes. ECF No. 1, PageID.3; *see also* 2:24-cv-10182, ECF No. 1, PageID.3.

Since at least as early as November 2020, GM's products have been the subject of multiple recalls because of defective airbag components in the Company's vehicles, exposing the Company to various global lawsuits. ECF No. 1, PageID.3; *see also* 2:24-cv-10182, ECF No. 1, PageID.3. Nevertheless, GM has consistently downplayed safety concerns related to its vehicles' airbags and the need to record additional warranty accruals for related product recalls, while touting the Company's efforts to identify and address perceived defects with its vehicles' airbag inflators. ECF No. 1, PageID.3; *see also* 2:24-cv-10182, ECF No. 1, PageID.3.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. ECF No. 1, PageID.3; *see also* 2:24-cv-10182, ECF No. 1, PageID.3-4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) GM downplayed concerns with its vehicles' airbags and the need

6

to record additional warranty accruals for related product recalls; (ii) GM overstated the extent and efficacy of its efforts to analyze defects in its vehicles' airbag inflators; (iii) Cruise's AVs and/or AV technology were less safe and well-developed than Defendants had led investors, regulators, and the general public to believe; (iv) accordingly, regulatory approval of Cruise's AV products was unsustainable and the prospects for widespread regulatory approval and adoption of Cruise's AV products were overstated; (v) all the foregoing subjected GM to an increased risk of governmental and/or regulatory scrutiny and enforcement action, significant legal liabilities, product recalls, and reputational harm; and (vi) as a result, Defendants' public statements were materially false and/or misleading at all relevant times.  ECF No. 1, PageID.4; *see also* 2:24-cv-10182, ECF No. 1, PageID.3-4.

On October 2, 2023, *NBC Bay Area* reported that a pedestrian suffered major injuries after she was run over by and pinned beneath a driverless Cruise AV.  ECF No. 1, PageID.4; *see also* 2:24-cv-10182, ECF No. 1, PageID.4.  *NBC Bay Area* further reported that Cruise was cooperating with law enforcement regarding the incident.  ECF No. 1, PageID.4.  That same day, reports emerged of another accident in Nashville, Tennessee in which two people were injured after a Cruise vehicle crashed into an apartment building.  2:24-cv-10182, ECF No. 1, PageID.4.

7

On this news, GM's stock price fell $1.09 per share, or 3.36%, to close at $31.38 per share on October 3, 2023.  ECF No. 1, PageID.4; 2:24-cv-10182, ECF No. 1, PageID.4.

On October 5, 2023, the National Highway Traffic Safety Administration ("NHTSA") held a public hearing to recommend a recall of more than 50 million airbag inflators that have been linked to potentially deadly explosions.  ECF No. 1, PageID.5; 2:24-cv-10182, ECF No. 1, PageID.4.  Citing people familiar with the matter, *The Wall Street Journal* subsequently reported that at least 20 million of GM's vehicles were built with the defective airbag inflators in question, at least one of which had led to a confirmed fatality.  ECF No. 1, PageID.5; 2:24-cv-10182, ECF No. 1, PageID.4-5.

On this news, GM's stock price fell $0.73 per share, or 2.35%, to close at $30.31 per share on October 5, 2023.  ECF No. 1, PageID.5; 2:24-cv-10182, ECF No. 1, PageID.5.

On October 24, 2023, the California Department of Motor Vehicles ("California DMV") issued a statement announcing the immediate suspension of Cruise's deployment and driverless testing permits.  ECF No. 1, PageID.5; *see also* 2:24-cv-10182, ECF No. 1, PageID.5.  In suspending Cruise's permits, the California DMV cited, among other issues, that Cruise "ha[d] misrepresented . . .

information related to [the] safety of the autonomous technology of its vehicles."
ECF No. 1, PageID.5; *see also* 2:24-cv-10182, ECF No. 1, PageID.5.

On this news, GM's stock price fell $0.66 per share, or 2.26%, to close at $28.56 per share on October 24, 2023.  ECF No. 1, PageID.5; 2:24-cv-10182, ECF No. 1, PageID.5.

Finally, on October 26, 2023, NHTSA officials said they were investigating five additional reports of Cruise self-driving cars engaging in inappropriately hard braking that resulted in collisions.  2:24-cv-10182, ECF No. 1, PageID.5.  That same day, Cruise announced via a post on X (formerly Twitter) that it would pause all of its AV operations across the country "while we take time to examine our processes, systems, and tools and reflect on how we can better operate in a way that will earn public trust."  ECF No. 1, PageID.5; 2:24-cv-10182, ECF No. 1, PageID.5.

On this news, GM's stock price fell $1.33 per share, or 4.66%, to close at $27.22 per share on October 27, 2023.  ECF No. 1, PageID.6; 2:24-cv-10182, ECF No. 1, PageID.5.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Shamoon and other Class members have suffered significant losses and damages.  ECF No. 1, PageID.6; *see also* 2:24-cv-10182, ECF No. 1, PageID.5.

9

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated for All Purposes

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also, e.g.*, *Samaras v. Fiat Chrysler Automobiles, N.V.*, No. CV 16-12803, 2017 WL 5202884, at *1 (E.D. Mich. Jan. 18, 2017).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed."  15 U.S.C. § 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this Court alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by the same Defendants arising from the public dissemination of false and misleading information to investors.  Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

10

### B.   Shamoon Should Be Appointed Lead Plaintiff

Shamoon should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest

in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Shamoon satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.     Shamoon Is Willing to Serve as Class Representative

On December 8, 2023, counsel for plaintiff in the first-filed of the Related Actions caused the statutorily required Notice of that action to be published via *AccessWire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against GM and other defendants, and which advised investors in GM securities that they had until February 6, 2024— *i.e.*, sixty days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* PSLRA Notice, Ex. B.

Shamoon has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See* Shareholder Certification of Shamoon, Ex. C.  Accordingly, Shamoon satisfies the first requirement to serve as Lead Plaintiff of the Class.

12

### 2.      Shamoon Has the Largest Financial Interest

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii). While the Sixth Circuit has not adopted a specific approach to calculating the largest financial interest as contemplated under the PSLRA, courts typically consider the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997): (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered (collectively, the "*Lax* factors").  *See, e.g.*, *Palm Tran, Inc. Amalgamated Transit Union Loc. 1577 Pension Plan v. Credit Acceptance Corp.*, No. 20-CV-12698, 2021 WL 2177078, at *1 (E.D. Mich. May 28, 2021); *Samaras*, 2017 WL 5202884, at *1; *French v. CBL & Assocs. Properties, Inc.*, No. 1:16-CV-165-TWP-CHS, 2016 WL 7668501, at *2 (E.D. Tenn. Sept. 26, 2016). Of the *Lax* factors, courts tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *French*, 2016 WL 7668501, at *2; *Eshe Fund v. Fifth Third Bancorp*, No. 1:08-CV-421, 2008 WL 11322108, at *5 (S.D. Ohio Dec. 16, 2008).

13

During the Class Period, Shamoon: (1) purchased 1,400 shares of GM common stock and one GM options contract; (2) expended $64,679 on his purchases of GM securities; (3) retained 500 of his shares of GM common stock; and (4) as a result of the disclosures of the alleged fraud, suffered a loss of approximately $11,166 in connection with his Class Period transactions in GM securities. *See* Chart Reflecting Shamoon's Financial Interest, Ex. A. To the extent that Shamoon possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Shamoon Satisfies the Requirements of Rule 23

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff movant satisfies the

14

requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies Rule 23's requirements is sufficient.  *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at \*5 (W.D. Tenn. Dec. 15, 2010); *see also, e.g.*, *Palm Tran*, 2021 WL 2177078, at \*2 (appointing lead plaintiffs that "ma[de] a prima facie showing that they satisfy the requirements of Rule 23"); *Samaras*, 2017 WL 5202884, at \*2 (same).  Moreover, "Rule 23 establishes two requirements for appointing a lead plaintiff . . . 'typicality' and 'adequacy.'"  *Regions Morgan*, 2010 WL 5173851, at \*5; *see also Samaras*, 2017 WL 5202884, at \*2 ("At this stage of the litigation . . . 'all that is required is a "preliminary showing["] that the lead plaintiff's claims are typical and adequate [of the class].'" (quoting *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999))).

A movant satisfies Rule 23's typicality requirement if the movant's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory."  *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (citation omitted).

Shamoon's claims are typical of those of the Class.  Shamoon alleges, like other Class members, that Defendants violated the Exchange Act by making what

15

they knew or should have known were false or misleading statements of material facts concerning GM, or by omitting to state material facts necessary to make the statements they did make not misleading.  Shamoon, like other Class members, purchased GM securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove the prices of GM's securities downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

"The Sixth Circuit looks to two criteria in determining the adequacy of a potential class representative: '1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *Louisiana Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc.*, No. 2:19-CV-3347, 2020 WL 3396660, at *7 (S.D. Ohio June 19, 2020); *see also Am. Med. Sys*, 75 F.3d at 1083 (citation omitted).

Shamoon is an adequate representative for the Class.  Here, Shamoon has submitted a signed Certification declaring his commitment to protect the interests of the Class.  *See* Shareholder Certification of Shamoon, Ex. C.  Shamoon has no conflicts of interest or antagonism with the Class of GM investors he seeks to

16

represent, and his significant financial interest from his transactions in GM securities during the Class Period demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Moreover, Shamoon has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further demonstrating his adequacy, Shamoon has submitted a signed Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Declaration of Shamoon, Ex. D.

### 4.     Shamoon Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Shamoon as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

17

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Shamoon's ability, and his desire, to represent the Class fairly and adequately is discussed above. Shamoon is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, the Court should appoint Shamoon as Lead Plaintiff for the Class.

### C. Lead Plaintiff's Selection of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *Haase v. GunnAllen Fin., Inc.*, No. 08-10927, 2008 WL 3200590, at *2 (E.D. Mich. Aug. 5, 2008) ("[A] court is encouraged to refrain from interfering with the choice of the 'lead counsel' unless it is necessary to 'protect the interests of the class.'" (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa))).

Here, Shamoon has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Firm Resume of Pomerantz, Ex. E. In overview,

18

Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in these Related Actions, Shamoon's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute these Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Shamoon's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## IV. CONCLUSION

For the foregoing reasons, Shamoon respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Shamoon as Lead Plaintiff for the Class; and (3) approving Shamoon's selection of Pomerantz as Lead Counsel for the Class.

Dated: February 6, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Edward Shamoon and*
*Proposed Lead Counsel for the Class*

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 6, 2024, I authorized the electronic filing of the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman

21