**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| EDWARD SHAMOON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS COMPANY, MARY T. BARRA, and PAUL A. JACOBSON,<br><br>Defendants. | No. 4:23-cv-13132-SDK-EAS<br><br>District Judge Shalina D. Kumar<br><br>Magistrate Judge Elizabeth A. Stafford |
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS COMPANY, MARY T. BARRA, and PAUL A. JACOBSON,<br><br>Defendants. | No. 2:24-cv-10182-SDK-EAS<br><br>District Judge Shalina D. Kumar<br><br>Magistrate Judge Elizabeth A. Stafford |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION**
**OF CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT**
**SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD**
**PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2)

1.      Whether the above-captioned related actions should be consolidated.

City of Hollywood Police Officers' Retirement System's Answer: Yes.

2.      Whether City of Hollywood Police Officers' Retirement System possesses the largest financial interest in the relief sought by the Class.

City of Hollywood Police Officers' Retirement System's Answer: Yes.

3.      Whether City of Hollywood Police Officers' Retirement System has made the required preliminary showing it is a typical and adequate Class representative.

City of Hollywood Police Officers' Retirement System's Answer: Yes.

4.      Whether any opposing movant can offer the required proof to rebut the presumption that City of Hollywood Police Officers' Retirement System is the most adequate plaintiff.

City of Hollywood Police Officers' Retirement System's Answer: No.

5.      Whether the Court should approve City of Hollywood Police Officers' Retirement System's selection of Lead Counsel and Liaison Counsel.

City of Hollywood Police Officers' Retirement System's Answer: Yes.

i

**CONTROLLING OR MOST APPROPRIATE
AUTHORITY FOR THE RELIEF SOUGHT PURSUANT TO LR 7.1(d)(2)**

1.      15 U.S.C. § 78u-4(a)(3).

2.      *Pio* v. *Gen. Motors Co.*, No. 14-11191, 2014 WL 5421230 (E.D. Mich. Oct. 24, 2014).

3.      *Ruckel* v. *Ford Motor Co.*, No. 17-cv-13536, 2018 WL 783534 (E.D. Mich. Feb. 7, 2018).

4.      H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730.

Proposed Lead Plaintiff Hollywood Police[1] respectfully submits this Memorandum of Law in further support of its unopposed motion for consolidation[2], appointment as Lead Plaintiff, and approval of its selection of Labaton as Lead Counsel for the Class and Asherkelly as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

Hollywood Police, as the unopposed movant claiming the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, is entitled to appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

*First*, all relevant metrics used to evaluate financial interest favor Hollywood Police. *See Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) (listing four factors to evaluate financial interest). *Second*, Hollywood Police is typical because its claims rely on the same facts and legal theories as those of the Class. *Third*, Hollywood Police is adequate because it is highly incentivized to pursue recovery on behalf of the Class, lacks antagonism towards the Class, and has selected qualified counsel. *Finally*, as an institutional investor, Hollywood Police is precisely the type of investor envisioned

---

[1] All definitions and abbreviations used herein remain unchanged from Hollywood Police's previous submission before the Court. *See* ECF No 7 at PageID.56-84. Unless otherwise noted, all ECF references are to the docket in *Shamoon v. General Motors Company*, No. 23-cv-13132 (E.D. Mich.). Unless otherwise noted, emphasis has been added throughout.

[2] The only other Lead Plaintiff movant does not oppose consolidation. *See* ECF No. ECF No. 8 at PageID.136-63.

by Congress, through the passage of the PSLRA, to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733.   Accordingly, Hollywood Police is entitled to the presumption of "most adequate plaintiff" under the PSLRA.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As the presumed "most adequate plaintiff," the PSLRA directs the Court to appoint Hollywood Police absent "***proof***" that it "will not fairly and adequately protect the interests of the class" or are "subject to unique defenses."  *Id.* § 78u-4(a)(3)(B)(iii)(II).  As no other movant has, or will be able to, provide evidence sufficient to rebut the strong, statutory presumption of "most adequate plaintiff," Hollywood Police should be appointed as Lead Plaintiff and its choice of counsel approved.  *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (noting deference to lead plaintiff's selection of qualified counsel).  Indeed, the only other movant filed a notice withdrawing his motion and acknowledging that he does not "have the largest financial interest in the [Action]," leaving Hollywood Police as the sole, unopposed movant.  ECF No. 10 at PageID.201.  In sum, under the PSLRA's sequential lead plaintiff appointment process, the Court's inquiry should begin and end with Hollywood Police.

## ARGUMENT

### I.   HOLLYWOOD POLICE SHOULD BE APPOINTED LEAD PLAINTIFF

Hollywood Police respectfully submits that it is the presumed "most adequate plaintiff" because it has claimed the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23.   *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Pio v. Gen. Motors Co.*, No. 14-11191, 2014 WL 5421230, at *2 (E.D. Mich. Oct. 24, 2014).

#### A.   Hollywood Police Has Claimed the Largest Financial Interest

Under any relevant metric, Hollywood Police possesses the largest financial interest.   Pursuant to the four factors set forth in *Lax v. First Merchants Acceptance Corp.*, financial interest may be determined by: (1) the number of shares purchased during the Class Period; (2) the number of net shares purchased during the Class Period; (3) the total net funds expended during the Class Period; and (4) the approximate losses suffered.   1997 WL 461036, at *5; *see also Ruckel v. Ford Motor Co.*, No. 17-cv-13536, 2018 WL 783534, at *1 (E.D. Mich. Feb. 7, 2018) (utilizing *Lax* Factors); *Samaras v. Fiat Chrysler Autos., N.V.*, No. 16-12803, 2017 WL 5202884, at *1 (E.D. Mich. Jan. 18, 2017) (same); *Gen. Motors Co.*, 2014 WL 5421230, at *2 (same).

Here, Hollywood Police prevails on every *Lax* factor.   Specifically, Hollywood Police purchased 53,405 total shares and 25,341 net shares during the

3

Class Period, made $1,559,018 in net expenditures during the Class Period, and as a result, suffered $738,051 in losses, *see* Loss Analysis, ECF No. 7-3 at PageID.94, which losses are significantly greater than the losses of the only other movant. ECF No. 8-2 at PageID.167. In fact, Edward Shamoon, the only other investor to move for Lead Plaintiff, claims $11,166 in losses, *Id.*, which is **over $700,000 less** than the losses incurred by Hollywood Police. Accordingly, Hollywood Police has satisfied the largest financial interest requirement.

In the above calculations, Hollywood Police has used the longest possible class period of the two complaints comprising the Action. Courts, including courts in this Circuit, generally use the longest filed class period to determine the financial interest of lead plaintiff movants. *See, e.g., In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig.*, No. 08 M.D.L.1963(RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) (noting that when initial complaints allege multiple class periods, "the lead plaintiff analysis should utilize the most inclusive class period because 'it encompasses more potential class members'") (citation omitted); *City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*, No. 1:17 CV 1677, 2017 WL 6028213, at *2 n.1 (N.D. Ohio Dec. 5, 2017) (using "the longest suggested class period," when analyzing the financial interest of lead plaintiff movants); *see also In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010

WL 5173851, at *7 (W.D. Tenn. Dec. 15, 2010) (citing cases for the proposition that "it is generally appropriate to use the longer of the suggested class periods").

### B. Hollywood Police Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to claiming the largest financial interest, Hollywood Police has readily satisfied the "preliminary showing" that it is both typical and adequate under Rule 23. *Ford Motor Co.*, 2018 WL 783534, at *2.

As set forth in its opening brief (ECF 7 at PageID.76-77), Hollywood Police is typical because it purchased GM securities during the Class Period in reliance on Defendants' allegedly false and misleading statements. As a result, Hollywood Police suffered significant financial harm upon revelation of the truth and the accompanying price decline in GM securities. Therefore, because Hollywood Police's claims are based on the same facts and legal theories as those of the Class, the typicality requirement has been met. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (discussing typicality requirement).

Additionally, as set forth in its opening brief (ECF 7 at PageID.77-78), Hollywood Police likewise satisfies the adequacy requirement. Hollywood Police is adequate because its interests are squarely aligned with the Class and not antagonistic in any way. Further, Hollywood Police is highly incentivized to prosecute this Action on behalf of the Class based on its substantial financial interest. Finally, Hollywood Police has selected highly qualified counsel to represent the

Class, and based on its status as an institutional investor (*see* ECF 7 at PageID.78-79), is capable of monitoring said counsel to ensure the effective and efficient litigation of this Action. *See Am. Med. Sys.*, 75 F.3d at 1083 (discussing adequacy requirement).

On this last point, as a sophisticated institutional investor, Hollywood Police is precisely the type of investor envisioned by Congress, through the passage of the PSLRA, to lead securities class actions. *See City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.,* No. 1:10-cv-520, 2011 WL 13228127, at *1 (W.D. Mich. Jan. 3, 2011) ("The focus on the plaintiff with the largest financial interests reflects 'a clear congressional preference for institutional investors to serve as lead plaintiffs.'") (citation omitted). Accordingly, Hollywood Police possesses the resources and experience to successfully fulfil the fiduciary responsibilities of Lead Plaintiff.

In sum, as the unopposed movant claiming the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, Hollywood Police is the presumed "most adequate plaintiff" under the PLSRA. 15 U.S.C. § 78u-4(a)(3)(B). As the presumed "most adequate plaintiff," the PSLRA directs the Court to appoint Hollywood Police absent "***proof***" that it "will not fairly and adequately protect the interests of the class" or are "subject to unique defenses." *Id.* § 78u-4(a)(3)(B)(iii)(II). As no other movant has, or will be able to, provide

6

evidence sufficient to rebut the strong, statutory presumption of "most adequate plaintiff," Hollywood Police should be appointed as Lead Plaintiff.

### C.      Hollywood Police's Choice of Counsel Merits Approval

Finally, Hollywood Police's choice of Labaton as Lead Counsel for the Class and AsherKelly as Liaison Counsel for the Class merits approval.  As set forth in Hollywood Police's opening brief, Labaton is a nationally recognized securities litigation firm, and is thus highly qualified to serve the Class as Lead Counsel.  *See* ECF No. 7 at PageID.80-81; *see also* Labaton Firm Resume, ECF No. 7-6 at PageID.102-35.  Therefore, Hollywood Police respectfully request that the Court approve its selection of counsel.  S*ee Livonia Emps.' Ret. Sys. v. Talmer Bancorp, Inc.*, No. 16-cv-12229, 2016 WL 11549401, at *3 (E.D. Mich. Sept. 14, 2016) ("[A] court is encouraged to refrain from interfering with the choice of the 'lead counsel' unless it is necessary to 'protect the interests of the class.'") (citation omitted).

## II.     ALL OTHER MOTIONS SHOULD BE DENIED

Hollywood Police, as the unrebutted most adequate plaintiff under the PSLRA, is entitled to appointment as Lead Plaintiff.  Therefore, by virtue of the fact that Hollywood Police has satisfied the PSLRA's statutory criteria, all other motions should be denied.  *Cf. In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy

requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

## CONCLUSION

For the foregoing reasons, Hollywood Police respectfully requests that the Court grant its unopposed motion and enter an Order: (1) consolidating the above-captioned related actions; (2) appointing Hollywood Police as Lead Plaintiff; (3) approving its selection of Labaton as Lead Counsel for the Class and AsherKelly as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: February 20, 2024

Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

*/s/ Francis P. McConville*
Francis P. McConville
Eric Belfi
Guillaume Buell
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
fmcconville@labaton.com
ebelfi@labaton.com
gbuell@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

Matthew Henzi
Cynthia Billings-Dunn
AsherKelly

8

25800 Northwestern Highway, Suite 1100
Southfield, Michigan 48075
Tel: (248) 746-2710
mhenzi@asherkellylaw.com
cbdunn@asherkellylaw.com

*Counsel for Proposed Lead Plaintiff and Proposed Liaison Counsel for the Class*

Robert D. Klausner
Stuart Kaufman
Klausner, Kaufman, Jensen & Levinson
7080 Northwest 4th Street
Plantation, Florida 33317
Tel: (954) 916-1202
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Proposed Lead Plaintiff*

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, I authorized the electronic filing of the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

*s/ Francis P. McConville*
Francis P. McConville