**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| IN RE GENERAL MOTORS COMPANY SECURITIES LITIGATION | ) Case No.  4:23-cv-13132-SDK-EAS<br>)<br>) District Judge Shalina D. Kumar<br>)<br>) Magistrate Judge Elizabeth A. Stafford<br>)<br>) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL MATERIAL**

Pursuant to Section J of Your Honor's Motion Practice Guidelines, Plaintiffs submit this Notice of Supplemental Material to bring to the Court's attention the announcement of a settlement between Defendant Cruise and the US Department of Justice, in which Cruise makes substantial admissions relevant to the allegations in this case and Plaintiffs' opposition to Defendants' motions to dismiss (ECF No. 39).

Defendants (1) misrepresented the capabilities of Cruise's autonomous vehicle ("AV") technology, and (2) concealed that, following a crash, a Cruise AV brutally dragged a pedestrian down the street. ECF No. 23 ¶¶259-364. The dragging incident partially revealed that Cruise AVs were not ready for commercial use and could not reliably perform even the most basic legal requirement of reaching a safe stopped position after an accident. *See e.g., id.* ¶¶ 86, 195-97, 364. Defendants disseminated misleading video and statements claiming the AV "***came to a complete stop***," without disclosing the dragging incident. *Id.* ¶¶ 356-64. As Defendants spun publicly this false narrative, they misled regulators in the same way. *Id.* ¶¶ 239-48.

As of the filing of the complaint, the public record concerning Defendants' knowing deceit was staggering – for example: (1) Cruise publicly "accepted" the conclusions of an internal investigation that detailed Defendants' knowing misconduct (*id.* ¶¶ 431-35); (2) Cruise's CEO, Defendant Vogt, resigned due to the incident (*id.* 254-55); and (3) and an administrative law judge ruled that Cruise made "[p]ublic [m]isrepresentations" and "misled" the DMV about the crash (*id.* ¶248).

*Yesterday*, the public record was substantially supplemented by the announcement of a settlement between Cruise and the United States Department of Justice (attached as Exhibit A). In that settlement, Cruise "has agreed to resolve a ***criminal charge*** in federal court for providing a false record to National Highway Traffic Safety Administration (NHTSA) with the intent to impede, obstruct, or influence the investigation of" the crash. Therein, in addition to agreeing to a criminal fine, Cruise "***admits and accepts responsibility for the charge in the information***" and admits that it "filed a report with NHTSA describing the accident that omitted reference to the secondary movement and dragging." This news followed a September 26, 2024, Consent Order (attached as Exhibit B), in which "NHTSA asserted that Cruise was aware of the Cruise vehicle's post-crash behavior, including the dragging of the pedestrian, at the time the required one-day and ten-day reports were filed, but omitted that material information from the reports."

Plaintiffs' claims concerning the crash should be sustained regardless of this new admission by Cruise.[1] Plaintiffs do not submit this material to directly supplement their pleadings. However, in opposing Defendants' motions to dismiss, Plaintiffs requested an opportunity to amend *if* any claim is dismissed. ECF No. 39

---

[1] Indeed, Defendants do not challenge "falsity" or their "knowledge," and dispute scienter only based on a meritless theory that Plaintiffs must show motive, despite controlling law holding that alleging motive is not required (ECF No. 39 at 60), and that scienter is satisfied by allegations of "knowledge or recklessness" (*id.* at 35).

2

at 69.  Plaintiffs bring Defendants' recent admissions to the Courts attention,[2] so that the Court may consider them, if it needs to reach the issue of whether any dismissal should be without prejudice.  Defendants' admissions in the settlement of criminal charges would substantially bolster Plaintiffs' allegations of scienter.

DATED: November 15, 2024                    Respectfully submitted,

*/s/ Jake Bissell-Linsk*
Carol C. Villegas (N.Y.  4154324)
Jake Bissell-Linsk (N.Y.  5445911)
Guillaume Buell (N.Y.  4820288)
Matthew J. Grier (N.Y.  5502216)
Adam Federer (N.Y. 5574439)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
cvillegas@labaton.com
jbissell-linsk@labaton.com
gbuell@labaton.com
mgrier@labaton.com
afederer@labaton.com

*Lead Counsel for Lead Plaintiff*
*City of Hollywood Police Officers'*
*Retirement System and the Proposed Class,*
*and additional named plaintiff Plymouth*
*County Retirement Association*

---

[2]  "The Court may take judicial notice of information posted on official public websites of government agencies."  *Ahmed v. Blinken*, No. 23-11860, 2024 WL 4172525, at *5 (E.D. Mich. Sept. 12, 2024) (citation omitted).

Matthew Henzi
Cynthia Billings-Dunn
**ASHER KELLY PLLC**
25800 Northwestern Highway, Suite 1100
Southfield, Michigan 48075
Telephone: (248) 746-2710
mhenzi@asherkellylaw.com
cbdunn@asherkellylaw.com

*Liaison Counsel for Lead Plaintiff*
*City of Hollywood Police Officers'*
*Retirement System and the Proposed Class*


Robert D. Klausner
Stuart Kaufman
**KLAUSNER, KAUFMAN, JENSEN &**
**LEVINSON**
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Lead Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

DATED: November 15, 2024                Respectfully submitted,

*/s/ Jake Bissell-Linsk*
Jake Bissell-Linsk (N.Y. 5445911)