# Exhibit B

**UNITED STATES DEPARTMENT OF TRANSPORTATION**
**NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION**
1200 New Jersey Avenue SE
Washington, DC 20590

| | |
|---|---|
| **In re:** | ) |
| | ) |
| **Cruise, LLC** | ) |
| **Standing General Order 2021-01 Reporting** | ) |
| | ) |

## CONSENT ORDER

This Consent Order is issued pursuant to the authority of the National Highway Traffic Safety Administration ("NHTSA"), an operating administration of the U.S. Department of Transportation. This Consent Order sets forth the requirements and performance obligations agreed to by Cruise, LLC ("Cruise") under the following terms and conditions.

### I. NATURE OF THE ACTION

1. The National Traffic and Motor Vehicle Safety Act of 1966, as amended and recodified (the "Safety Act"), 49 U.S.C. Chapter 301, provides for regulation of motor vehicles and motor vehicle equipment by the Secretary of Transportation ("the Secretary"). The Secretary has delegated the authorities under the Safety Act to the NHTSA Administrator. 49 C.F.R. § 1.95(a). All authorities lawfully vested and reserved to the NHTSA Administrator may be exercised by the NHTSA Deputy Administrator. *See* 49 C.F.R. § 501.5(a).

2. NHTSA issued Standing General Order 2021-01 (the "Standing General Order") on June 29, 2021, requiring named manufacturers and operators of motor vehicles and manufacturers of motor vehicle equipment to report specified crashes involving vehicles equipped with Automated Driving Systems ("ADS") or Level 2 Advanced Driver Assistance Systems. *See* 49 U.S.C. § 30166(g).

3. The currently operative Standing General Order, amended April 5, 2023, requires

entities subject to the Standing General Order to report specified crashes within one calendar day of receiving notice of the crash and provide an updated report on the tenth calendar day. An updated report is also due by the fifteenth day of the month following any month in which the entity receives any material new or materially different information about a previously reported crash.

4. A report under the Standing General Order must contain required information, as specified in the Incident Report Form at Appendix C of the Standing General Order. The required information includes a narrative of the incident. For the narrative field, the Incident Report Form instructs, in relevant part: "Provide a written description of the pre-crash, crash, and post-crash details, including the direction(s) of travel."

5. As an order issued pursuant to 49 U.S.C. § 30166, a person who violates the Standing General Order is liable to the United States Government for a civil penalty. *See* 49 U.S.C. § 30165(a)(3); 49 C.F.R. § 578.6(a). A separate violation occurs for each day a person fails or refuses to allow or perform a required act. *See* 49 U.S.C. § 30165(a)(3); 49 C.F.R. § 578.6(a)(3).

6. Cruise is a manufacturer of ADS, which is motor vehicle equipment, and an operator of ADS-equipped vehicles. At all times relevant, Cruise was subject to the Standing General Order and remains subject to the Standing General Order.

7. Cruise is a person within the meaning of 49 U.S.C. § 30165.

8. On October 2, 2023, a pedestrian was struck by a hit and run vehicle in a lane adjacent to a Cruise vehicle operating without a human driver. This first impact with the non-Cruise vehicle propelled the pedestrian into the path of the Cruise vehicle. The Cruise vehicle subsequently braked but was unable to avoid colliding with the pedestrian. As a result of this impact, the pedestrian fell underneath the Cruise vehicle. After initially coming to a stop after

2

this collision, the Cruise vehicle resumed movement, dragging the pedestrian for approximately 20 feet before coming to a final stop.

9.     The October 2, 2023 crash required a one-day report under the Standing General Order and on October 3, 2023, Cruise filed a one-day report for the incident. That same day, and prior to submission of the one-day report, Cruise provided NHTSA with a video recording of the incident, including pre-crash, crash, and post-crash video. However, the one-day report did not include a description in the narrative of the vehicle's behavior after initially coming to a stop and, as such, did not disclose that the Cruise vehicle had dragged the pedestrian.

10.     On October 11, 2023, Cruise filed a required ten-day report under the Standing General Order for the October 2 incident. This report also did not include a description in the narrative about the vehicle's behavior after initially coming to a stop.

11.     On November 3, 2023, Cruise filed an updated report under the Standing General Order for the October 2 incident. This was the first report Cruise submitted under the Standing General Order describing the vehicle's additional post-crash movement after initially coming to a stop, including the dragging of the pedestrian.

12.     NHTSA asserted that Cruise's one-day and ten-day reports regarding the October 2 incident did not comply with the requirements of the Standing General Order. Specifically, NHTSA asserted that Cruise was aware of the Cruise vehicle's post-crash behavior, including the dragging of the pedestrian, at the time the required one-day and ten-day reports were filed, but omitted that material information from the reports.

13.     Cruise represented that it has conducted a reasonable review, in good faith, of all of its past reports under the Standing General Order (beyond the reports relating to the October 2 incident) and provided additional necessary details in four reports about the ADS and the incident. These incidents involve low-speed crashes in which no severe injury or fatality

3

occurred. Cruise has amended its reports for these incidents in accordance with Paragraph 17 of this Consent Order.

14.     To administratively resolve these issues, NHTSA and Cruise have mutually agreed to this Consent Order.

15.     NHTSA issues this Consent Order pursuant to its authority under the Safety Act, 49 U.S.C. Chapter 301, to compromise the amount of civil penalties, 49 U.S.C. § 30165(b), to inspect and investigate, *id.* § 30166(b)(1), and to require any person to file reports or answers to specific questions, *id.* § 30166(e).

It is AGREED by Cruise and ORDERED by NHTSA that the following provisions apply.

## II.     TERMS AND CONDITIONS OF CONSENT ORDER

16.     Cruise must pay a civil penalty in the sum of one million five hundred thousand dollars ($1,500,000) within thirty (30) calendar days after the Effective Date of this Consent Order in accordance with instructions provided by NHTSA.

17.     Cruise represents that it has conducted a reasonable, good faith inquiry of each of its prior reports under the Standing General Order and, as described in paragraph 13 above, identified four reports which it has amended to add necessary details regarding the role or performance of the ADS in the incident to ensure that the descriptions of the pre-crash, crash, and post-crash details of the crash are complete. As referenced in Paragraph 13, this review resulted in four amended Standing General Order reports (SGO Report Nos. 30412-3748-3, 30412-3978-3, 30412-6039-2, and 30412-6180-2), copies of which are attached as an Exhibit to this Consent Order.

18.     Upon receipt of the civil penalty described in Paragraph 16 and upon expiration of the Consent Order (including any extension), Cruise, including its current and former directors, officers, employees, agents, successors, and assigns, will be deemed released from liability for

4

civil penalties pursuant to 49 U.S.C. § 30165 in connection with any and all violations of the Safety Act, and regulations and orders thereunder, from the inception of the Safety Act through the Effective Date of this Consent Order, relating to all Standing General Order reports filed up to the Effective Date of this Consent Order.

19.     Nothing in this Consent Order should be interpreted as affecting any current or future investigation or action which may involve Cruise vehicles, including but not limited to NHTSA's ongoing investigation of Cruise's ADS in Preliminary Evaluation No. 23-018.

20.     Nothing in this Consent Order discharges Cruise from any obligation to comply with the Safety Act or regulations or orders thereunder.

21.     This Consent Order does not release Cruise from liabilities, if any, that may be asserted by the United States, the U.S. Department of Transportation, NHTSA, or any governmental entity, other than the civil penalty liability under 49 U.S.C. § 30165 as described in Paragraph 18.

**Standing General Order Reporting**

22.     Within sixty (60) calendar days of the Effective Date of this Consent Order, Cruise must submit to NHTSA a Corrective Action Plan regarding compliance with the Standing General Order. This Corrective Action Plan must describe any planned or implemented improvements in procedures, training, and practices that are intended to facilitate Cruise's compliance with its legal obligations to report crashes under the Standing General Order, including but not limited to promoting objective reporting of incidents by ensuring facts are presented in a way that describes the role or performance of the ADS related to the incident. Cruise will incorporate any reasonable feedback from NHTSA and thereafter submit a revised Corrective Action Plan within thirty (30) calendar days after it receives any such feedback from NHTSA in writing.

**Operational Safety Reporting**

23.     *Reporting on Operations.* Cruise must submit a written report within 60 calendar days of the Effective Date of this Consent Order and every 90 calendar days thereafter, with information regarding the scope of Cruise's operations. This report must describe the current and projected scope of operations involving Cruise vehicles, including the role of Cruise's ADS in those operations. Each written report must include specific categories of information about the extent of Cruise's operations over the prior reporting period. Specifically, this information must identify for the prior reporting period, segregated by each zip code in which Cruise operated during the reporting period: the total number of Cruise vehicles that operated, the total vehicle miles traveled, and the mode of operations of the Cruise vehicles.[1] While this Consent Order is in effect, NHTSA and Cruise will coordinate the time period for the information covered by a reporting period.

24.     *Reporting on Software Updates.* Cruise must submit a report of ADS software updates every ninety (90) calendar days after the Effective Date of this Consent Order. This report must contain a summary of each material update to Cruise's ADS software that was issued during the prior reporting period which is expected to affect ADS operations. During the term of this Consent Order, NHTSA and Cruise will coordinate and mutually agree on the specific scope of software updates reported under this paragraph and the time period for the information covered by a reporting period.

25.     *Reporting on Traffic Compliance.* Cruise must submit a report every ninety (90) calendar days after the Effective Date of this Consent Order describing material known traffic violations committed by Cruise vehicles operating with the ADS engaged. This report must

---

[1] Examples of modes of operations may include operations with the ADS engaged and with a fallback safety operator, operations with the ADS engaged and without a fallback safety operator, and operations without the ADS engaged.

6

include both actual citations and observed violations. During the term of this Consent Order, NHTSA and Cruise will coordinate and mutually agree on the specific scope for reporting observed violations under this paragraph and the time period for the information covered by a reporting period.

26. *Reporting on Safety Framework.* Cruise must submit a report every ninety (90) calendar days after the Effective Date of this Consent Order regarding the framework used by Cruise to assess the safety of its operations, including any benchmarks used to assess the performance of the ADS. This report must include Cruise's evaluation of the company's progress in meeting benchmarks that Cruise determines are necessary prerequisites for maintaining or expanding ADS operations, as well as any benchmarks that Cruise determines would require a contraction of Cruise's ADS operations. As part of this evaluation, this report must include the specific metrics (and relevant thresholds for those metrics) used by Cruise to assess safety performance, such as the safety performance indicators used in Cruise's operational safety assessments. NHTSA expects that these metrics may differ depending on the stage of Cruise's ADS operations. As such, during the term of this Consent Order, Cruise and NHTSA will coordinate and mutually agree on the specific operational safety metrics to use for reporting under this paragraph and the time period for the information covered by a reporting period.

27. At NHTSA's option and following reasonable notice, NHTSA may require any or all of the reports described in Paragraphs 23-26 to be submitted every sixty (60) calendar days.

28. *Final Report.* Ninety (90) calendar days prior to the scheduled end of the base term of this Consent Order, Cruise must submit a written report describing Cruise's compliance with all requirements of this Consent Order. This final report must describe the status of all corrective actions identified in the Corrective Action Plan specified in Paragraph 22, assess the safety performance of Cruise's ADS system during the term of the Consent Order, and describe

the framework, including safety metrics, by which Cruise anticipates evaluating the scope and performance of ADS operations after the expiration of the Consent Order.

**Meetings**

29.     *Opening Meeting.* Cruise must meet, either virtually or in person, with NHTSA within thirty (30) calendar days of the Effective Date of this Consent Order. This meeting will serve as an opening meeting for the Consent Order, during which the parties will address any organizational or logistical matters necessary for implementation. As part of this meeting, Cruise must provide an overview of the current state of Cruise operations and any changes to those operations that are expected over the first reporting period of this Consent Order. In addition, in this meeting, Cruise must propose the scope of software updates to use for reporting under Paragraph 24, as well as the operational safety metrics to use for reporting under Paragraph 26.

30.     *Quarterly Meetings*. During the term of this Consent Order, Cruise must meet with NHTSA, either virtually or in person, every ninety (90) calendar days to discuss the progress of the requirements of this Consent Order; overview the reporting on operations, software, and safety metrics; and address any other issues or concerns raised by either party. If one or more such meetings fails to occur due to circumstances beyond Cruise's control, the meeting omission will not be deemed a violation of this Consent Order by Cruise. Cruise represents that representatives of General Motors LLC will attend and participate in meetings held pursuant to this paragraph. At NHTSA's option and following reasonable notice, NHTSA may require the meeting described in this paragraph to be held every sixty (60) calendar days.

31.     *Closing Meeting.* Cruise must meet, either virtually or in person, with NHTSA at least sixty (60) calendar days prior to the expiration of the base term of the Consent Order. This meeting will serve as a closing meting for the base term of the Consent Order. In this meeting, Cruise must overview the matters covered in the Final Report required under Paragraph 28, as

8

well as address any other issues raised by either party relating to Cruise's compliance with the Consent Order or Standing General Order.

### III. TERM OF THE CONSENT ORDER

32. Unless otherwise specified, the base term of the Consent Order is two years from the Effective Date of this Consent Order; provided, however, that NHTSA may extend some or all of the terms of this Consent Order for up to an additional year if NHTSA reasonably finds that an extension is warranted. If NHTSA finds that an extension is warranted, it must provide Cruise with written notice of the extension and the factual basis for its determination that an extension is warranted at least thirty (30) calendar days prior to the expiration of the base term of the Consent Order.

### IV. AMENDMENT

33. This Consent Order cannot be modified, amended, or waived except by an instrument in writing signed by all parties, and no provision may be modified, amended, or waived other than by a writing setting forth such modification, amendment, or waiver.

34. The parties may agree, without need for an amendment as specified in Paragraph 33, to reasonable changes to specified report or meeting dates, schedules, or meeting cadences.

### V. MISCELLANEOUS

35. Cruise must use its reasonable best efforts to take all actions and to do all things necessary to comply with this Consent Order, and to cooperate with NHTSA in carrying out the requirements of this Consent Order.

36. Cruise represents that General Motors LLC has committed to using its reasonable best efforts to support Cruise's actions to carry out this Consent Order and otherwise cooperate to the extent any aspect of this Consent Order affects Cruise operations for which General Motors LLC maintains involvement.

37.     Nothing in this Consent Order may be interpreted or construed in a manner inconsistent with, or contravening, any federal law, rule, or regulation at the time of the execution of this Consent Order, or as amended thereafter.

38.     The parties will each bear their own respective attorneys' fees, costs, and expenses.

39.     This Consent Order is effective upon its full execution by all individuals and parties listed as signatories below ("Effective Date"). Any breach of the obligations under this Consent Order may, at NHTSA's option, be immediately enforceable in any United States District Court. Cruise agrees that it will not raise any objection as to venue.

40.     In the event of Cruise's breach of, or failure to perform, any term of this Consent Order, NHTSA reserves the right to pursue any and all appropriate administrative and/or judicial remedies, including, but not limited to, assessing interest for untimely civil penalty payments and/or commencing litigation to enforce this Consent Order in any United States District Court.

41.     This Consent Order was negotiated and prepared by both NHTSA and Cruise. If any of the provisions in this Consent Order require a court's interpretation, no ambiguity will be construed against the drafter.

42.     The parties who are the signatories to this Consent Order have the legal authority to enter into this Consent Order, and each party has authorized its undersigned to execute this Consent Order on its behalf.

43.     In any legal action between the parties concerning the enforceability of this Consent Order, Cruise expressly waives any and all defenses and agrees not to plead, argue, or otherwise raise any defenses other than (i) that the payment civil penalty in Paragraph 16 was made, if applicable, and/or (ii) that Cruise has substantially complied with the Safety Act, regulations, and orders thereunder, and the terms of this Consent Order during the term of this

10

Consent Order.

44. This Consent Order is binding upon, and inures to the benefit of, Cruise and its current and former directors, officers, employees, agents, parents, subsidiaries, affiliates, successors, and assigns. Cruise agrees to waive any and all defenses that may exist or arise in connection with any person or entity succeeding to the interests or obligations herein, including as a result of any changes to the corporate structure or relationships among or between Cruise and any of its parents, subsidiaries, or affiliates.

45. Should any condition or other provision contained herein be held invalid, void, or illegal by any court of competent jurisdiction, it may be severed from the remainder of this Consent Order and will in no way affect, impair, or invalidate any other provision of this Consent Order.

46. This Consent Order does not create rights in, or grant any cause of action to, any third party not a party to this Consent Order.

47. This Consent Order may be executed in counterparts, each of which is effective as an original signature.

48. This Consent Order is a fully integrated agreement and will in all respects be interpreted, enforced, and governed under the federal law of the United States. This Consent Order, which is fully incorporated herein, sets forth the entire agreement between the parties with regard to the subject matter hereof. There are no promises, agreements, or conditions, express or implied, other than those set forth in this Consent Order.

[SIGNATURE PAGES FOLLOW]

11

APPROVED AND ORDERED:

NATIONAL HIGHWAY TRAFFIC SAFETY
  ADMINISTRATION,
U.S. DEPARTMENT OF TRANSPORTATION

Dated: September 26, 2024      By:   SOPHIE M SHULMAN
                                     Digitally signed by SOPHIE M SHULMAN
                                     Date: 2024.09.26 16:34:06 -04'00'

Sophie Shulman
Deputy Administrator

Dated: September 26, 2024      By:   ADAM RAVIV
                                     Digitally signed by ADAM RAVIV
                                     Date: 2024.09.26 15:38:27 -04'00'

Adam Raviv
Chief Counsel

Dated: September 26, 2024      By:   KERRY ELIZABETH KOLODZIEJ
                                     Digitally signed by KERRY ELIZABETH KOLODZIEJ
                                     Date: 2024.09.26 15:31:59 -04'00'

Kerry Kolodziej
Assistant Chief Counsel for
  Litigation and Enforcement

Dated: September 26, 2024      By:   HUNTER BRADLEY OLIVER
                                     Digitally signed by HUNTER BRADLEY OLIVER
                                     Date: 2024.09.26 15:30:13 -04'00'

Hunter Oliver
Senior Trial Attorney

AGREED:

CRUISE, LLC

Dated: _September 26, 2024_____   By: ████████████

Craig Glidden
President and Chief Administrative Officer
Cruise, LLC

Dated: September 26, 2024_____   By: ████████████

Erika Jones
Mayer Brown LLP
Counsel to Cruise, LLC

13

**EXHIBIT**

Amended Standing General Order Report
Nos. 30412-3748-3, 30412-3978-3, 30412-6039-2, and 30412-6180-2

**Cruise LLC**

OMB No. 2127-0754. Expires: 3/31/2026.

UNITED STATES DEPARTMENT OF
TRANSPORTATION
NATIONAL HIGHWAY TRAFFIC SAFETY
ADMINISTRATION
Standing General Order 2021-01
Appendix C - Incident Report

REPORT TYPE

Update

REPORT MONTH & YEAR

NHTSA PROVIDED REPORT ID

30412 3748 3

THIS REPORT IS AN UPDATE TO: 3748

## Subject Vehicle Information

VIN and/or S/N (N/A  Not applicable)    ☐ UNK

VIN 5G21A6P07N █████

S/N N/A

OTHER ENTITIES THAT MAY BE AWARE OF THIS INCIDENT    ☐ UNK  ☐ N/A

General Motors, LLC

MAKE        MODEL    ☐ UNK

Cruise      AV

MODEL YEAR ☐ UNK   MILEAGE  ☐ UNK

2022                 8598

DRIVER / OPERATOR TYPE

In-Vehicle and Remote (Commercial / Test)

ADS EQUIPPED?

Yes

OPERATING ENTITY    ☐ UNK

Cruise LLC

AUTOMATION SYSTEM ENGAGED AT THE TIME OF THE INCIDENT

ADS

FEDERAL STATUTORY OR REGULATORY EXEMPTION?    ☐ UNK  ☑ NO

--- Select all that apply ---

STATE OR LOCAL PERMIT?

Yes (specify below)

STATE OR LOCAL PERMIT

CA

ADAS / ADS SYSTEM VERSION    ☐ UNK  ☑ CBI

[REDACTED CONFIDENTIAL BUSINESS INFORMA]

ADAS / ADS SYSTEM HARDWARE VERSION    ☐ UNK  ☐ CBI

ADAS / ADS SOFTWARE VERSION    ☐ UNK  ☐ CBI

## Incident Information

SOURCE

☐ Complaint / Claim   ☐ Law Enforcement   ☐ Other:

☑ Telematics          ☑ Testing

☑ Field Report        ☐ Media

INCIDENT DATE    ☐ UNK

09/██/2022

NOTICE RECEIVED DATE

09/██/2022

INCIDENT TIME (24 hour format)    ☐ UNK

18:46

## Incident Scene

LATITUDE (decimal)  ☐ UNK    LONGITUDE (decimal)  ☐ UNK    LOCATION ADDRESS / DESCRIPTION  ☐ UNK    CITY  ☐ UNK    STATE    ZIP CODE  ☐ UNK

████      ████      ████      San Francisco    CA    ████

ROADWAY TYPE

Street

ROADWAY DESCRIPTION

No Unusual Conditions

LIGHTING

Daylight

SURFACE CONDITION

Dry

SPEED LIMIT (mph)    ☐ UNK

25

WEATHER

☑ Clear       ☐ Snow          ☐ Unknown

☐ Cloudy      ☐ Fog / Smoke   ☐ Other:

☐ Rain        ☐ Severe Wind

## Crash Description

| CRASH WITH | HIGHEST INJURY SEVERITY ALLEGED | PROPERTY DAMAGE? |
|---|---|---|
| Motorcycle | Minor | Yes |

| SUBJECT VEHICLE | | CRASH WITH  Motorcycle | |
|---|---|---|---|
| GENERAL DAMAGE / CONTACT AREA | PRE CRASH MOVEMENT | PRE CRASH MOVEMENT | GENERAL DAMAGE / CONTACT AREA |
| | Proceeding Straight | Changing Lanes | |
| | ANY AIR BAGS DEPLOYED? | ANY AIR BAGS DEPLOYED? | |
| TOP / BOTTOM | No | Not Applicable | TOP / BOTTOM |
| ☐ UNK | WAS VEHICLE TOWED? | WAS VEHICLE TOWED? | ☐ UNK |
| | No | No | |

| PRE CRASH SPEED (mph)  ☐ UNK | WERE ALL PASSENGERS BELTED? |
|---|---|
| 7 | Yes |

## Post-Crash Information

**DATA AVAILABILITY**
- ☑ EDR
- ☑ Telematics
- ☑ Video
- ☐ Police Report
- ☑ Complaints
- ☑ Other
- ☐ No Data
- ☐ Unknown

LAW ENFORCEMENT INVESTIGATING?  No

INVESTIGATING AGENCY  ☐ UNK

INVESTIGATOR NAME  ☐ UNK

INVESTIGATOR PHONE  ☐ UNK  (XXX) XXX XXXX

INVESTIGATOR EMAIL  ☐ UNK

REPORTING ENTITY OR MANUFACTURER INVESTIGATING?  Yes

☑ CBI

WAS VEHICLE WITHIN ITS ODD AT THE TIME OF THE INCIDENT? (Public Version)
[REDACTED CONFIDENTIAL BUSINESS INFORM

## Narrative

Provide a written description of the pre crash, crash, and post crash details, including the direction(s) of travel, if known  Provide explanations for any responses indicating see Narrative  List all ADAS or ADS features engaged prior to the incident, describe any ADAS or ADS feature disengagements leading up to the incident, and provide reasons for the disengagements, if known  Indicate if this is an update to a previously submitted report and, if so, provide the previous report's REPORT ID  If you selected Media as a source in the Incident Information section, provide the URL or reference  Provide any other available information

NARRATIVE  ☐ CBI

Cruise autonomous vehicle ("Cruise AV"), operating in supervised autonomous mode, was traveling westbound on ███████ between ███████ and ███████  At the same time, a motorcyclist approaching from the rear began to merge into the Cruise AV's lane behind the Cruise AV  As the motorcycle approached the AV's rear, the AV braked and the motorcycle subsequently made contact with the Cruise AV's rear passenger side bumper, damaging the motorcycle's front fender  The driver of the motorcycle reported minor injuries and police were not called

2942 characters remaining

PAPERWORK REDUCTION ACT STATEMENT: A federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with, a collection of information subject to the requirements of the Paperwork Reduction Act unless that collection of information displays a current valid OMB Control Number. NHTSA estimates that completing and submitting this form will take between 15 minutes and 2 hours. The OMB Control Number for this information collection is 2127-0754. Expires: 3/31/2026. This information collection and Standing General Order 2021-01 requires manufacturers and operators of vehicles equipped with ADS or Level 2 ADAS to report certain crashes to NHTSA. The data will help the agency understand the extent to which incidents are potentially a result of safety defects, including whether manufacturers have failed to appropriately design their systems based on their foreseeable misuse.

**Cruise LLC**

OMB No. 2127-0754. Expires: 3/31/2026.

UNITED STATES DEPARTMENT OF
TRANSPORTATION
NATIONAL HIGHWAY TRAFFIC SAFETY
ADMINISTRATION
Standing General Order 2021-01
Appendix C - Incident Report

REPORT TYPE
Update

REPORT MONTH & YEAR

NHTSA PROVIDED REPORT ID
30412 3978 3

THIS REPORT IS AN UPDATE TO: 3978

## Subject Vehicle Information

VIN and/or S/N (N/A  Not applicable)   ☐ UNK

VIN 5G21A6P00N▮▮▮

S/N N/A

OTHER ENTITIES THAT MAY BE AWARE OF THIS INCIDENT   ☐ UNK   ☐ N/A

General Motors, LLC

MAKE
Cruise

MODEL   ☐ UNK
AV

MODEL YEAR ☐ UNK
2022

MILEAGE   ☐ UNK
3341

DRIVER / OPERATOR TYPE
Remote (Commercial / Test)

OPERATING ENTITY   ☐ UNK
Cruise LLC

FEDERAL STATUTORY OR REGULATORY EXEMPTION?   ☐ UNK   ☑ NO
--- Select all that apply ---

ADS EQUIPPED?
Yes

AUTOMATION SYSTEM ENGAGED AT THE TIME OF THE INCIDENT
ADS

STATE OR LOCAL PERMIT?
Yes (specify below)

STATE OR LOCAL PERMIT
CA

ADAS / ADS SYSTEM VERSION   ☐ UNK   ☑ CBI
[REDACTED CONFIDENTIAL BUSINESS INFORMA

ADAS / ADS SYSTEM HARDWARE VERSION   ☐ UNK   ☐ CBI

ADAS / ADS SOFTWARE VERSION   ☐ UNK   ☐ CBI

## Incident Information

SOURCE
☐ Complaint / Claim   ☐ Law Enforcement   ☐ Other:
☑ Telematics   ☐ Testing
☑ Field Report   ☐ Media

INCIDENT DATE   ☐ UNK
09▮/2022

NOTICE RECEIVED DATE
09▮/2022

INCIDENT TIME (24 hour format)   ☐ UNK
05:14

## Incident Scene

LATITUDE (decimal)   ☐ UNK
▮▮▮

LONGITUDE (decimal)   ☐ UNK
▮▮▮

LOCATION ADDRESS / DESCRIPTION   ☐ UNK
▮▮▮

CITY   ☐ UNK
San Francisco

STATE
CA

ZIP CODE   ☐ UNK
▮▮▮

ROADWAY TYPE
Street

SURFACE CONDITION
Dry

ROADWAY DESCRIPTION
No Unusual Conditions

SPEED LIMIT (mph)   ☐ UNK
25

LIGHTING
Dark - Lighted

WEATHER
☑ Clear   ☐ Snow   ☐ Unknown
☐ Cloudy   ☐ Fog / Smoke   ☐ Other:
☐ Rain   ☐ Severe Wind

## Crash Description

| CRASH WITH | HIGHEST INJURY SEVERITY ALLEGED | PROPERTY DAMAGE? |
|---|---|---|
| Passenger Car | No Injuries Reported | Yes |

### SUBJECT VEHICLE | CRASH WITH  Passenger Car

**GENERAL DAMAGE / CONTACT AREA**
TOP
BOTTOM
☐ UNK

| PRE CRASH MOVEMENT | PRE CRASH MOVEMENT |
|---|---|
| Other, see Narrative | Proceeding Straight |

| ANY AIR BAGS DEPLOYED? | ANY AIR BAGS DEPLOYED? |
|---|---|
| No | No |

| WAS VEHICLE TOWED? | WAS VEHICLE TOWED? |
|---|---|
| No | No |

**GENERAL DAMAGE / CONTACT AREA**
TOP
BOTTOM
☐ UNK

**PRE CRASH SPEED (mph)** ☐ UNK
0

**WERE ALL PASSENGERS BELTED?**
No Passengers in Vehicle

## Post-Crash Information

**DATA AVAILABILITY**
- ☑ EDR
- ☐ Complaints
- ☑ Telematics
- ☑ Other
- ☑ Video
- ☐ No Data
- ☐ Police Report
- ☐ Unknown

| LAW ENFORCEMENT INVESTIGATING? | INVESTIGATING AGENCY | ☐ UNK |
|---|---|---|
| Yes | San Francisco Police Depart | |

INVESTIGATOR NAME  ☐ UNK
████████████

INVESTIGATOR PHONE  ☑ UNK
(XXX) XXX XXXX

INVESTIGATOR EMAIL  ☑ UNK

**REPORTING ENTITY OR MANUFACTURER INVESTIGATING?**
Yes

☑ CBI

**WAS VEHICLE WITHIN ITS ODD AT THE TIME OF THE INCIDENT? (Public Version)**
[REDACTED CONFIDENTIAL BUSINESS INFORM

## Narrative

Provide a written description of the pre crash, crash, and post crash details, including the direction(s) of travel, if known  Provide explanations for any responses indicating see Narrative  List all ADAS or ADS features engaged prior to the incident, describe any ADAS or ADS feature disengagements leading up to the incident, and provide reasons for the disengagements, if known  Indicate if this is an update to a previously submitted report and, if so, provide the previous report's REPORT ID  If you selected Media as a source in the Incident Information section, provide the URL or reference  Provide any other available information

NARRATIVE  ☐ CBI

A Cruise autonomous vehicle ("Cruise AV"), operating in driverless autonomous mode, was traveling eastbound on ███ between ███████ and ██████  The Cruise AV approached a semi trailer truck that was stopped in the left lane of traffic  The Cruise AV stopped before maneuvering into the bus and taxi lane to pass the semi trailer truck  After slowly maneuvering around the semi trailer truck and merging back into the left lane of traffic, the Cruise AV braked, coming to a complete stop, and a Honda Accord traveling behind the Cruise AV attempted to pass the Cruise AV and made contact with the Cruise AV, damaging the rear passenger side bumper of the Cruise AV  The driver of the Honda Accord left the scene without exchanging information  There were no reported injuries

2699 characters remaining

PAPERWORK REDUCTION ACT STATEMENT: A federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with, a collection of information subject to the requirements of the Paperwork Reduction Act unless that collection of information displays a current valid OMB Control Number. NHTSA estimates that completing and submitting this form will take between 15 minutes and 2 hours. The OMB Control Number for this information collection is 2127-0754. Expires: 3/31/2026. This information collection and Standing General Order 2021-01 requires manufacturers and operators of vehicles equipped with ADS or Level 2 ADAS to report certain crashes to NHTSA. The data will help the agency understand the extent to which incidents are potentially a result of safety defects, including whether manufacturers have failed to appropriately design their systems based on their foreseeable misuse.

**Cruise LLC**

OMB No. 2127-0754. Expires: 3/31/2026.

UNITED STATES DEPARTMENT OF TRANSPORTATION
NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION
Standing General Order 2021-01
Appendix C - Incident Report

**REPORT TYPE**
Update

**REPORT MONTH & YEAR**

**NHTSA PROVIDED REPORT ID**
30412 6039 2

THIS REPORT IS AN UPDATE TO: 6039

## Subject Vehicle Information

VIN and/or S/N (N/A  Not applicable)    ☐ UNK
VIN 5G21A6P03P█████
S/N N/A

OTHER ENTITIES THAT MAY BE AWARE OF THIS INCIDENT    ☐ UNK    ☐ N/A
General Motors, LLC ▾

MAKE
Cruise

MODEL    ☐ UNK
AV

MODEL YEAR ☐ UNK    MILEAGE    ☐ UNK
2023                 4336

DRIVER / OPERATOR TYPE
Remote (Commercial / Test)

OPERATING ENTITY    ☐ UNK
Cruise LLC

FEDERAL STATUTORY OR REGULATORY EXEMPTION?    ☐ UNK  ☑ NO
--- Select all that apply --- ▾

ADS EQUIPPED?
Yes

AUTOMATION SYSTEM ENGAGED AT THE TIME OF THE INCIDENT
ADS

STATE OR LOCAL PERMIT?
Yes (specify below)

STATE OR LOCAL PERMIT
CA

ADAS / ADS SYSTEM VERSION    ☐ UNK  ☑ CBI
[REDACTED CONFIDENTIAL BUSINESS INFORMA

ADAS / ADS SYSTEM HARDWARE VERSION    ☐ UNK  ☑ CBI
[REDACTED CONFIDENTIAL BUSINESS INFORMA

ADAS / ADS SOFTWARE VERSION    ☐ UNK  ☑ CBI
[REDACTED CONFIDENTIAL BUSINESS INFORM

## Incident Information

**SOURCE**
☐ Complaint / Claim    ☐ Law Enforcement    ☐ Other:
☑ Telematics           ☐ Testing
☑ Field Report         ☐ Media

INCIDENT DATE    ☐ UNK
07█/2023

NOTICE RECEIVED DATE
07█/2023

INCIDENT TIME (24 hour format)    ☐ UNK
22:34

## Incident Scene

LATITUDE (decimal)  ☐ UNK
████

LONGITUDE (decimal)  ☐ UNK
████

LOCATION ADDRESS / DESCRIPTION  ☐ UNK
████

CITY    ☐ UNK
San Francisco

STATE
CA

ZIP CODE  ☐ UNK
████

ROADWAY TYPE
Street

SURFACE CONDITION
Dry

ROADWAY DESCRIPTION
No Unusual Conditions

SPEED LIMIT (mph)    ☐ UNK
25

LIGHTING
Dark - Lighted

**WEATHER**
☑ Clear    ☐ Snow    ☐ Unknown
☐ Cloudy   ☐ Fog / Smoke    ☐ Other:
☐ Rain     ☐ Severe Wind

## Crash Description

| CRASH WITH | HIGHEST INJURY SEVERITY ALLEGED | PROPERTY DAMAGE? |
|---|---|---|
| SUV | No Injuries Reported | Yes |

| SUBJECT VEHICLE | | CRASH WITH  SUV | |
|---|---|---|---|
| **GENERAL DAMAGE / CONTACT AREA** | **PRE CRASH MOVEMENT** — Proceeding Straight | **PRE CRASH MOVEMENT** — Proceeding Straight | **GENERAL DAMAGE / CONTACT AREA** |
| TOP / BOTTOM — ☐ UNK | **ANY AIR BAGS DEPLOYED?** — No | **ANY AIR BAGS DEPLOYED?** — No | TOP / BOTTOM — ☐ UNK |
| | **WAS VEHICLE TOWED?** — No | **WAS VEHICLE TOWED?** — No | |

| PRE CRASH SPEED (mph) ☐ UNK | WERE ALL PASSENGERS BELTED? |
|---|---|
| 1 | No Passengers in Vehicle |

## Post-Crash Information

**DATA AVAILABILITY**
- ☑ EDR
- ☐ Complaints
- ☑ Telematics
- ☑ Other
- ☑ Video
- ☐ No Data
- ☐ Police Report
- ☐ Unknown

| LAW ENFORCEMENT INVESTIGATING? | INVESTIGATING AGENCY | ☐ UNK |
|---|---|---|
| Yes | San Francisco Police Depart | |

| INVESTIGATOR NAME ☐ UNK | INVESTIGATOR PHONE ☑ UNK | INVESTIGATOR EMAIL ☑ UNK |
|---|---|---|
| ▮▮▮▮▮▮▮▮ | (XXX) XXX XXXX | ••• |

**REPORTING ENTITY OR MANUFACTURER INVESTIGATING?**

Yes

☑ CBI

**WAS VEHICLE WITHIN ITS ODD AT THE TIME OF THE INCIDENT? (Public Version)**

[REDACTED CONFIDENTIAL BUSINESS INFORM

## Narrative

Provide a written description of the pre crash, crash, and post crash details, including the direction(s) of travel, if known  Provide explanations for any responses indicating see Narrative  List all ADAS or ADS features engaged prior to the incident, describe any ADAS or ADS feature disengagements leading up to the incident, and provide reasons for the disengagements, if known  Indicate if this is an update to a previously submitted report and, if so, provide the previous report's REPORT ID  If you selected Media as a source in the Incident Information section, provide the URL or reference  Provide any other available information

NARRATIVE ☐ CBI

A Cruise autonomous vehicle ("AV"), operating in driverless autonomous mode, was at a complete stop in response to a red light in the leftmost turn lane on westbound ▮▮▮▮▮▮▮ at the intersection with ▮▮▮▮▮▮▮▮▮  When the light turned green, both the AV and a GMC Yukon in the adjacent lane attempted a left turn onto southbound ▮▮▮▮▮▮  The AV veered slightly to the right into the Yukon's lane before attempting its left turn, making contact as the Yukon began its turn  This caused damage to the AV's front passenger side radar assembly  The driver of the GMC Yukon left the scene without exchanging information  There were no reported injuries

2833 characters remaining

PAPERWORK REDUCTION ACT STATEMENT: A federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with, a collection of information subject to the requirements of the Paperwork Reduction Act unless that collection of information displays a current valid OMB Control Number. NHTSA estimates that completing and submitting this form will take between 15 minutes and 2 hours. The OMB Control Number for this information collection is 2127-0754. Expires: 3/31/2026. This information collection and Standing General Order 2021-01 requires manufacturers and operators of vehicles equipped with ADS or Level 2 ADAS to report certain crashes to NHTSA. The data will help the agency understand the extent to which incidents are potentially a result of safety defects, including whether manufacturers have failed to appropriately design their systems based on their foreseeable misuse.

**Cruise LLC**

OMB No. 2127-0754. Expires: 3/31/2026.

UNITED STATES DEPARTMENT OF TRANSPORTATION
NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION
Standing General Order 2021-01
Appendix C - Incident Report

REPORT TYPE
Update

REPORT MONTH & YEAR

NHTSA PROVIDED REPORT ID
30412 6180 2

THIS REPORT IS AN UPDATE TO: 6180

## Subject Vehicle Information

VIN and/or S/N (N/A  Not applicable)  ☐ UNK

VIN  5G21A6P03F███████

S/N  N/A

OTHER ENTITIES THAT MAY BE AWARE OF THIS INCIDENT  ☐ UNK  ☐ N/A

General Motors, LLC

MAKE  Cruise
MODEL  AV  ☐ UNK
MODEL YEAR  2023  ☐ UNK
MILEAGE  7369  ☐ UNK

DRIVER / OPERATOR TYPE
Remote (Commercial / Test)

ADS EQUIPPED?  Yes

OPERATING ENTITY  ☐ UNK
Cruise LLC

AUTOMATION SYSTEM ENGAGED AT THE TIME OF THE INCIDENT
ADS

FEDERAL STATUTORY OR REGULATORY EXEMPTION?  ☐ UNK  ☑ NO
--- Select all that apply ---

STATE OR LOCAL PERMIT?
Yes (specify below)

STATE OR LOCAL PERMIT
CA

ADAS / ADS SYSTEM VERSION  ☐ UNK  ☑ CBI
[REDACTED CONFIDENTIAL BUSINESS INFORM/

ADAS / ADS SYSTEM HARDWARE VERSION  ☐ UNK  ☑ CBI
[REDACTED CONFIDENTIAL BUSINESS INFORM/

ADAS / ADS SOFTWARE VERSION  ☐ UNK  ☑ CBI
[REDACTED CONFIDENTIAL BUSINESS INFORM

## Incident Information

SOURCE
☐ Complaint / Claim
☑ Telematics
☑ Field Report
☐ Law Enforcement
☐ Testing
☐ Media
☐ Other:

INCIDENT DATE  ☐ UNK
08/██/2023

NOTICE RECEIVED DATE
08/██/2023

INCIDENT TIME (24 hour format)  ☐ UNK
21:22

## Incident Scene

LATITUDE (decimal)  ☐ UNK  ████
LONGITUDE (decimal)  ☐ UNK  ████
LOCATION ADDRESS / DESCRIPTION  ☐ UNK  ████
CITY  San Francisco
☐ UNK  STATE  CA
ZIP CODE  ████  ☐ UNK

ROADWAY TYPE  Intersection
SURFACE CONDITION  Dry

ROADWAY DESCRIPTION  No Unusual Conditions
SPEED LIMIT (mph)  25  ☐ UNK

LIGHTING  Dark - Lighted

WEATHER
☑ Clear
☐ Cloudy
☐ Rain
☐ Snow
☐ Fog / Smoke
☐ Severe Wind
☐ Unknown
☐ Other:

## Crash Description

| CRASH WITH | HIGHEST INJURY SEVERITY ALLEGED | PROPERTY DAMAGE? |
|---|---|---|
| Heavy Truck | No Injuries Reported | Yes |

| SUBJECT VEHICLE | | CRASH WITH  Heavy Truck | |
|---|---|---|---|

**SUBJECT VEHICLE**

GENERAL DAMAGE / CONTACT AREA

☐ UNK

| PRE CRASH MOVEMENT |
|---|
| Proceeding Straight |

| ANY AIR BAGS DEPLOYED? |
|---|
| No |

| WAS VEHICLE TOWED? |
|---|
| Yes |

PRE CRASH SPEED (mph)   ☐ UNK

2

| WERE ALL PASSENGERS BELTED? |
|---|
| No Passengers in Vehicle |

**CRASH WITH  Heavy Truck**

| PRE CRASH MOVEMENT |
|---|
| Proceeding Straight |

| ANY AIR BAGS DEPLOYED? |
|---|
| Not Applicable |

| WAS VEHICLE TOWED? |
|---|
| No |

GENERAL DAMAGE / CONTACT AREA

☐ UNK

## Post-Crash Information

**DATA AVAILABILITY**
- ☑ EDR
- ☑ Telematics
- ☑ Video
- ☐ Police Report
- ☐ Complaints
- ☑ Other
- ☐ No Data
- ☐ Unknown

| LAW ENFORCEMENT INVESTIGATING? | INVESTIGATING AGENCY   ☐ UNK |
|---|---|
| Yes | San Francisco Police Depart |

INVESTIGATOR NAME   ☐ UNK
[REDACTED]

INVESTIGATOR PHONE   ☑ UNK
(XXX) XXX XXXX

INVESTIGATOR EMAIL   ☑ UNK

REPORTING ENTITY OR MANUFACTURER INVESTIGATING?

Yes

☑ CBI

WAS VEHICLE WITHIN ITS ODD AT THE TIME OF THE INCIDENT? (Public Version)

[REDACTED CONFIDENTIAL BUSINESS INFORN

## Narrative

Provide a written description of the pre crash, crash, and post crash details, including the direction(s) of travel, if known  Provide explanations for any responses indicating see Narrative  List all ADAS or ADS features engaged prior to the incident, describe any ADAS or ADS feature disengagements leading up to the incident, and provide reasons for the disengagements, if known  Indicate if this is an update to a previously submitted report and, if so, provide the previous report's REPORT ID  If you selected Media as a source in the Incident Information section, provide the URL or reference  Provide any other available information

NARRATIVE   ☐ CBI

A Cruise autonomous vehicle ("AV"), operating in driverless autonomous mode, was traveling southbound on [REDACTED] in the middle lane between [REDACTED] and [REDACTED]  At the same time, a backhoe loader was traveling behind and to the left of the AV  As the AV approached the intersection with [REDACTED], the AV began changing lanes into the left lane in front of the backhoe loader  The AV then braked and was hit from behind by the backhoe loader  This caused damage to the AV's rear bumper fascia, rear hatch and glass, rear driver side quarter panel and rear driver side door  Police were called to the scene  The parties exchanged information  There were no reported injuries and the AV was towed from the scene

2767 characters remaining

PAPERWORK REDUCTION ACT STATEMENT: A federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with, a collection of information subject to the requirements of the Paperwork Reduction Act unless that collection of information displays a current valid OMB Control Number. NHTSA estimates that completing and submitting this form will take between 15 minutes and 2 hours. The OMB Control Number for this information collection is 2127-0754. Expires: 3/31/2026. This information collection and Standing General Order 2021-01 requires manufacturers and operators of vehicles equipped with ADS or Level 2 ADAS to report certain crashes to NHTSA. The data will help the agency understand the extent to which incidents are potentially a result of safety defects, including whether manufacturers have failed to appropriately design their systems based on their foreseeable misuse.