**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

|  |  |
|---|---|
| IN RE GENERAL MOTORS COMPANY SECURITIES LITIGATION | Case No. 4:23-cv-13132-SDK-EAS<br><br>District Judge Shalina D. Kumar<br><br>Magistrate Judge Elizabeth A. Stafford |

**GM DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF
SUPPLEMENTAL MATERIAL**

The GM Defendants briefly respond to Plaintiffs' "Notice of Supplemental Material". ECF No. 41, PageID.2370 ("Notice"). The Notice is improper insofar as it raises the Consent Order, which was announced *before* Plaintiffs filed their opposition to the defendants' motions to dismiss.[1] And courts have rejected similar attempts to present factual materials like the Consent Order and Cruise deferred prosecution agreement ("DPA") through notices of supplemental authority. *See, e.g.*, *Wilmington Tr. Co.* v. *Boeing Co.*, 2021 WL 754030, at *8 (W.D. Wash. 2021).

In any event, Plaintiffs' arguments in the Notice are unavailing. Plaintiffs contend that the Cruise DPA and Consent Order reflect "admissions" by Defendants

---

[1] Press Release, *NHTSA Announces Consent Order with Cruise After Company Failed to Fully Report Crash Involving Pedestrian* (Sept. 30, 2024), available at https://www.nhtsa.gov/press-releases/consent-order-cruise-crash-reporting.

1

that would "bolster" Plaintiffs' "allegations of scienter." Notice at 2–3. But the GM Defendants are not parties to the DPA or Consent Order and have made no "admissions" whatsoever in those documents.[2] The DPA and Consent Order thus have *no* bearing on the GM Defendants' scienter. Plaintiffs also assert that "Defendants do not challenge 'falsity' or their 'knowledge'" of the alleged collision-related misstatements. Notice at 2 n.1. But Plaintiffs have asserted no claim against the GM Defendants related to the collision, Reply at 2 n.1, and neither the DPA nor Consent Order provides any basis to make such a claim. They relate only to statements made by *Cruise* about the collision, and those statements *do not in any way* involve the GM Defendants. So, even if Plaintiffs repleaded their claims to include allegations regarding the DPA and Consent Order, *see* Notice at 3, their claims against the GM Defendants would still fail.

The GM Defendants respectfully request that the Court disregard the Notice.

DATED: November 26, 2024

Respectfully submitted,

/s/ Roger P. Meyers

Daniel J. Kramer (N.Y. 1979392)
Andrew J. Ehrlich (N.Y. 4103909)
Richard C. Tarlowe (N.Y. 4122677)
Kristina A. Bunting (N.Y. 5510847)
**PAUL, WEISS, RIFKIND,**
  **WHARTON & GARRISON LLP**

Stephanie A. Douglas (P70272)
Roger P. Meyers (P73255)
**BUSH SEYFERTH PLLC**

*Counsel for the GM Defendants*

---

[2] There is also no basis to impute to GM the state of mind of Cruise and its employees. *See* Br. at 29–30, ECF No. 31; Reply at 9, ECF No. 42.