**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

|  |  |
|---|---|
| IN RE GENERAL MOTORS COMPANY SECURITIES LITIGATION | Case No. 4:23-cv-13132-SDK-EAS<br><br>District Judge Shalina D. Kumar<br><br>Magistrate Judge Elizabeth A. Stafford |

**CRUISE DEFENDANTS' RESPONSE TO PLAINTIFFS'
<u>NOTICE OF SUPPLEMENTAL MATERIAL</u>**

Defendants Cruise, LLC ("Cruise"), Kyle Vogt, Wayne West, and Daniel Ammann (together, the "Cruise Defendants") submit this response to Plaintiffs' Notice of Supplemental Material, ECF No. 41, PageID.2370–2375 ("Notice"). The Notice addresses Cruise's November 14, 2024 deferred prosecution agreement with the United States Department of Justice ("DPA"), which sets forth Cruise's agreement, among other things, to the filing of a criminal information alleging that Cruise made a false entry in a federal investigation under the jurisdiction of the National Highway Traffic Safety Administration ("NHTSA") by omitting the fact of the pedestrian dragging in its 1-day and 10-day reports to NHTSA. *See generally* Ex. 1 (DPA & Attachments).

Plaintiffs assert that by entering into the DPA, Cruise made "substantial admissions relevant to the allegations in this case" that "substantially supplement[]" the "public record" of Defendants' "knowing deceit." Notice at 1–2. The Notice is written to create the misleading impression that Cruise's supposed "admissions" bolster the AC's allegations that the Cruise Defendants misrepresented Cruise AVs' level of autonomy, readiness for commercial use, and safety to investors. *Id*. at 1.

In reality, the facts underlying the DPA concern **_only_** Cruise's failure to disclose the pedestrian dragging in its 1-Day and 10-Day reports to NHTSA regarding the Accident and during a meeting with NHTSA the day after the

1

Accident. [1]  *See* Ex. 1, Attach. A ¶¶ 17–32; *see also* Notice, Ex. A (DOJ Press Release), ECF No. 41-1, at PageID.2378; Notice, Ex. B (NHTSA Consent Order), ECF No. 41-2, at PageID.2383–2386.

Because all these facts were already disclosed in the Quinn Report, which is incorporated by reference in the AC, the facts underlying the DPA add nothing to Plaintiffs' deficient allegations that the Cruise Defendants made the Accident Statements with intent to defraud GM investors.  *See* ECF No. 32-14, PageID.1864–2058 ("Quinn Report") at 41–45, 48–55. [2]  And since the DPA concerns only Cruise's regulatory reporting of a single accident, it also adds nothing to Plaintiffs' allegations concerning the Technology Statements.

Finally, although regulatory action against a securities fraud defendant is sometimes considered relevant to whether it acted with scienter, Cruise's agreement to resolve this particular charge does not lead to an inference that Cruise intended to defraud GM investors.  The factual admissions and charges in the DPA are extraordinarily narrow.  Specifically, the facts supporting a violation of 18 U.S.C. § 1519 are set forth in Attachment A of the DPA, and focus on a meeting with NHTSA

---

[1] Terms defined in the Cruise Defendants' briefs have the same meaning herein.
[2] The DPA acknowledges certain other mitigating facts in the Quinn Report, including that there were technical difficulties that prevented Cruise from showing the full video to NHTSA, that Cruise provided NHTSA with that video shortly after the meeting, and that Cruise answered questions about the pedestrian dragging in a meeting hours later with other government officials and regulators.  *Compare* Ex. 1 Attach. A ¶¶ 21, 24, 28 *with* Quinn Report at 41, 45, 83.

and the submission of "1-Day" and "10-Day" reports in which Cruise failed to disclose that the AV dragged the pedestrian—an omission which had the tendency to influence NHTSA. *See, e.g.*, Ex. 1 Attach. A ¶¶ 23–24, 26–27, 32–33.  The purpose of NHTSA's rule requiring "1-Day" and "10-Day" reports is to enhance safety—it has nothing to do with protecting investors.  Thus, the charge in the DPA has no bearing on whether the AC adequately alleges an intent to defraud GM's investors. *See Smallen v. The W. Union Co.*, 950 F.3d 1297, 1309–15 (10th Cir. 2020) (no scienter despite company's entry into deferred prosecution agreement with respect to related conduct); *see also College Ret. Equities Fund v. Boeing Co.*, 2023 WL 6065260, at *10–11 (N.D. Ill. Sept. 18, 2023) (no scienter despite deferred prosecution agreement admissions of "intent to defraud" federal agency).

Respectfully submitted,

| /s/ Roger P. Meyers | /s/ Reid Schar | /s/ John W. Keker |
|---|---|---|
| Stephanie A. Douglas<br>Roger P. Meyers<br>**BUSH SEYFERTH PLLC**<br>100 W. Big Beaver Rd.<br>Suite 400<br>Troy, MI 48084<br>(248) 822-7800<br>douglas@bsplaw.com<br>meyers@bsplaw.com<br><br>*Counsel for Cruise Defendants* | Reid Schar<br>**JENNER & BLOCK LLP**<br>525 Market Street, 29th Floor<br>San Francisco, CA 94105<br>(628) 267-6800<br>rschar@jenner.com<br><br>Stephen L. Ascher<br>**JENNER & BLOCK LLP**<br>1155 Avenue of the Americas<br>New York, NY 10036<br>(212) 891-1600<br>sascher@jenner.com | John W. Keker<br>Ryan Wong<br>Sophie A. Hood<br>Cody Gray<br>**KEKER, VAN NEST & PETERS LLP**<br>633 Battery Street<br>San Francisco, CA 94111<br>(415) 391-5400<br>jkeker@keker.com<br>rwong@keker.com |

Jacob P. Wentzel
**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, IL 60653
(312) 222-9350
jwentzel@jenner.com

*Additional Counsel for Cruise LLC, Daniel Ammann, and Wayne G. West*

shood@keker.com
cgray@keker.com

*Additional Counsel for Kyle Vogt*

4