**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| IN RE GENERAL MOTORS COMPANY SECURITIES LITIGATION | Case No. 4:23-cv-13132-SDK-EAS<br><br>District Judge Shalina D. Kumar<br><br>Magistrate Judge Elizabeth A. Stafford |

**GM DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The GM Defendants hereby provide notice of supplemental authority in further support of their pending motion to dismiss.  Attached as Exhibit A is an opinion from *In re Cloudera, Inc. Securities Litigation*, No. 22-16807, --- F.4th ---- (9th Cir. Nov. 19, 2024).  *Cloudera* directly supports the GM Defendants' argument that Plaintiffs have failed to plead that statements regarding Cruise's "Level 4," "driverless," and "autonomous" technology were false.

The *Cloudera* plaintiff alleged that defendants made false statements about the company's "cloud-native" products, "native public cloud services," and "hybrid cloud." Ex. A at 11.  He claimed that these terms were "understood by reasonable investors to mean a software offering with specific core material attributes[.]" *Id.* The Ninth Circuit affirmed dismissal for failure to "establish falsity with particularity," as required by Rule 9(b) and the PSLRA. *Id.*  Specifically, the plaintiff did not "plead facts supporting his definitions" of phrases that "lack a plain

1

or ordinary meaning[.]"  *Id.* at 13.

Plaintiffs' pleading failure here is even worse than in *Cloudera*.  They invent their own definitions of "Level 4," "driverless," and "autonomous," asserting that investors "would have understood" these terms "to mean that the technology [Cruise] possessed had reached a degree of maturity, such that Cruise could operate a revenue generating robotaxi business, without human intervention, without additional research and development."  ¶ 79.  And just like the *Cloudera* plaintiff, they do not "plead facts" supporting their definitions.  But here, not only do those terms lack a "plain or ordinary meaning," the terms "Level 4" and "driverless" also have specific meanings under the Taxonomy that contradict Plaintiffs' flawed definitions.  *See* Ex. 5 at 9, 31–32, ECF No. 31-6.

*Cloudera* thus further demonstrates that Plaintiffs have failed to plead with particularity that GM's statements about autonomous vehicle function were false.

DATED:  December 11, 2024

Respectfully submitted,

/s/Stephanie A. Douglas

Daniel J. Kramer (N.Y. 1979392)
Andrew J. Ehrlich (N.Y. 4103909)
Richard C. Tarlowe (N.Y. 4122677)
Kristina A. Bunting (N.Y. 5510847)
**PAUL, WEISS, RIFKIND,**
  **WHARTON & GARRISON LLP**

Stephanie A. Douglas (P70272)
Roger P. Meyers (P73255)
**BUSH SEYFERTH PLLC**

*Counsel for the GM Defendants*

2