**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

|  |  |
|---|---|
| IN RE GENERAL MOTORS COMPANY SECURITIES LITIGATION | ) Case No.  4:23-cv-13132-SDK-EAS <br><br> ) District Judge Shalina D. Kumar <br><br> ) Magistrate Judge Elizabeth A. Stafford |

**PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL MATERIAL**

Plaintiffs respectfully submit, as supplemental material, the Ninth Circuit's recent decision in the *Snap* case. *See* Ex. A (attaching *Okla. Firefighters Pension & Ret. Sys. v. Snap Inc.*, 2024 WL 5182634 (9th Cir. Dec. 20, 2024) ("*Snap*")).

During oral argument, Defendants claimed that Plaintiffs' only real scienter allegation was a "core operations" theory, which they asserted is "broadly disfavored." *See* ECF No. 49 (forthcoming Tr. at 22:8-10 ("Tr.")). *Snap* highlights that common sense inferences, including "core operations" allegations, are critical to analyzing scienter, and Plaintiffs allege many additional particularized facts here.

**The *Snap* Opinion**. *Snap* held that scienter was adequately pled based on "core-operations" allegations. *Snap*, at *2. <u>First</u>, the Ninth Circuit found that the defendant had "access" to the undisclosed information based on his position, focus on the relevant business, and public statements. *Id.* Here, Defendants oversaw the relevant business, attended relevant meetings, were responsible for reviewing safety issues, and spoke to investors on the topic. ECF No. 39 at 8, 10-13, 39-41. <u>Second</u>, *Snap* concluded that it would be "absurd" to suggest the defendant would not have known that a majority of Snap's clients had not implemented a technology critical to Snap's advertising business. *Snap*, at *2. Here, it would be absurd to suggest Defendants did not know about the safety issues, remote operators, and need for further R&D, given that developing driverless AVs was Cruise's *entire* business— and accounted for more than 50% of GM's valuation. ECF No. 39 at 8, 41, 67.

1

**Comparison of *Snap* to Sixth Circuit Law**.   *Snap* shows that "core-operations" is not "broadly disfavored."  Defendants' assertion that the Sixth Circuit has said "nuh uh" to such allegations (Tr. at 61:3-5 (corrected)) is equally misleading.  While "core-operations" is not a ***stand-alone*** doctrine in the Sixth Circuit, this merely reflects the recognition that scienter is a holistic inquiry, which probes defendants' knowledge or recklessness based on common sense inferences grounded in specific allegations.  Those inferences often arise from defendants' roles and involvement in the business, the details of the business' operations, and the details of the fraud—*i.e.*, essentially "core-operations" allegations.  For example:

- *Frank v. Dana Corp.*, 646 F.3d 954, 961-62 (6th Cir. 2011) (crediting scienter because it would be "difficult to grasp the thought that [defendants] really had no idea" of the truth, given their positions, statements to investors on the relevant topic, and magnitude of the relevant issues);

- *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 688 (6th Cir. 2004) (recognizing "executives can be presumed to be aware of matters central to their business's operation," while noting the fact-specific nature of any scienter inquiry, such as whether the fraud "pertained to central, day-to-day operational matters");

- *In re Upstart Holdings, Inc. Sec. Litig.*, 2023 WL 6379810, at *23 (S.D. Ohio Sept. 29, 2023) (finding scienter supported by defendants' public statements on the topic and because the statements related to "core components" of the business that defendants would have been "intimately familiar with"); and

- *In re Huffy Corp. Sec. Litig.*, 577 F. Supp. 2d 968, 1000 (S.D. Ohio 2008) ("[T]he more central a fact is to a company's core operations the more likely its executive acted with scienter.") (citation omitted).

Defendants' cases are not to the contrary.  Instead, they reflect the truism that scienter is not *automatically* pled whenever a lie concerned a core segment of the company.  *See e.g.*, ECF No. 39 at 41-42 (discussing Defendants' cases).

**Conclusion**.  As in *Snap*, Defendants' denial of scienter is "absurd."  An army of remote operators controlled Cruise AVs, which routinely stalled on public roads, required physical retrieval almost every night, and had critical unresolved safety and functionality problems.  ECF No. 39 at 8-9, 11-17.  Yet, Defendants, who oversaw the business—which was solely focused on driverless AVs and critical to GM—told investors the cars were, *e.g.*, "fully driverless," operated safely, with humans "out of the loop," and could be commercialized without further R&D.  *Id.*

However, these allegations are just one part of the holistic scienter analysis. By way of illustration, Plaintiffs also alleged: (1) Barra, Ammann, Vogt, and West made specific statements touting their knowledge of Cruise's technology, *e.g.*, Barra claimed to have "weekly conversations" about Cruise's technology and Vogt claimed to know "every inch of the [AVs] progress;" (2) Vogt, Barra, and West attended Cruise's 2022 annual meeting, which included assessments of Cruise's technology; (3) Vogt and West had access to the "Risk Register," which tracked every Safety Risk Assessment (including unresolved high level risks), and Vogt and West ***personally managed*** the "extreme" and "high" risks; (4) Vogt and West received monthly reports containing operations statistics, *e.g.*, how often remote operators intervened; (5) Defendants fired a whistleblower who documented the "regularity" of collisions and "stranded" AVs "blocking traffic;" and (6) Vogt and West abruptly "resigned" when the fraud unraveled.  *Id.* at 37-39, 44, 46 n.15.

3

DATED: January 6, 2025        Respectfully submitted,

*/s/ Jake Bissell-Linsk*
Carol C. Villegas (N.Y.  4154324)
Jake Bissell-Linsk (N.Y.  5445911)
Guillaume Buell (N.Y.  4820288)
Matthew J. Grier (N.Y.  5502216)
Adam Federer (N.Y. 5574439)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
cvillegas@labaton.com
jbissell-linsk@labaton.com
gbuell@labaton.com
mgrier@labaton.com
afederer@labaton.com

*Lead Counsel for Lead Plaintiff*
*City of Hollywood Police Officers'*
*Retirement System and the Proposed Class,*
*and additional named plaintiff Plymouth*
*County Retirement Association*


Matthew Henzi
Cynthia Billings-Dunn
**ASHER KELLY PLLC**
25800 Northwestern Highway, Suite 1100
Southfield, Michigan 48075
Telephone: (248) 746-2710
mhenzi@asherkellylaw.com
cbdunn@asherkellylaw.com

*Liaison Counsel for Lead Plaintiff*
*City of Hollywood Police Officers'*
*Retirement System and the Proposed Class*

Robert D. Klausner
Stuart Kaufman
**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Lead Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2025, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

DATED: January 6, 2025    Respectfully submitted,

            */s/ Jake Bissell-Linsk*
            Jake Bissell-Linsk (N.Y. 5445911)