**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| IN RE GENERAL MOTORS COMPANY SECURITIES LITIGATION | Case No. 4:23-cv-13132-SDK-EAS<br><br>District Judge Shalina D. Kumar<br><br>Magistrate Judge Elizabeth A. Stafford |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS'**
**SECOND NOTICE OF SUPPLEMENTAL MATERIAL**

Defendants briefly respond to Plaintiffs' Second Notice of Supplemental Material. ECF No. 50, PageID.3114–20 ("Notice"). While a short discussion—a paragraph or two—is customary to provide the Court with context as to the relevance of supplemental authority, the Notice is Plaintiffs' third attempt to unilaterally grant themselves ***multiple pages*** of additional briefing in opposition to Defendants' motions to dismiss. *See also* ECF Nos. 41 (PageID.2370–75), 48 (PageID.3029–37). Plaintiffs' Notice spends less than a page discussing a recent Ninth Circuit unpublished memorandum disposition concerning the core operations inference before spending two-plus pages discussing years-old cases and allegations in their complaint that Plaintiffs could have addressed in their Opposition brief. *See* Notice, PageID.3115–17.

Plaintiffs ignore that the Sixth Circuit held in 2023 that "the fact that executives are intimately familiar with a core component of their business does little

1

to suggest fraudulent intent." *Teamsters Loc. 237 Welfare Fund* v. *ServiceMaster Glob. Holdings, Inc.*, 83 F.4th 514, 531 (6th Cir. 2023); *see also Pittman* v. *Unum Grp.*, 861 F. App'x 51, 55 (6th Cir. 2021) (same and holding that defendants' "close attention to" business segment with "overall importance" "is not a scienter-bolstering fact"); ECF No. 31 at 12–13, PageID.2421–2422.  The Sixth Circuit has thus plainly rejected the core operations inference that the *Snap* court noted in a non-precedential disposition, on the facts there, might apply.  Plaintiffs fail to point to any subsequent Sixth Circuit opinion that undermines this holding.  Thus, not only is the Notice a third impermissible successive brief, but *Snap*'s discussion of the core operations inference is inconsistent with published controlling authority.

Defendants respectfully request that the Court disregard the Notice.

DATED:  January 9, 2025

Daniel J. Kramer (N.Y. 1979392)
Andrew J. Ehrlich (N.Y. 4103909)
Richard C. Tarlowe (N.Y. 4122677)
Kristina A. Bunting (N.Y. 5510847)
**PAUL, WEISS, RIFKIND,**
  **WHARTON & GARRISON LLP**

*Additional Counsel for GM Defendants*

Reid Schar
Stephen L. Ascher
Jacob P. Wentzel
**JENNER & BLOCK LLP**

*Additional Counsel for Cruise LLC,*
*Daniel Ammann, and Wayne G. West*

Respectfully submitted,

/s/ Stephanie A. Douglas
Stephanie A. Douglas (P70272)
Roger P. Meyers (P73255)
**BUSH SEYFERTH PLLC**

*Counsel for Defendants*

2

John W. Keker
Ryan Wong
Sophie A. Hood
Cody Gray
**KEKER, VAN NEST & PETERS LLP**

*Additional Counsel for Kyle Vogt*