**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| IN RE GENERAL MOTORS COMPANY SECURITIES LITIGATION | Case No. 4:23-cv-13132-SDK-EAS<br><br>District Judge Shalina D. Kumar<br><br>Magistrate Judge Elizabeth A. Stafford |

**GM DEFENDANTS' MOTION FOR CLARIFICATION AND/OR**
**RECONSIDERATION**

Pursuant to Local Civil Rule 7.1(h)(2), Defendants General Motors Company, Mary T. Barra, Paul A. Jacobson, and Douglas L. Parks (collectively, the "GM Defendants"), by and through their attorneys, Paul, Weiss, Rifkind, Wharton & Garrison LLP and Bush Seyferth PLLC, move this Court to clarify and/or reconsider its Opinion and Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, ECF No. 53, PageID.3194-3255, solely as to the Court's apparent allowance of claims based on Commercialization Statements to survive against the GM Defendants because it is undisputed that no GM Defendant made those statements.

As Local Rule 7.1(a) and this Court's Practice Guidelines require, counsel for the GM Defendants conferred with Plaintiffs' counsel by videoconference on April 9, 2025, to explain the basis for the GM Defendants' motion and seek

concurrence in the relief sought, but concurrence was denied.

In support of this Motion, the GM Defendants rely on the arguments of law and statements of fact set forth in the accompanying Brief.

WHEREFORE, the GM Defendants respectfully request that this Court grant their Motion and enter an order dismissing all claims against the GM Defendants with prejudice.

DATED:  April 10, 2025

Respectfully submitted,

/s/ *Roger P. Meyers*

Daniel J. Kramer (N.Y. 1979392)
Andrew J. Ehrlich (N.Y. 4103909)
Richard C. Tarlowe (N.Y. 4122677)
Kristina A. Bunting (N.Y. 5510847)
**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**

Stephanie A. Douglas (P70272)
Roger P. Meyers (P73255)
**BUSH SEYFERTH PLLC**

*Counsel for the GM Defendants*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

|  |  |
|---|---|
| IN RE GENERAL MOTORS COMPANY SECURITIES LITIGATION | Case No. 4:23-cv-13132-SDK-EAS<br><br>District Judge Shalina D. Kumar<br><br>Magistrate Judge Elizabeth A. Stafford |

**GM DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION FOR CLARIFICATION AND/OR RECONSIDERATION**

## STATEMENT OF THE ISSUES PRESENTED

1.  With respect to the narrow issue of the five Commercialization Statements only, whether the Court should clarify and/or reconsider its denial of the GM Defendants' motion to dismiss where all parties and the Court agree that (a) none of the *GM Defendants* made the Commercialization Statements; and (b) as a matter of law, GM Defendants cannot be liable for statements they did not make?

The answer to this question is "yes."

2.  If the Court denies clarification and/or reconsideration of question 1, whether Plaintiffs adequately alleged that the GM Defendants possessed the requisite scienter for the Commercialization Statements?

The answer to this question is "no."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

1. This Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (ECF No. 53)

2. Local Rule 7.1(h)(2)

3. *Janus Capital Group Inc.* v. *First Derivative Traders*, 564 U.S. 135, 141 (2011)

4. *Saltmarshall* v. *VHS Children's Hosp. of Michigan, Inc.*, 402 F. Supp. 3d 389, 394 (E.D. Mich. 2019), *aff'd* 831 F. App'x 764 (6th Cir. 2020)

Defendants General Motors Company, Mary T. Barra, Paul A. Jacobson, and Douglas L. Parks (collectively, the "GM Defendants") respectfully request that the Court clarify and/or reconsider its denial of the GM Defendants' motion to dismiss the claims based on the Commercialization Statements. ECF 53, PageID.3194-3255 (the "Order").  Clarification and/or reconsideration is appropriate because none of the GM Defendants made any of the five Commercialization Statements. This fact is undisputed, and Plaintiffs conceded at oral argument that their Section 10(b) claim against each defendant is premised only on statements that each specific defendant made.  Clarifying that the Commercialization Statements are dismissed results in dismissal of all claims against the GM Defendants.

## LEGAL STANDARD

Local Rule 7.1(h)(2) allows parties to file motions for reconsideration "within 14 days after entry of the order" where "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision."  E.D. Mich. L.C.R. 7.1(h)(2)(A).

## ARGUMENT

### I. Plaintiffs' Section 10(b) Claim Against the GM Defendants Should Be Dismissed

In its Order, the Court dismissed claims against the GM Defendants based on four of the five categories of alleged misstatements.  The only category that the Court

appears to have sustained is the Commercialization Statements—those statements in which Plaintiffs allege that "Defendants explicitly claimed that Cruise's AV technology had reached the point where Cruise could already operate a revenue generating fully driverless robotaxi business without any additional R&D."  ECF No. 39, PageID.2304.  In their Opposition, Plaintiffs identified five paragraphs containing Commercialization Statements.  *Id.* (citing ECF No. 23 ¶¶ 278, 286, 304, 306, 330).  Each of the five statements identified in those paragraphs was made by *Cruise* executives Kyle Vogt or Dan Ammann—none was made by GM or the GM Individual Defendants.

| ¶ (ECF. No. 23) | Speaker | Date | Page in Complaint |
|---|---|---|---|
| ¶ 278 | Ammann | October 6, 2021 | ECF No. 23, PageID.363 |
| ¶ 286 | Ammann | October 6, 2021 | ECF No. 23, PageID.365-366 |
| ¶ 304 | Vogt | March 10, 2022 | ECF No. 23, PageID.371 |
| ¶ 306 | Vogt | March 10, 2022 | ECF No. 23, PageID.371-372 |
| ¶ 330 | Vogt | September 12, 2022 | ECF No. 23, PageID.379 |

*See also* ECF No. 39, PageID.2304.

At oral argument, the Court asked Plaintiffs whether they were "also asserting liability against individual Defendants based on other Defendants' statements."  ECF No. 52, PageID.3186.  Plaintiffs responded that, other than the Section 20(a) control-person claims, they were "asserting liability as to each Defendant as to his or her own statement."  *Id.*  The Court's Order accepted Plaintiffs' clarification and noted that Plaintiffs "assert their claims as to each defendant based only on that defendant's own statements."  ECF No. 53, PageID.3202 n.2.  ("[P]laintiffs assert their claims

2

relating to alleged misstatements made by the GM Defendants against GM only; those made by Barra against Barra only; those made by Jacobson against Jacobson only; and so on.") (citing ECF No. 52, PageID.3186-3187).[1]  Because Plaintiffs conceded that they were not asserting any claim against any GM Defendant based on the Commercialization Statements made by Cruise, no such claims can remain pending.  The Court should thus clarify that the Section 10(b) claim against the GM Defendants is dismissed in its entirety.[2]  This would be consistent with the Court's rulings throughout the Order.  *See, e.g.*, ECF No. 53, PageID.3243 ("the Court also dismisses the Accident Statement Claims as to the GM Defendants because those claims relate to alleged misstatements made only by the Cruise Defendants"); ECF No. 53, PageID.3254 (dismissing "the Technology Statement Claims against Cruise based on any alleged misstatements made by GM").

---

[1] Plaintiffs' concession—and this Court's holding—is consistent with binding Supreme Court precedent that "[t]o be liable, therefore, [a defendant] must have 'made' the material misstatements." *Janus Capital Group Inc.* v. *First Derivative Traders*, 564 U.S. 135, 141 (2011).  And because a defendant can be liable under Rule 10(b)(5) only for a statement it made itself, and the claims against GM, Barra, Jacobson, and Parks are based on the Commercialization Statements, these claims fail as a matter of law.

[2] Though not essential to the Court's decision here, we note that the GM Defendants made precisely this argument and did not waive it.  In particular, the GM Defendants' Motion to Dismiss argued that "Plaintiffs' claims should be dismissed *in their entirety*," including because "Plaintiffs do not plead particularized facts demonstrating *that the GM Defendants made statements* that were false or otherwise actionable."  ECF No. 31, PageID.488, 494 (emphasis added).

If the Court declines to dismiss the Commercialization Statement claims against GM on this ground, then reconsideration and dismissal are still warranted because "the Court did not consider the defendants' alternative grounds for dismissal," *Saltmarshall* v. *VHS Children's Hosp. of Michigan, Inc.*, 402 F. Supp. 3d 389, 394 (E.D. Mich. 2019), *aff'd* 831 F. App'x 764 (6th Cir. 2020)—namely, plaintiffs' failure to plead scienter as to these statements.  The GM Defendants expressly argued that Plaintiffs had failed to adequately plead a strong inference of scienter as to all statements—including the Commercialization Statements— because the Complaint does not "allege that Barra, Parks, or Jacobson were aware of—and ignored—'multiple, obvious red flags' suggesting that Cruise vehicles ***were less advanced*** than their public statements conveyed," ECF No. 31, PageID.516 (emphasis added);[3] *see also* ECF No. 39, PageID.2305 (Plaintiffs describing the Commercialization Statements as conveying that Cruise "was ***ready*** for primetime" (emphasis added)).  All of the GM Defendants' arguments for why Plaintiffs failed to plead scienter—which the Court accepted in dismissing numerous alleged

---

[3] Thus, the GM Defendants did not waive this argument either.  ECF No. 53, PageID.3204-3205.  Although the GM Defendants did not move to dismiss the Commercialization Statements on falsity grounds, the GM Defendants did move to dismiss for lack of scienter.  ECF No. 31, PageID.516-523.  Thus, Plaintiffs' Opposition brief argued for waiver only as to falsity, not all arguments for dismissal. ECF No. 39, PageID.2307 (arguing Defendants "concede both (i) Plaintiffs' interpretation of these statements and (ii) that Cruise was not ready for commercialization").

4

misstatements—are equally applicable to the Commercialization Statements and require dismissal.  ECF No. 31, PageID.515-523; ECF No. 42, PageID.2418-2424; *see also* ECF No. 53, PageID.3226-3230.[4]

The "record and law before the court at the time of its prior decision" show that no GM Defendant had made a Commercialization Statement.  E.D. Mich. L.C.R. 7.1(h)(2)(A).  And because claims concerning the Commercialization Statements are the only ones still remaining against GM and the GM Individual Defendants, granting this Motion will "change[] the outcome of the prior decision."  *Id.*

## II.  Plaintiffs' Section 20(a) Claim Against the GM Individual Defendants Should Be Dismissed

The only remaining control-person claims against the GM Individual Defendants are "based on GM's alleged misstatements regarding commercialization."  ECF No. 53, PageID.3252.  Because those statements fail to state a claim against GM (either because no GM Defendant made the statement or for failure to plead scienter), the Section 20(a) control-person claims should also be

---

[4] This approach is consistent with the way the Court addressed Amman's out-of-the loop statements:  the Court sustained the falsity of the statement because Defendants' "motions develop no arguments addressing the falsity of the statements," ECF No. 53, PageID.3209, and "proceed[ed] to analyze scienter as it relates" to the out of the loop statements, ECF No. 53, PageID.3222, and held that "the Court cannot cogently infer a compelling inference that Ammann made his . . . statements that Cruise AVs operated without a human in the loop with scienter," ECF No. 53, PageID.3238.

dismissed. ECF No. 53, PageID.2351 (citing *Doshi* v. *Gen. Cable Corp.*, 823 F.3d 1032, 1045 (6th Cir. 2016)).

## **CONCLUSION**

For the foregoing reasons, the claims under Sections 10(b) and 20(a) based on the Commercialization Statements—the only remaining claims against the GM Defendants according to the Order—should be dismissed against the GM Defendants.

DATED: April 10, 2025

Respectfully submitted,

/s/ *Roger P. Meyers*

Daniel J. Kramer (N.Y. 1979392)
Andrew J. Ehrlich (N.Y. 4103909)
Richard C. Tarlowe (N.Y. 4122677)
Kristina A. Bunting (N.Y. 5510847)
**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**

Stephanie A. Douglas (P70272)
Roger P. Meyers (P73255)
**BUSH SEYFERTH PLLC**

*Counsel for the GM Defendants*

6