# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
|  | ) Case No. 4:23-cv-13132-SDK-EAS |
|  | ) |
|  | ) District Judge Shalina D. Kumar |
| IN RE GENERAL MOTORS | ) Magistrate Judge Elizabeth A. |
| COMPANY SECURITIES LITIGATION | ) Stafford |
|  | ) |
|  | ) |
|  | ) |

## PLAINTIFFS' RESPONSE TO GM DEFENDANTS'
## MOTION FOR CLARIFICATION AND/OR RECONSIDERATION

Pursuant to Rules 7.1(c), 7.1(h), and 5.1 of the Local Rules of the United States District Court for the Eastern District of Michigan and the Court's Order Requiring Response (ECF No. 57, PageID.3274), Lead Plaintiff City of Hollywood Police Officers' Retirement System and additional named Plaintiff Plymouth County Retirement Association (collectively, "Plaintiffs"), by and through their attorneys, respond to Defendants (i) General Motors Company ("GM" or the "Company"), and (ii) Mary T. Barra, Paul A. Jacobson, and Douglas L. Parks' (the "GM Individual Defendants," together with GM, the "GM Defendants") motion for clarification and/or reconsideration (ECF No. 54, PageID.3256-66, the "Motion" or "Mot.") of this Court's order (ECF No. 53, PageID.3194-255, the "Order") addressing the GM Defendants' motion to dismiss the operative complaint.

The grounds for Plaintiffs' opposition to the Motion are explained more fully below in Plaintiffs' accompanying response brief. WHEREFORE, Plaintiffs respectfully request that this Court deny GM Defendants' Motion in its entirety.

[signatures on following page]

1

DATED: May 8, 2025                    Respectfully submitted,

/s/ Jake Bissell-Linsk
Carol C. Villegas (N.Y. 4154324)
Jake Bissell-Linsk (N.Y. 5445911)
Guillaume Buell (N.Y. 4820288)
Matthew J. Grier (N.Y. 5502216)
Adam Federer (N.Y. 5574439)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
cvillegas@labaton.com
jbissell-linsk@labaton.com
gbuell@labaton.com
mgrier@labaton.com
afederer@labaton.com

*Lead Counsel for Lead Plaintiff*
*City of Hollywood Police Officers'*
*Retirement System and the Proposed Class,*
*and additional named plaintiff Plymouth*
*County Retirement Association*

Matthew Henzi
Cynthia Billings-Dunn
**ASHER KELLY PLLC**
25800 Northwestern Highway, Suite 1100
Southfield, Michigan 48075
Telephone: (248) 746-2710
mhenzi@asherkellylaw.com
cbdunn@asherkellylaw.com

*Liaison Counsel for Lead Plaintiff*
*City of Hollywood Police Officers'*
*Retirement System and the Proposed Class*


[signatures continued on following page]


2

Robert D. Klausner
Stuart Kaufman
**KLAUSNER, KAUFMAN, JENSEN &
LEVINSON**
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Lead Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that, on May 8, 2025, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

DATED: May 8, 2025                    Respectfully submitted,

                                      */s/ Jake Bissell-Linsk*
                                      Jake Bissell-Linsk (N.Y. 5445911)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| IN RE GENERAL MOTORS COMPANY SECURITIES LITIGATION | ) Case No. 4:23-cv-13132-SDK-EAS<br>)<br>) District Judge Shalina D. Kumar<br>) Magistrate Judge Elizabeth A.<br>) Stafford<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN RESPONSE TO GM DEFENDANTS' MOTION**
**FOR CLARIFICATION AND/OR RECONSIDERATION**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii

STATEMENT OF ISSUES PRESENTED ............................................................iv

STATEMENT OF CONTROLLING OR MOST APPROPRIATE
      AUTHORITIES.................................................................................................v

ARGUMENT ...........................................................................................................2

I.     The GM Defendants Fail to Establish the Threshold Requirements for
      a Motion for Clarification or Reconsideration ...............................................2

II.    The Order Is Consistent and Substantively Correct .......................................6

      A.     The Commercialization Statements Are Attributable to GM ...............6

      B.     The Court's Finding of Waiver Is Not Inconsistent with Its
           Scienter Findings.................................................................................10

III.   This Court's Findings as to the Section 20(a) Claims Against the GM
      Individual Defendants Should Not Be Disturbed..........................................14

CONCLUSION.......................................................................................................15

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC Bev. Corp. & Subs. v. United States*,
   577 F. Supp. 2d 935 (W.D. Mich. 2008), *aff'd*, 756 F.3d 438 (6th
   Cir. 2014) .................................................................................................6

*Brenay v. Schartow*,
   709 F. App'x 331 (6th Cir. 2017) ...............................................4, 6, 11

*City of Austin Police Ret. Sys. v. Kinross Gold Corp.*,
   957 F. Supp. 2d 277 (S.D.N.Y. 2013) .................................................6, 9

*Collins v. Wells Fargo Bank, N.A.*,
   2025 WL 549322 (N.D. Ohio Feb. 19, 2025) ......................................2, 3

*Good v. BioLife Plasma Servs., L.P.*,
   647 F. Supp. 3d 555 (E.D. Mich. 2022) ..............................................3, 11

*Janus Cap. Grp., Inc. v. First Derivative Traders*,
   564 U.S. 135 (2011) ..........................................................................6, 9

*Masjid Malcolm Shabazz House of Worship, Inc. v. City of Inkster*,
   2022 WL 866402 (E.D. Mich. Mar. 23, 2022) .....................................3, 11

*McPherson v. Kelsey*,
   125 F.3d 989 (6th Cir. 1997) ...................................................................4

*N.L.R.B. v. Int'l Health Care, Inc.*,
   898 F.2d 501 (6th Cir. 1990) ...................................................................6

*In re Oakland Physicians Med. Ctr., L.L.C.*,
   2020 WL 1323995 (E.D. Mich. Mar. 20, 2020) ......................................2

*SEB Inv. Mgmt. AB v. Wells Fargo & Co.*,
   742 F. Supp. 3d 1003 (N.D. Cal. 2024) ....................................................9

*Shupe v. Rocket Cos.*,
   660 F. Supp. 3d 647 (E.D. Mich. 2023) ....................................................9

ii

*Smith v. Mount Pleasant Pub. Schs.*,
   298 F. Supp. 2d 636 (E.D. Mich. 2003) ...............................................................3

*State Farm Fire & Cas. Co. v. Liberty Ins. Underwriters, Inc.*,
   613 F. Supp. 2d 945 (W.D. Mich. 2009)...........................................................1, 6

**Statutes & Rules**

E.D. Mich. LR 7.1.....................................................................................*passim*

## STATEMENT OF ISSUES PRESENTED

1.      Whether the GM Defendants have sufficiently established that the Order is vague or ambiguous such that it requires clarification?

2.      Whether this Court's decision sustaining claims against the GM Defendants based on the Commercialization Statements was a "mistake" warranting reconsideration, despite this Court's determination that Defendants waived any substantive challenge to those claims, and despite the underlying strength of Plaintiffs' allegations concerning the Commercialization Statements?

iv

## STATEMENT OF CONTROLLING
## OR MOST APPROPRIATE AUTHORITIES

The controlling or most appropriate authorities that support Plaintiffs'

Response in Opposition to Defendants' Motion for Clarification and/or

Reconsideration include:

1.    E.D. Mich. Local Rule 7.1(h)

2.    *Brenay v. Schartow*, 709 F. App'x 331 (6th Cir. 2017)

3.    *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277
       (S.D.N.Y. 2013)

4.    *Collins v. Wells Fargo Bank, N.A.*, 2025 WL 549322 (N.D. Ohio Feb. 19,
       2025)

5.    *Good v. BioLife Plasma Servs., L.P.*, 647 F. Supp. 3d 555 (E.D. Mich. 2022)

6.    *Shupe v. Rocket Cos.*, 660 F. Supp. 3d 647 (E.D. Mich. 2023)

7.    *State Farm Fire & Cas. Co. v. Liberty Ins. Underwriters, Inc.*, 613 F. Supp.
       2d 945 (W.D. Mich. 2009)

v

On May 13, 2024, Plaintiffs filed the Amended Consolidated Class Action Complaint (ECF No. 23, PageID.240-445, the "AC," cited as "¶_").  It alleges that Defendants—including GM—made several types of actionable misstatements.   The Motion narrowly concerns the misstatements claiming that Cruise's Autonomous Vehicle ("AV") technology was ready for commercialization and revenue generation (the "Commercialization Statements").  ¶¶278, 286, 304, 306, 330.

Defendants moved to dismiss (ECF No. 31, PageID.480-526, the "MTD"), but did not challenge the claims premised on the Commercialization Statements. While the GM Defendants tried to contest those statements for the first time on reply (ECF No. 42, PageID.2405-25, the "Reply Brief"), the Court firmly ruled that:

> Because defendants did not assert arguments as to the commercialization statements in their opening briefs, they waived such arguments.  *See State Farm Fire & Cas. Co. v. Liberty Ins. Underwriters, Inc.*, 613 F. Supp. 2d 945, 968 (W.D. Mich. 2009).  Accordingly, the Court declines to further analyze the Technology Statement Claims based on the commercialization statements.

Order at 12; *id.* at 61 (expressly sustaining the Commercialization Statements against all Defendants).  Despite this perfectly clear and appropriate ruling as to Defendants' waiver, and despite the underlying strength of the claims, the GM Defendants now ask the Court to "clarify and/or reconsider" this portion of the Order.  Mot. at 1.

Defendants do not identify any need for clarification and fall far short of the onerous requirements for seeking reconsideration.  The Motion should be denied.

<u>**ARGUMENT**</u>[1]

I.      **The GM Defendants Fail to Establish the Threshold Requirements for a Motion for Clarification or Reconsideration**

The Motion requests that the Court "clarify and/or reconsider" the Order (*id.*) but does not establish that either clarification or reconsideration is appropriate.

While the "Federal Rules . . . do not provide for a motion for clarification," such motions can be appropriate to "clarify the scope" of an "ambiguous or vague" order. *Collins v. Wells Fargo Bank, N.A.*, 2025 WL 549322, at *3 (N.D. Ohio Feb. 19, 2025); *In re Oakland Physicians Med. Ctr., L.L.C.*, 2020 WL 1323995, at *2 (E.D. Mich. Mar. 20, 2020) ("[T]he general purpose of a motion for clarification is to explain or clarify something 'ambiguous or vague' in the court's order.").

The GM Defendants do not even attempt to identify any vague or ambiguous language in the Order.  Their request to "clarify" is so perfunctory that the Motion is entirely devoid of any law or argument concerning motions for clarification.

This is probably because the Order is indisputably clear and unambiguous: it expressly states that the GM Defendants waived arguments concerning the Commercialization Statements (Order at 12); and it identifies—in two distinct paragraphs at the end of the Order—which claims (and alleged misstatements) are sustained and which are dismissed. *Id.* at 61.

---

[1] Unless otherwise noted, terms are defined as stated in the AC.  All emphasis is added and internal citations and quotation marks omitted, unless otherwise noted.

There is simply nothing to "clarify" with respect to the Court's Order denying the MTD as to the claims based on the Commercialization Statements. *See Collins*, 2025 WL 549322, at *3 (denying motion for clarification because it did not "seek to clarify the scope" of a prior order or identify "ambiguous or vague" language).

The GM Defendants' request for reconsideration fares no better. "[A] motion for reconsideration is not a second bite at the apple." *Masjid Malcolm Shabazz House of Worship, Inc. v. City of Inkster*, 2022 WL 866402, at *7 (E.D. Mich. Mar. 23, 2022). Nor is it a vehicle "to re-hash old arguments or to advance positions that could have been argued earlier." *Smith v. Mount Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). Motions for reconsideration are "disfavored" and only appropriate in specific enumerated circumstances. E.D. Mich. LR 7.1(h)(2).

The GM Defendants only seek reconsideration on the grounds that the Court made a mistake. Mot. at 1 (citing only E.D. Mich. LR 7.1(h)(2)(A)). To seek reconsideration on that basis, they must establish both (i) that a "mistake" in the Order would "change[] the outcome" *and* (ii) that the "mistake" was a "substantive error in the [C]ourt's legal analysis or factual findings based on the record at the time of the decision." *Good v. BioLife Plasma Servs., L.P.*, 647 F. Supp. 3d 555, 559-60 (E.D. Mich. 2022); E.D. Mich. LR 7.1(h)(2)(A) (permitting reconsideration if "the court made a mistake, correcting the mistake changes the outcome . . . and the mistake was based on the record and law [previously] before the court").

3

The Motion does not prove that it was a "mistake" for the Court to sustain claims against the GM Defendants for the Commercialization Statements on the grounds that Defendants did not challenge those statements in the MTD.  *See* Order at 12, 61.  Rather, the GM Defendants made a strategic decision to avoid discussion of the most compelling category of misstatements, regret that decision, and seek to improperly use the Motion to excuse what they now apparently see as ***their own strategic mistake***.  Defendants offer two weak theories challenging the Order.

**First**, the GM Defendants contend in a footnote that they did not waive arguments concerning the Commercialization Statements because, although they did not pursue any substantive argument challenging these statements, the MTD included a boilerplate assertion that "Plaintiffs' claims should be dismissed in their entirety."  Mot. at 3 n.2 (citing MTD at vi, 3).  But "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived," *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997), and courts "routinely decline to consider perfunctory arguments." *Brenay v. Schartow*, 709 F. App'x 331, 336-37 (6th Cir. 2017) ("[I]t is not for the court to search the record and construct arguments.  Parties must do that for themselves.").

Somewhat ironically, the GM Defendants relegate this argument—about their prior boilerplate language—to a footnote; it obviously was not a "mistake" for the Court not to credit this boilerplate language as a basis to dismiss claims.

**Second**, the GM Defendants argue the Court should reconsider its decision as to claims premised on the Commercialization Statements because, in their view, that portion of the Court's Order was inconsistent with other parts of the Order.

This argument merely espouses the GM Defendants' false belief that there is some hint within the Order that, ***if they had*** challenged the claims based on the Commercialization Statements, perhaps the Court would have dismissed those claims. Even crediting that belief, it would not support reconsideration. It is not a "mistake" for the Court to apply black letter law concerning the GM Defendants' waiver of arguments, and—as previously stated—"it is not for the court to search the record and construct arguments. Parties must do that for themselves." *Id.* But that is precisely what the GM Defendants request—*i.e.*, based on their own misinterpretation of other portions of the Order, they believe the Court should have "search[ed] the record and construct[ed]" arguments on Defendants' behalf against Plaintiffs' claims based on the Commercialization Statements.

Moreover, Defendants are simply wrong in their suggestion that any portion of the Order suggests the Court would have dismissed the claims based on the Commercialization Statements if they were challenged. *See* Section II. Those claims were adequately alleged against all Defendants—including the GM Defendants—meaning reconsideration is improper because it would not "change[] the outcome" of the Order. E.D. Mich. LR 7.1(h)(2)(A); *see* Section II.

## II.      The Order Is Consistent and Substantively Correct

The Motion argues that the Order is inconsistent because it dismissed some claims against the GM Defendants, while sustaining the Commercialization Statements claims.  While that supposed tension would not be a valid basis to seek reconsideration (*see supra* at 7), the GM Defendants are incorrect that such tension exists.  The Commercialization Statement claims against GM are actionable because (1) those statements are attributable to GM (*see* Section II(A)); and (2) GM made them with scienter (*see* Section II(B)).  No portion of the Order suggests otherwise.

### A.      The Commercialization Statements Are Attributable to GM

In their MTD, Defendants did not deny that the Commercialization Statements are attributable to GM.  It was a "mistake" for the Court to not make this argument for them.  *Brenay*, 709 F. App'x at 336-37.  As the Court correctly held, arguments not raised in a motion to dismiss are waived.  Order at 12; *State Farm*, 613 F. Supp. 2d at 968 (similar).[2]  Indeed, in *Kinross,* Defendants sought reconsideration on the basis that misstatements could not be attributed to certain Defendants under *Janus* (*see infra* n.5), and the court summarily rejected that argument because Defendants did not raise it in their motion to dismiss.  *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 315-16 (S.D.N.Y. 2013).

---

[2] *See also N.L.R.B. v. Int'l Health Care, Inc.*, 898 F.2d 501, 506 n. 5 (6th Cir. 1990) (similar); *ABC Bev. Corp. & Subs. v. United States*, 577 F. Supp. 2d 935, 950 n.16 (W.D. Mich. 2008), *aff'd*, 756 F.3d 438 (6th Cir. 2014) (similar).

6

Moreover, Plaintiffs clearly asserted claims against the GM Defendants for the Commercialization Statements, which *are* properly attributable to GM.

**First**, the AC unambiguously alleges that the Commercialization Statements (most directly uttered by Ammann and Vogt) are properly attributable to GM. Specifically, Plaintiffs alleged that "[e]ach statement . . . in this Section by or attributed to Cruise, Vogt, [or] Ammann . . . can also be *attributed to GM*." ¶260. Among other reasons, Plaintiffs supported that allegation by also alleging that (1) "Cruise was part of GM," (2) "Cruise was held out publicly to be part of GM," and (3) "GM had ultimate control over Cruise." *Id*. Plaintiffs also reiterated these allegations in their MTD opposition. *See also* ECF No. 39 at 7 n.2, PageID.2302.

**Second**, each of the five Commercialization Statements are clearly attributable to GM, based on the context in which they were delivered.

Defendant Ammann uttered two of the statements (¶¶278, 286) during a *GM* "Investor Day" call. Corporations operate largely through subsidiaries, and when an executive who is employed most directly by a corporate subsidiary speaks at the publicly traded parent's "Investor Day," he clearly does so on behalf of the parent corporation hosting that event—*i.e.*, GM. Indeed, Ammann is listed on the call transcript as a "Company Participant" from the "General Motors Company," *just like* GM's CEO Defendant Barra. ECF No. 31-4 (Ex. 3), PageID.547; *see* Order at 10 (granting judicial notice of exhibits' that Defendants attached to their MTD).

Defendant Vogt uttered two of the Commercialization Statements (¶¶304, 306) while appearing on behalf of GM at a Morgan Stanley analyst conference as part of the "GM Company Conference Presentation," the transcript of which was posted to GM's website.  ECF No. 32-7 (Ex. 6), PageID.1681.[3]  During his remarks, Vogt commented on how Cruise was "part of GM," and that "the teams at Cruise and GM . . . work in lockstep . . . they're in the same meetings," which supports the conclusion that he was speaking on behalf of (*i.e.*, "as part of") GM.  *Id.*

Defendant Vogt uttered the last Commercialization Statement during GM's appearance at a Goldman Sachs analyst conference.  ¶330.  GM's website touted Defendant Barra and Vogt's appearance as a "joint keynote," noting that Vogt was "representing the companies" (*i.e.*, GM and Cruise).[4]  The conversation was led by an analyst who covers GM, and the transcript was titled, "GM Company Conference Presentation."  ECF No. 31-30 (Ex. 29), PageID.1127.  Barra introduced Vogt with several statements, which demonstrate that Cruise was part of GM and Vogt was speaking for GM, including: "all this is GM" and "your going to hear from [Vogt] . . . about how *we* plan to scale that business."  *Id.* at PageID.1129-30.

---

[3] Events, *Cruise to Participate in Morgan Stanley Technology, Media & Telecom Conference*, GM (Mar. 10, 2022), https://investor.gm.com/events/event-details/cruise-participate-morgan-stanley-technology-media-telecom-conference.

[4] Events, *General Motors and Cruise to Participate in the Goldman Sachs Communacopia + Technology Conference 2022*, GM (Sept. 12, 2022), http://investor.gm.com/events/event-details/general-motors-and-cruise-participate-goldman-sachs-communacopia-technology.

Furthermore, there is no inconsistency between attributing the Commercialization Statements to GM, while finding that the Accident Statements were only attributable to Cruise.  While Plaintiffs believe both sets of statements are properly attributable to GM, the case for attribution of the Commercialization Statements to GM is much stronger than the case for attribution of the Accident Statements to GM.  Unlike the Commercialization Statements (which were uttered during GM's investor/analyst-centric communications (*see supra* at 9-10)), the Accident Statements were disseminated via the media by Cruise employees without the same sort of direct indication or representation of GM's broader involvement.

**Third**, statements made by a human (as opposed to an entity) are routinely attributable to the corporate entities that exert control over that person or whom that person appears publicly to represent.  *See, e.g.*, *Shupe v. Rocket Cos.*, 660 F. Supp. 3d 647, 675 (E.D. Mich. 2023) (sustaining claims based on statements uttered by individual defendants against the corporate defendant); *Kinross*, 957 F. Supp. 2d at 308-09 (sustaining claims against corporate entity based on statement uttered by a senior vice president of projects); *SEB Inv. Mgmt. AB v. Wells Fargo & Co.*, 742 F. Supp. 3d 1003 (N.D. Cal. 2024) (similar).[5]

---

[5] Despite what the GM Defendants suggest (Mot. at 3 n.1), attribution to GM is consistent with *Janus* because the Supreme Court observed that, when attribution is "implicit from surrounding circumstances," it is strong evidence that a statement was made by the party to whom it is attributed.  *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142-43 (2011).

**Fourth**, the GM Defendants' only substantive argument challenging the attribution of the Commercialization Statements to GM is premised on a misinterpretation of statements by counsel for Plaintiffs at oral argument.

The Court asked Plaintiffs' counsel whether Plaintiffs were "asserting liability against *individual defendants* based on other Defendants' statements?" *See* ECF No. 52 at 59:8-22, PageID.3128. Plaintiffs' counsel responded to that question by explaining that "control-person liability" against each Individual Defendant (*i.e.*, the "people who run the business") is only asserted against each human as to the statements attributed to the entity for whom they act as a control person. *Id.* Plaintiffs' counsel was not discussing which entities are liable for which statements uttered by humans, but about which humans are liable as control persons for which entities. Plaintiffs were not abruptly abandoning their clearly stated allegation that the misstatements uttered by Vogt and Amman were "*attributed to GM*." ¶260.

For these reasons, the Commercialization Statements are attributable to GM, and so the inconsistency the GM Defendants imagine does not exist.

### B.      The Court's Finding of Waiver Is Not Inconsistent with Its Scienter Findings

The Motion also argues there is some inconsistency between this Court's ruling that Plaintiffs had not pled a strong inference of scienter against the GM Defendants for claims based on the "Level 4" Statements, and the decision to sustain the Commercialization Statement claims against the GM Defendants. Mot. at 4-5.

Again, the GM Defendants are simply seeking a "second bite at the apple" to contest issues they previously waived. *Masjid*, 2022 WL 866402, at *7. Defendants did not merely fail to contest the Commercialization Statements as false and misleading; they entirely failed to substantively address that aspect of the fraud. *See* ECF No. 39 at 12, PageID.2307 ("Defendants offer no response denying or even addressing" the Commercialization Statements.). It was entirely correct to sustain the Commercialization Statements on the basis of Defendants' waiver. Order at 12.

The GM Defendants' argument boils down to a theory that they lodged their challenges to scienter in such general terms that "all of [their] arguments" on scienter are "equally applicable" to the Commercialization Statement claims. Mot. at 4-5. But it is not the Court's job to "search the record" for commentary that may be "applicable" to issues Defendants waived (*Brenay*, 709 F. App'x at 336-37), and declining to do so is not a "mistake" (*Good*, 647 F. Supp. 3d at 559-60).

Furthermore, the GM Defendants' theory would not change the "outcome" of the Order, meaning it cannot support reconsideration. *See* E.D. Mich. LR 7.1(h)(2)(A). If Defendants' scienter arguments were so generic that they were "equally applicable" to all categories of misstatements, including ones they did not even mention, they surely cannot require dismissal. While scienter allegations are often mutually reinforcing, the scienter question differs as to each type of misstatement. It is not enough for the Defendants to challenge scienter generally.

11

This point is well highlighted in considering the difference between scienter as relevant to the Level 4 Statements and the Commercialization Statements.

The Level 4 Statements claimed Cruise's AV technology met the technical requirements for Level 4 autonomy.  The Order determined that the AC did not plead a strong inference that the GM Defendants had knowledge of the relevant technical deficiencies.  *E.g.*, Order at 36 (Plaintiffs failed to establish GM Defendants' knowledge that "Cruise AVs were frequently executing DDT fallbacks improperly" or that "remote operators manually directed the AVs DDTs 2-4% of the time.").

The Commercialization Statements, on the other hand, conveyed that Cruise's AV technology had reached the point of readiness for commercialization and revenue generation.  Knowledge that these statements were false and misleading is less dependent on a granular understanding of Cruise AV's technical capabilities (*e.g.*, its frequent improper DDT fallbacks), and more dependent based on an understanding of the technology's functional status and ability to generate revenue.

There is no inconsistency in the prospect of the GM Defendants being knowledgeable about the more business-centric facts concerning readiness for commercialization, while not being aware of information that rendered the Level 4 Statements misleading.  While resolving the Motion does not require relitigating the merits (including because Defendants simply waived all challenges to the Commercialization Statement claims), a few examples are illustrative.

12

The AC alleged that Cruise's business was sufficiently core to GM's prospects that it would be reasonable to infer a degree of knowledge over Cruise's technology. *See* ¶¶384-88.  Plaintiffs argued this point in their MTD opposition (ECF No. 39 at 41-42, PageID.2336-37) and, in submitting supplemental authority, elaborated on the practical nature of this sort of inference (ECF No. 50, PageID.3114-20).

The reasonable inferences concerning the GM Defendants' knowledge of Cruise's readiness for commercialization could easily be different from those concerning the GM Defendants' knowledge of more detailed technical issues. Indeed, the Court found that "Cruise's AV technology was extremely important to GM in general" and that Defendant Barra "paid special attention to Cruise's AV technology due to its importance to GM," but *narrowly* concluded that the scienter allegations were not sufficient to establish knowledge of the technical issues rendering the Level 4 Statements misleading.  Order at 33-34.

As another example, consider the allegations that: (i) five Cruise Board Members were also GM executives, including Defendant Barra; (ii) Cruise's Board was given multi-year projections and reports providing insights and updates used to make such projections; (iii) Barra attended Cruise's 2022 annual Board Meeting; and (iv) during Cruise's annual Board Meeting, presentations were made by Cruise employees concerning financial projections, including assessments of how Cruise AVs were expected to develop, as relevant to Cruise's projections.  ¶¶399-401.

13

While relevant to both topics, these allegations more plainly support a finding that Plaintiffs alleged a strong inference of scienter as to the Commercialization Statements (whether by imputation of scienter from Defendant Barra or a broader theory of corporate scienter) than an inference of GM's knowledge of the more technical details concerning whether Cruise's AVs had achieved Level 4 autonomy.

There is one additional basis to reject the GM Defendants' theory that this Court made a "mistake" in not constructing an argument challenging scienter as to the Commercialization Statements out of Defendants' general commentary about scienter.  When faced with Plaintiffs' opposition to the MTD, which discussed Defendants' waiver of any challenge to the Commercialization Statement claims (ECF No. 39 at 12, PageID.2307), Defendants argued that the pursuit of those claims was a "new" theory (Reply Brief at 7).  While entirely nonsensical, that argument belies the notion that Defendants intended their other scienter analysis to apply to the (not at all really) "new" Commercialization Statement theory.

## III. This Court's Findings as to the Section 20(a) Claims Against the GM Individual Defendants Should Not Be Disturbed

Because, as detailed herein, the Court correctly sustained Plaintiffs' Section 10(b) claims against GM premised on the Commercialization Statements, it also correctly denied the MTD with respect to the Section 20(a) claims against the GM Individual Defendants.  Order at 61.  This determination should not be disturbed.

14

## CONCLUSION

For the reasons detailed above, the Motion should be denied.

DATED: May 8, 2025

Respectfully submitted,

*/s/ Jake Bissell-Linsk*
Carol C. Villegas (N.Y. 4154324)
Jake Bissell-Linsk (N.Y. 5445911)
Guillaume Buell (N.Y. 4820288)
Matthew J. Grier (N.Y. 5502216)
Adam Federer (N.Y. 5574439)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
cvillegas@labaton.com
jbissell-linsk@labaton.com
gbuell@labaton.com
mgrier@labaton.com
afederer@labaton.com

*Lead Counsel for Lead Plaintiff*
*City of Hollywood Police Officers'*
*Retirement System and the Proposed Class,*
*and additional named plaintiff Plymouth*
*County Retirement Association*

Matthew Henzi
Cynthia Billings-Dunn
**ASHER KELLY PLLC**
25800 Northwestern Highway, Suite 1100
Southfield, Michigan 48075
Telephone: (248) 746-2710
mhenzi@asherkellylaw.com
cbdunn@asherkellylaw.com

*Liaison Counsel for Lead Plaintiff*
*City of Hollywood Police Officers'*
*Retirement System and the Proposed Class*

15

Robert D. Klausner
Stuart Kaufman
**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Lead Plaintiff*

16