# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE GENERAL MOTORS COMPANY SECURITIES LITIGATION | Case No. 4:23-cv-13132-SDK-EAS<br><br>District Judge Shalina D. Kumar<br><br>Magistrate Judge Elizabeth A. Stafford |

# GM DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION FOR CLARIFICATION AND/OR RECONSIDERATION

Plaintiffs do not dispute the principle established by the Supreme Court in *Janus Capital Group, Inc.* v. *First Derivative Traders*, 564 U.S. 135, 141-44 (2011), that defendants cannot be directly liable under the federal securities laws for statements that they did not make.  Acknowledging this incontrovertible proposition, Plaintiffs rightly conceded at oral argument that they were not bringing claims against any defendant for statements they did not themselves make.  ECF No. 52, PageID.3186-3187.  Plaintiffs also do not dispute that the Cruise Defendants—not GM Defendants—made the Commercialization Statements.[1]  That should be the end of the matter.  Instead, Plaintiffs try to avoid this clear application of law by (1) backtracking from their concessions at oral argument, (2) pressing a new and unsupported theory that they can assert Section 10(b) claims against **GM** for **Cruise's** statements, and (3) misconstruing the record as to the GM Defendants' scienter arguments.

First, Plaintiffs' attempt to backtrack from their concession, ECF No. 58, PageID.3295, should be rejected.  Plaintiffs affirmed that they were "asserting liability as to each Defendant as to his or her own statement" and then noted they were "*also* asserting control-person liability," but that "the primary theory is that

---

[1] This brief uses defined terms and abbreviations set forth in the moving brief. ECF No. 54, PageID.3256-3266.  For quoted material, unless otherwise indicated, all emphasis is added and all internal alterations, footnotes, quotations, and citations have been omitted.

each person is responsible for their own statement[s]." ECF No. 52, PageID.3186. Plaintiffs did not assert, in response to a clear question from the Court, that they were bringing claims against GM for statements made by Cruise. *Id.* Quite the contrary. When counsel for the GM Defendants argued that "GM is liable for GM's own statements" but that "GM is not responsible for Cruise's statements," ECF No. 52, PageID.3187, Plaintiffs stayed mum. ECF No. 52, PageID.3192-3193.[2] Plaintiffs should not be allowed to reverse course now.

Second, Plaintiffs now argue that they can assert Section 10(b) claims against **GM** for **Cruise's** statements. ECF No. 58, PageID.3291-3295. But consistent with the fact that Plaintiffs *conceded this position*, Plaintiffs had not provided any support for this theory. In their Response to Defendants' Motions to Dismiss, Plaintiffs claimed in two conclusory footnotes that "conduct by Cruise is imputed to GM" and that "conduct by Cruise is attributable to GM." ECF No. 39, PageID.2302 n.2, 2352 n.19. Plaintiffs failed to cite any legal authority, specify what "conduct" Plaintiffs were referencing, or explain what "attributable" or "imputed" meant. *Id.*

Nor could they. Plaintiffs' substantive arguments as to attribution are

---

[2] The Court's treatment of the Accident Statements—and Plaintiffs' concession as to them—underscore the point. The Court dismissed "the Accident Statement Claims as to the GM Defendants because those claims relate to alleged misstatements made only by the Cruise Defendants." ECF No. 53, PageID.3243; *see also* ECF No. 53, PageID.3247 (holding that Cruise's accident statements "were not made by GM").

2

contradicted by binding precedent, including the Supreme Court's decision in *Janus*. Conclusory allegations that "Cruise was part of GM" or that "GM had ultimate control over Cruise," ECF No. 58, PageID.3292, fail because a corporation does not make a statement—and thus cannot be liable for Section 10(b) violations—even where it "exercise[s] significant influence" over a speaker-corporation and has a "uniquely close relationship" with it, so long as "corporate formalities were observed. *Janus*, 564 U.S. at 145-46. Further, that statements allegedly were made during GM-associated events or referenced on GM's website, ECF No. 58, PageID.3293-3294, also fails as a matter of law to transform GM into the maker of Cruise's statements.  As the Supreme court explained in *Janus*, being "significantly involved in preparing the" statement and hosting statements "on its Web site is also not a basis for liability." 564 U.S. at 148 & n.12. Indeed, Plaintiffs fail to allege— as they must under *Janus*—that GM had "authority over the content" of Cruise's statmenets and "whether and how to communicate it." *Id.* at 144. At bottom, Plaintiffs seek to hold one corporation liable for another corporation's executives' statements, which is impermissible under *Janus*.

Finally, GM Defendants' reconsideration motion explained that even if Plaintiffs asserted viable Section 10(b) claims against the GM Defendants for statements they did not make, reconsideration is still warranted because the Court did not address an alternate ground for dismissal—Plaintiffs' failure to plead the GM

3

Defendants' scienter as to the Commercialization Statements .  ECF No. 54, PageID.3264-3265.  Plaintiffs argue that Defendants only "challenge[d] scienter generally."  ECF No. 58, PageID.3296.  But Plaintiffs ignore that the GM Defendants' motion expressly argued that the Complaint does not plead knowledge "that Cruise vehicles were *less advanced* than their public statements conveyed." ECF No. 31, PageID.516.  This is precisely Plaintiffs' commercialization theory. ECF No. 39, PageID.2305.[3]

Despite Plaintiffs' attempt to differentiate the Commercialization Statements, the GM Defendants demonstrated—and the Court found—that Plaintiffs' scienter allegations failed to suggest that any GM Defendant knew facts contradicting *any* of their alleged misstatements.  ECF No. 53, PageID.3226-3230; ECF No. 31, PageID.515-521.  For example, the GM Defendants explained that receiving "updates" and "reports" does not support scienter without "detail about exactly what was discussed."  ECF No. 31, PageID.516 (citing cases); *see also* ECF No. 31, PageID.517 (explaining complaint does not allege "any information about Cruise was ever communicated").  And because scienter is not pleaded as to any GM Individual Defendant concerning the Commercialization Statements (or anything

---

[3] The Court analyzed the GM Defendants' scienter as to the Level 4 statements— and not the Commercialization Statements—because of the finding that Defendants waived all arguments for dismissal, ECF No. 53, PageID.3205, but Plaintiffs themselves only argued waiver as to falsity.  ECF No. 39, PageID.2307.

else), the claim against GM itself must fail for failure to plead scienter.  ECF No. 53, PageID.3230.

## **CONCLUSION**

For the foregoing reasons and those in the GM Defendant's opening brief, the claims under Sections 10(b) and 20(a) based on the Commercialization Statements should be dismissed against the GM Defendants.

DATED:  May 15, 2025                           Respectfully submitted,

/s/ *Roger P. Meyers*

Daniel J. Kramer (N.Y. 1979392)          Stephanie A. Douglas (P70272)
Andrew J. Ehrlich (N.Y. 4103909)         Roger P. Meyers (P73255)
Richard C. Tarlowe (N.Y. 4122677)        **BUSH SEYFERTH PLLC**
Kristina A. Bunting (N.Y. 5510847)
**PAUL, WEISS, RIFKIND,**
  **WHARTON & GARRISON LLP**

*Counsel for the GM Defendants*

5