UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE GENERAL MOTORS
COMPANY SECURITIES
LITIGATION

Case No. 23-13132
Honorable Shalina D. Kumar
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR CLARIFICATION AND/OR RECONSIDERATION (ECF NO. 54)**

## I.     Introduction

Lead plaintiff City of Hollywood Police Officers' Retirement System and named plaintiff Plymouth County Retirement Association (together, "plaintiffs") brought this putative federal securities class action on behalf of themselves and a class consisting of all persons who purchased GM securities between February 24, 2021 and November 8, 2023 (the "Class Period"). ECF No. 23, PageID.433, ¶449. Plaintiffs bring claims for securities fraud under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 75a *et seq.*, and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5 ("Rule 10b-5") against defendants General Motors Company ("GM"), Mary T. Barra, Paul A. Jacobson, Doug L. Parks

(collectively, "GM Defendants"), as well as Cruise LLC ("Cruise"), Kyle Vogt, Wayne G. West, and Daniel Ammann (collectively, "Cruise Defendants"). *Id*. at ¶¶ 458-85.

Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) and 9(b), ECF Nos. 31-32, which the Court granted in part and denied in part in its March 28, 2025, opinion and order (ECF No. 53) (the "Opinion"). GM Defendants now move the Court to clarify and/or reconsider its denial of their motion to dismiss as it relates to the remaining Section 10(b) claim against them and the Section 20(a) claims against Barra, Jacobson, and Parks as control persons of GM. Specifically, the GM Defendants argue that clarification and/or reconsideration is warranted because: (1) "all parties and the Court agree that . . . none of the GM Defendants made the Commercialized Statements"; (2) "as a matter of law, GM Defendants cannot be liable for statements they did not make . . . ."; and (3) if the Court denies clarification and/or reconsideration of grounds 1 and 2, plaintiffs did not adequately allege "that the GM Defendants possessed the requisite scienter for the Commercialization Statements . . . ." ECF No. 54, PageID.3259. Plaintiffs and GM Defendants submitted further briefing on this motion pursuant to this Court's order. ECF Nos. 58, 60.

For the following reasons, the Court grants the GM Defendants' motion for clarification and/or reconsideration.

## II.     Standard of Review

GM Defendants bring their motion under Local Rule 7.1(h)(2)(A). Under that rule, the Court will grant a motion for reconsideration of a non-final order only if there was "a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. L.R. 7.1(h)(2)(A). A motion for reconsideration is not a proper means "to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). "Fundamentally, 'a motion for reconsideration is not a second bite at the apple[.]'" *Masjid Malcolm Shabazz House of Worship, Inc. v. City of Inkster*, 2022 WL 866402, at *7 (E.D. Mich. Mar. 23, 2022) (quoting *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011)).

## III.     Analysis

GM Defendants moved to dismiss plaintiffs' Section 10(b) claims against them, including three categories of statements regarding Cruise AV's technology ("Technology Statements"): (1) "fully driverless"

statements; (2) "Level 4" statements; and (3) safety-comparison statements. ECF No. 31, PageID.492-93. But plaintiffs' response formulated an additional category of "Technology Statement" claims referred to as the "Commercialization Statements," arguing that their claims were based in part on alleged misstatements conveying that Cruise's AV technology had reached the point where Cruise could already operate a revenue-generating, fully driverless robotaxi business without additional research and development. *See* ECF No. 39, PageID.2293; *see also* ECF No. 23, ¶¶ 278, 286, 304, 306, 330. Those statements were made by Cruise executives, Vogt and Ammann. ECF No. 39, PageID.2304. Nevertheless, the GM Defendants failed to address the Commercialization Statements in their motion and only challenged these statements for the first time in their reply brief. *See* ECF No. 42, PageID.2416-17. As a result, the Court declined to assess the commercialization statements, reasoning that:

> Because defendants did not assert arguments as to the commercialization statements in their opening briefs, they waived such arguments. *State Farm Fire & Cas. Co. v. Liberty Ins. Underwriters, Inc.*, 613 F. Supp. 2d 945, 968 (W.D. Mich. 2009) Accordingly, the Court declines to further analyze the Technology Statement Claims based on the commercialization statements.

ECF No. 53, PageID.3205. Accordingly, plaintiffs' Section 10(b) claims against the GM Defendants concerning the Commercialization Statements survived their motion to dismiss, as did plaintiffs' Section 20(a) claims against Barra, Jacobson, and Parks as control persons of GM, which are based on GM's alleged misstatements regarding commercialization. ECF No. 53, PageID.3252-53.

Despite this waiver, GM Defendants argue that the Court erred by allowing the Section 10(b) claims to proceed against them because the five Commercialization Statements were made by Vogt and Ammann, rather than GM, Barra, Jacobson, or Parks. ECF No. 54, PageID.3262 (citing ECF No. 23, ¶¶ 278, 286, 304, 306, 330). Thus, they contend that they cannot be liable for statements that they did not make themselves as a matter of law. ECF No. 54, PageID.3262 n.1 (citing *Janus Capital Group Inc. v. First Derivative Traders*, 564 U.S. 135, 141 (2011)).[1]

---

[1] The Court declines to consider whether attributing Cruise's alleged misstatements to GM is consistent with *Janus*. The parties could have litigated *Janus*' applicability to the Commercialization Statements at the motion to dismiss stage, but they did not. Instead, they now seek, through this motion for reconsideration, an impermissible second bite at a motion to dismiss. As courts have made clear, "a motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith,* 298 F.Supp.2d at 637. Thus, the Court's consideration is limited to the parties' arguments regarding the

Additionally, GM Defendants assert that "[t]he Court should . . . clarify that the Section 10(b) claims against the GM Defendants is dismissed in its entirety[]" because at oral argument, "Plaintiffs conceded that they were not asserting any claim against any GM Defendant based on the Commercialization Statements made by Cruise." ECF No. 54, PageID.3263. Indeed, during oral argument, the Court asked plaintiffs' counsel to clarify which statements allegedly establish each defendant's liability:

> **The Court:** I just have a couple of clarifying questions for you. First, you are asserting liability against each Defendant based on their own statements. Are you also asserting liability against individual Defendants based on other Defendants' statements?
>
> **Mr. Grier:** Yeah – well, so we certainly are asserting liability as to each Defendant as to his or her own statement. We're also asserting control-person liability as to each Defendant for their own statements and the statements that are made under them. So, for example, the control persons of General Motors would be liable for not only their own statements but the statements of others at General Motors as well.
>
> **The Court:** The control people being?
>
> **Mr. Grier:** The people who run the business and are, you know, in charge of the operations of the business, but the primary theory is that each person is responsible for their own statement, your Honor.

_____

statements made at oral argument and the Court's interpretation and application of the same.

ECF No. 52, PageID.3186.

GM Defendants further point to the Court's interpretation of plaintiffs'

clarification in the Opinion, where it ruled that:

> For each claim, the complaint is not clear as to which statements allegedly establish each defendant's liability. At oral argument, plaintiffs clarified that they assert their claims as to each defendant based only on that defendant's own statements, except for the Section 20(a) claims, for which they assert control-person liability as to each individual defendant based on the statements made by employees at the company they allegedly controlled. ECF No. 52, PageID.3186-87. Accordingly, besides the Section 20(a) claims, plaintiffs assert their claims relating to alleged misstatements made by the GM Defendants against GM only; those made by Barra against Barra only; those made by Jacobson against Jacobson only; and so on. The clarification also means that plaintiffs assert their Section 20(a) claims relating to misstatements made by any individual working at GM against Barra, Jacobson, and Parks and those made by any individual working at Cruise against Barra, Jacobson, Parks, Vogt, West, and Ammann. The Court, therefore, grants Cruise's request to dismiss the Technology Statement Claims based on alleged misstatements made by GM as to Cruise. *See* ¶¶ 89, 91, 93, 94, 266, 268, 270, 272, 274, 290, 292, 294, 296, 302, 310, 312, 314, 316, 318, 320, 322, 324, 326, 334, 338, 342, 344, 348, 350, 352, 354.

ECF No. 53, PageID.3202, at n.2. Based on plaintiffs' representations

at oral argument and the Court's interpretation of the same, the Court

dismissed "the Accident Statement Claims as to GM Defendants

because those claims relate to alleged misstatements made only by

the Cruise Defendants." *Id.* at PageID.3243.

GM Defendants argue that allowing the Section 10(b) claim based on Commercialization Statements made by Cruise Defendants to remain against them is inconsistent with the Court's decision to dismiss the Accident Statements against the GM Defendants for claims related to alleged misstatements made only by the Cruise Defendants, and that this contradiction justifies reconsideration and dismissal of the Commercialization Statements against them. *See* ECF No. 54, PageID.3263 (citing ECF No. 53, PageID.3243).

Lastly, the GM Defendants argue that reconsideration is warranted because "'the Court did not consider defendants' alternative grounds for dismissal' . . . namely—plaintiffs' failure to plead scienter as to these statements." ECF No. 54, PageID.3264 (quoting *Saltmarshall* v. *VHS Children's Hosp. of Michigan, Inc.*, 402 F. Supp. 3d 389, 394 (E.D. Mich. 2019), *aff'd* 831 F. App'x 764 (6th Cir. 2020)).

The Court concludes that plaintiffs' representations at oral argument are determinative for the purposes of the present motion.  It erred by allowing the Commercialization Statement claims to proceed against the GM defendants on waiver grounds when the record reflects that plaintiffs conceded they were not pursuing claims against

the GM Defendants for alleged misstatements made by only the Cruise Defendants. Based on that representation, the Court should have dismissed the Section 10(b) Commercialization Statement claims against the GM Defendants. The reasoning behind dismissing the Accident Statement claims as to GM Defendants –that the alleged misstatements were made only by the Cruise Defendants—applies with equal force to the Commercialization Statements. Had the Court applied this reasoning to the Commercialization Statements, those Section 10(b) claims against the GM Defendants would have been dismissed. Of further consequence, the Section 20(a) claims against Barra, Jacobson, and Parks premised on their status as control persons of GM, would likewise have failed because plaintiffs did not adequately plead an underlying Section 10(b) violation.

Contrary to plaintiffs' assertion that they "clearly asserted claims against the GM Defendants for the Commercialization Statements, which are properly attributable to GM[,]" ECF No. 58, PageID.3292, the Court observed that it was unclear which statements allegedly supported liability as to each defendant. ECF No. 53, PageID.3202, at n.2. Accordingly, the Court specifically asked at oral argument whether plaintiffs were asserting liability against

Page **9** of **12**

individual defendants based on other defendants' statements and interpreted plaintiffs' response in resolving the issue. Notably, the Court's interpretation—and its application warranting the dismissal of the Accident Statement Claims as to GM Defendants on the ground that those claims relate to alleged misstatements made only by the Cruise Defendants—went uncontested by plaintiffs. If plaintiffs intended to pursue liability on the theory that misstatements made solely by Cruise executives are attributable not only to Cruise but also to GM based on GM's ownership of Cruise, etc., they had ample opportunity to make that position clear when specifically asked by the Court at oral argument. To the contrary, the position plaintiffs argue now conflicts with the concessions made at the hearing.

Further, the Court is not persuaded by plaintiffs' argument that the GM Defendants are misinterpreting plaintiffs' counsel's statements at oral argument, as the Court likewise interpreted these statements to mean that plaintiffs were *not* asserting claims against any GM Defendant based on alleged misstatements made by the Cruise Defendants. *See* ECF No. 53, PageID.3202, at n.2. ("[P]laintiffs clarified that they assert their claims as to each defendant based only on that defendant's own statements . . . besides the

Section 20(a) claims, plaintiffs assert their claims relating to alleged misstatements made by GM Defendants against GM only; those made by Barra against Barra only; those made by Jacobson against Jacobson only; and so on."). Indeed, plaintiffs clearly reiterated that their "primary theory is that each person is responsible for their own statement," by highlighting the control person theory of liability as the exception to that principle. ECF No. 52, PageID.3186.

Accordingly, the GM Defendants have demonstrated that they are entitled to relief under E.D. Mich. L.R. 7.1(h)(2) and the Court vacates its prior order to the extent that it denied the GM Defendants' motion to dismiss the Technology Statement Claims based on the Commercialization Statements against the GM Defendants, and by extension, the Section 20(a) claims against Barra, Jacobson, and Parks as control persons of GM.

## IV.   Conclusion

For the reasons above, the Court **GRANTS** defendants' motion for reconsideration and/or clarification (ECF No. 54). The Court **DISMISSES** plaintiffs' Technology Statement Claims, including the Commercialization Statements, against GM Defendants, and, by extension, the Section 20(a) claims against Barra, Jacobson, and Parks. Because these were the only

remaining claims against the GM Defendants, they are **DISMISSED** from the case.

    **IT IS SO ORDERED.**

<br>

|                              |                                      |
|------------------------------|--------------------------------------|
|                              | s/ Shalina D. Kumar                  |
|                              | SHALINA D. KUMAR                     |
| Dated: February 11, 2026     | United States District Judge         |