**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| IN RE GENERAL MOTORS COMPANY SECURITIES LITIGATION | Case No. 4:23-cv-13132-SDK-EAS<br><br>District Judge Shalina D. Kumar<br><br>Magistrate Judge Elizabeth A. Stafford |

## AGREED CONFIDENTIALITY ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and subject to the approval of the Court, it is hereby stipulated and agreed, by and among the parties ("Parties," and each a "Party") that the following Confidentiality Order shall govern the disclosure and use of information, documents, or things produced or exchanged during discovery in this matter. Accordingly, it is ORDERED:

1.    **Confidential Discovery Material.**

(a)    As used in this Order, "Confidential Discovery Material" means Discovery Material designated as Confidential by the Party or third party producing it ("Producing Party" or "Designating Party") that the Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) contains information that falls within one or more of the following categories:  (i) information prohibited from disclosure by statute or regulation; (ii) information subject to another confidentiality agreement;

(iii) information that reveals trade secrets as set forth in the Uniform Trade Secrets Act, meaning information including a formula, pattern, compilation, program, device, method, technique or process that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by, proper means by other persons who can obtain economic value from its disclosure or use, and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; (iv) research, development, technical, commercial, or financial information that the Producing Party has maintained as confidential or that is of a highly competitively sensitive nature and that a reasonably prudent business person in the applicable field would not release to or share with the public in the ordinary course of business, and the release of which would likely cause proprietary, competitive, or economic harm; (v) medical information concerning any individual, including without limitation Protected Health Information as defined by 45 C.F.R. § 160.103; (vi) personnel or employment information regarding any person who is not a Party; (vii) personal identifying information;[1] or (viii) other information of a nature that can be protected under Federal Rule 26(c) or Bankruptcy Rules 7026 or 9018.

---

[1] Pursuant to the ESI Protocol that the Parties have separately negotiated, a Producing Party may also redact personal identifying information consistent with Section I thereof.

(b)     Confidential Discovery Material shall not include any Discovery Material that: (i) at the time of the production hereunder is available to the public; (ii) after production hereunder becomes available to the public through no act, or failure to act, by the Party or third party receiving it ("Receiving Party"); or (iii) was received by the Receiving Party, after the time of production hereunder, from a third party having the right to make such disclosure.

2.     **Designation of Confidential Discovery Material.**

(a)     A Producing Party may designate a document as Confidential Discovery Material for protection under this Order by placing or affixing on each page a stamp or notice (insofar as possible) in a manner that will not interfere with the legibility of the document stating:

CONFIDENTIAL

The stamp or notice shall be applied prior to or at the time the documents are produced or disclosed. Applying the foregoing designation to a document does not mean that the document has any status or protection, by statute or otherwise, except to the extent and for the purposes of this Order. Any copies that are made of any documents designated as Confidential Discovery Material shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Discovery Material are not required to be

3

marked. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Discovery Material.

(b) To the extent it is not possible to mark such documents or things designated as Confidential Discovery Material, counsel may designate such documents or things as Confidential Discovery Material in the accompanying transmittal letter, or in an index accompanying the production. In the case of Discovery Material produced in native electronic format, the Producing Party shall produce a slipsheet marked CONFIDENTIAL.

3. **Highly Confidential Discovery Material.** As used in this Order, "Highly Confidential Discovery Material" means Discovery Material designated as Highly Confidential by the Producing Party that the Producing Party believes in good faith and by designating asserts the disclosure of which to another party or a non-party would create a substantial risk of serious financial harm or other injury that could not be avoided by less restrictive means.

4. **Designation of Highly Confidential Discovery Material.**

(a) A Producing Party may designate a document as Highly Confidential Discovery Material for protection under this Order by placing or affixing on each page a stamp or notice (insofar as possible) in a manner that will not interfere with the legibility of the document stating:

HIGHLY CONFIDENTIAL

The stamp or notice shall be applied prior to or at the time the documents are produced or disclosed. Applying the foregoing designation to a document does not mean that the document has any status or protection, by statute or otherwise, except to the extent and for the purposes of this Order. Any copies that are made of any documents designated as Highly Confidential Discovery Material shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Highly Confidential Discovery Material are not required to be marked.

(b)     To the extent it is not possible to mark such documents or things designated as Highly Confidential Discovery Material, counsel may designate such documents or things as Highly Confidential Discovery Material in the accompanying transmittal letter, or in an index accompanying the production. In the case of Discovery Material produced in native electronic format, the Producing Party shall produce a slipsheet marked HIGHLY CONFIDENTIAL.

5.     **Designation of Deposition Testimony.** Deposition exhibits produced in discovery shall carry the Confidential or Highly Confidential designation accompanying their production. Deposition transcripts and deposition exhibits not produced in discovery may be designated Confidential or Highly Confidential no later

than 30 days after receipt of the final deposition transcript or exhibits, respectively—during which time such transcripts or exhibits shall be treated as they would be if designated Confidential pursuant to this Order. Such designation may be made verbally at the deposition, or in writing after. If any part of a deposition transcript is designated as Confidential Discovery Material or Highly Confidential Discovery Material, the cover of the transcript shall state words to the effect, "CONTAINS CONFIDENTIAL INFORMATION AT PAGES [_____]" and/or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION AT PAGES [_____]," and each page so designated shall bear the legend "Confidential" or "Highly Confidential," according to the designation. When an exhibit marked Confidential or Highly Confidential is introduced at a deposition, the Designating Party may require that any observer (not invited by the Designating Party) who is not permitted to view such material under this Order be excluded from the deposition for the portion of the deposition relating to such material.

6.      **Material Used as Exhibits During Depositions.**  Nothing in Paragraph 5 shall apply to or affect the confidentiality designations of Discovery Material entered as exhibits at depositions.

7.      **Witness Review of Deposition Testimony.**  Nothing in Paragraphs 5 or 6 shall preclude the witness from reviewing his or her deposition transcript and accompanying exhibits.

8.      **Protection of Confidential Discovery Material.**

(a)     **Use of Confidential Discovery Material.**   Confidential Discovery Material shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including investigation, prosecution and/or defense of any claims, settlement negotiations, trial and appeal, and enforcement of any judgments entered in this litigation.

(b)     **Scope of Disclosure.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Discovery Material to any third party except as set forth in subparagraphs (1)–(11). Subject to these requirements, the following categories of persons may be allowed to review Confidential Discovery Material:

(1)    *Counsel*.  Counsel (including in-house counsel) for the Parties and employees of counsel who have responsibility for the action.

(2)    *Parties*. Individual parties and employees of a Party to the extent counsel for the party determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

(3)    *The Court*. The Court and its personnel.

(4)    *Court Reporters and Recorders*. Court reporters, recorders, and stenographers engaged for depositions and employees of vendors providing video recording services at depositions.

(5)    *Contractors and Vendors*. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process ESI.

(6)   *Consultants and Experts*.  Consultants and experts retained by the Parties or counsel for the Parties to assist in the preparation and trial of this action, together with their employees who have responsibility for the action and their clerical or administrative staff, but only after such consultants or experts have completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound.

(7)   *Witnesses at depositions*.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary, and their counsel, after such persons have completed the certification contained in Exhibit A. Witnesses shall not retain a copy of documents containing Confidential Discovery Material, except witnesses and their counsel may receive a copy of all exhibits marked at their depositions.

(8)   *Author or recipient*. The author or recipient of the document (not including a person who received the document in the course of litigation).

(9)   *Mediators*. Any person selected by the Parties or the Court to conduct a mediation in this case, including the clerical, paralegal, and administrative and other staff employed by such mediator.

(10)   *Jury Research Participants*. Mock jurors and professional jury or trial consultants, to whom disclosure is reasonably necessary for this action, but only after such persons have completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound.

(11)   *Others by Consent*.  Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)   **Control of Confidential Discovery Material**. The Receiving Party of any Confidential Discovery Material that is provided under this Order shall maintain such information in a reasonably secure and safe manner for electronically stored information, shall ensure that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with

respect to the storage, custody, use, and/or dissemination of such information as is exercised by the Receiving Party with respect to its own proprietary information.

(d)    **Producing Party's Disclosure.** This Confidentiality Order has no effect upon, and its scope shall not extend to, a Producing Party's use of its own Discovery Material. Nothing in this Confidentiality Order shall prevent disclosure of any Confidential Discovery Material: (i) by the Producing Party; (ii) to any employee or officer of the Producing Party; or (iii) to any person no longer affiliated with the Producing Party who either authored, in whole or in part, or received the Confidential Discovery Material prior to the initiation of this litigation.

9.    **Protection of Highly Confidential Discovery Material.**

(a)    **Use of Highly Confidential Discovery Material.**    Highly Confidential Discovery Material shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including investigation, prosecution and/or defense of any claims, settlement negotiations, trial and appeal, and enforcement of any judgments entered in this litigation.

(b)    **Scope of Disclosure.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Highly Confidential Discovery Material to any third party except as set forth in subparagraphs (1)–(10). Subject to

9

these requirements, the following categories of persons may be allowed to review

Highly Confidential Discovery Material:

(1)　*Outside counsel.* Outside counsel of record for the Parties and employees of counsel who have responsibility for the action.

(2)　*The Court.* The Court and its personnel.

(3)　*Court Reporters and Recorders.* Court reporters, recorders, and stenographers engaged for depositions and employees of vendors providing video recording services at depositions.

(4)　*Contractors and Vendors.* Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process ESI.

(5)　*Consultants and Experts.* Consultants and experts retained by the Parties or counsel for the Parties to assist in the preparation and trial of this action, together with their employees who have responsibility for the action and their clerical or administrative staff, but only after such consultants or experts have completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound.

(6)　*Witnesses at depositions.* During their depositions, witnesses in this action to whom disclosure is reasonably necessary, and their counsel, after such persons have completed the certification contained in Exhibit A. Witnesses shall not retain a copy of documents containing Highly Confidential Discovery Material, except witnesses and their counsel may receive a copy of all exhibits marked at their depositions.

(7)　*Author or recipient.* The author or recipient of the document (not including a person who received the document in the course of litigation).

(8)　*Mediators.* Any person selected by the Parties or the Court to conduct a mediation in this case, including the clerical, paralegal, and administrative and other staff employed by such mediator.

(9)　*Jury Research Participants.* Mock jurors and professional jury or trial consultants, to whom disclosure is reasonably necessary for this action, but only after such persons have completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound.

(10) *Others by Consent.* Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Highly Confidential Discovery Material**. The Receiving Party of any Highly Confidential Discovery Material that is provided under this Order shall maintain such information in a reasonably secure and safe manner for highly confidential electronically stored information, shall ensure that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the Receiving Party with respect to its own highly confidential proprietary information.

(d) **Producing Party's Disclosure.** This Confidentiality Order has no effect upon, and its scope shall not extend to, a Producing Party's use of its own Discovery Material. Nothing in this Confidentiality Order shall prevent disclosure of any Highly Confidential Discovery Material: (i) by the Producing Party; (ii) to any employee or officer of the Producing Party; or (iii) to any person no longer affiliated with the Producing Party who either authored, in whole or in part, or received the Highly Confidential Discovery Material prior to the initiation of this litigation.

10. **Inadvertent Failure To Designate.** The inadvertent and/or unintentional failure to designate Discovery Material ("Misdesignated Material") as Confidential Discovery Material or Highly Confidential Discovery Material does not

constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of such inadvertent or unintentional failure to designate, in no event later than thirty (30) days after learning of the failure to designate, with the effect that such material thenceforth will be subject to the protections of this Order. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material.

11. **Voluntary De-Designation.** A Producing Party that previously designated Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material may withdraw or decrease the designation at any time, and all Receiving Parties shall be authorized to rely on the de-designation for all purposes after the time of de-designation, provided that the de-designation shall only apply to the specific Discovery Material de-designated and not, unless otherwise specified, to the subject matter of the Discovery Material generally.

12. **Filing Confidential Discovery Material or Highly Confidential Discovery Material.** When Parties seek to file a motion or other filing with the Court containing Confidential Discovery Material or Highly Confidential Discovery Material, they shall adhere to the following procedures:

(a)     The Party filing the papers must move to seal the Confidential Discovery Material or Highly Confidential Discovery Material under Local Rule 5.3. The movant must comply with Local Rule 5.3(b)(3)(v) and (vi) with respect to filing redacted and unredacted versions of the designated material.

(b)     If the movant is the Designating Party, the motion to seal must either (i) show that the designated material may be sealed by statute or rule pursuant to Local Rule 5.3(a); or (ii) provide, "for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority" pursuant to Local Rule 5.3(b)(3)(iv).

(c)     If the movant is not the Designating Party, the Designating Party must timely file a response to the motion to seal making the showing(s) described in subparagraph (b), and the movant may object to the filing of designated material under seal in its timely filed reply brief. The deadlines for the response and reply are as set forth in Local Rule 7.1(e).

(d)     If the Court grants the motion to seal, the Party that filed the motion or other filing referenced in subparagraph (a) shall promptly comply with Local Rule 5.3(b)(3)(C)(ii).

(e)     If the Court denies the motion to seal, the procedures set forth in Local Rule 5.3(b)(3)(C)(iii) shall apply.

13

13.     **Greater Protection of Specific Documents Upon Request.** Nothing in this agreement is intended to limit a Party's ability to object to the production of any document on any basis afforded by statute or other law. Any Party or third party that intends to withhold responsive materials pursuant to this provision must inform the Receiving Party that they are withholding responsive material, describe the withheld material, and provide the basis for their withholding.

14.     **Challenges by a Receiving Party to Designation as Confidential Discovery Material or Highly Confidential Discovery Material.** The designation of any Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material is subject to challenge by any Party at any time during this litigation. The following procedure shall apply to any such challenge.

(a)     **Meet and Confer.** A Receiving Party challenging the designation of Confidential Discovery Material or Highly Confidential Discovery Material must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party. In conferring, the challenging Receiving Party must identify the specific documents or information whose confidentiality designation is challenged, explain the basis for its belief that the confidentiality designation was not proper, and give the Producing Party an opportunity to review the designated Discovery Material, to reconsider the designation, and, if no change

14

in designation is offered, to explain the basis for the designation. The Producing Party must respond to the challenge within ten (10) business days.

(b) **Judicial Intervention.** A Receiving Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Order.

15. **Action by the Court.** Applications to the Court for an order relating to Discovery Materials designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be by motion. Nothing in this Order or any action or agreement of a Party or third party under this Order limits the Court's power to make orders concerning the disclosure of Discovery Material produced in discovery or at trial.

16. **Use of Confidential Discovery Material or Highly Confidential Documents or Information at a Hearing or Trial.** Nothing in this Order shall be construed to affect the use of any Confidential Discovery Material or Highly

Confidential Discovery Material at any trial or hearing. To the extent a Party or third party intends to disclose Confidential Discovery Material or Highly Confidential Discovery Material at a hearing or trial, the Parties and any such third party shall meet and confer regarding a procedure for disclosing such material sufficiently in advance of the hearing or trial to allow any Party or third party to raise the issue with the Court in advance of the hearing or trial if the parties cannot reach an agreement through the meet and confer process.

17. Confidential Discovery Material or Highly Confidential Discovery Material Subpoenaed or Ordered Produced in Other Litigation.

(a) If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material designated in this action as Confidential Discovery Material or Highly Confidential Discovery Material by the Producing Party, the Receiving Party must so notify the Producing Party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In

16

addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Producing Party in this case an opportunity to try to protect its Confidential Discovery Material or Highly Confidential Discovery Material in the court from which the subpoena or order issued. The Producing Party shall bear the burden and the expense of seeking protection in that court of its Confidential Discovery Material or Highly Confidential Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a Producing Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Receiving Party has in its possession, custody, or control Confidential Discovery Material or Highly Confidential Discovery Material of the other Parties to this case.

18.    **Obligations upon Conclusion of Litigation.**

(a)     **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

( b )   **Obligations at Conclusion of Litigation.**  Within sixty (60) days after the final conclusion of all aspects of the claims in this action by judgment

17

not subject to appeal which has also been satisfied, by settlement agreement which has also been satisfied, or abandonment, all Confidential Discovery Material and Highly Confidential Discovery Material, including copies as defined in ¶ 2(a) (including, without limitation, copies provided to witnesses and testifying or consulting experts), shall be returned to the Producing Party, or the Receiving Party's counsel shall confirm in writing to the Producing Party that all such materials have been destroyed; provided, however, that nothing in this paragraph requires any Party or third party, its counsel, or its respective consultants, vendors or other affiliates, to delete or destroy emails or drafts of expert reports that may contain or attach Confidential Discovery Material or Highly Confidential Discovery Material, or data which may reside on one or more backup tapes or other media maintained for purposes of disaster recovery, business continuity or other reasons, or requires more than reasonable and practical actions to locate, identify, or destroy any other electronic data.

(c) **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (i) attorney work product, including an index that refers or relates to Confidential Discovery Material or Highly Confidential Discovery Material so long as that work product does not duplicate verbatim substantial portions of Confidential Discovery Material or Highly Confidential Discovery Material; (ii)

one complete set of all documents filed with the Court including those filed under seal; and (iii) one complete set of all exhibits used at any deposition, hearing, or trial. Any retained Confidential Discovery Material or Highly Confidential Discovery Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Discovery Material or Highly Confidential Discovery Material.

19. **Order Subject to Modification.** This Order shall be subject to modification by the Court, either on its own initiative or pursuant to a stipulation between the Parties, or on motion of a Party or any third party with standing concerning the subject matter.

20. **Advice of Counsel**. Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with litigation and, in the course thereof, relying on examination of Confidential and Highly Confidential Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

21. **Material Non-Public Information.** Any Party acknowledges that, by receiving Confidential and Highly Confidential Materials, it may be receiving material non-public information about companies that issue securities and that the

19

determination as to whether it has received material non-public information shall be the sole responsibility of such receiving entity.  For the avoidance of doubt, the Producing Party is under no obligation to designate or mark, or cause to be designated or marked, any Designated Material that may be determined to constitute material non-public information.

22.     **Entire Agreement.**  This Order constitutes the entire agreement among the Parties pertaining to the use and disclosure of Confidential and Highly Confidential Material in connection with the litigation and supersedes prior agreements and understandings pertaining to that subject matter, it being understood that any restrictions, limitations, or protections concerning confidentiality or non-disclosure in a prior written agreement shall continue to be in full force and effect, notwithstanding the terms of this Order.

23.     **Enforcement**.  The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court, within the jurisdiction of this Court.

24.     **Notice**.  When notice is permitted or required by the provisions hereof, such notice shall be in writing, directed to the undersigned counsel of the Party to receive such notice, at the corresponding addresses or email addresses indicated below, or to counsel for any non-Party receiving such notice.  Notice shall be

delivered by Federal Express First Overnight (or an equivalent delivery service and speed), hand delivery, or email, and shall be effective upon receipt.

25.     **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated as Confidential Discovery Material or Highly Confidential Discovery Material by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

STIPULATED AND AGREED this 20th day of March 2026:

<table>
<tr>
<td>

*/s/ Jake Bissell-Linsk*

Carol C. Villegas
Jake Bissell-Linsk
Guillaume Buell
Matthew J. Grier
**LABATON KELLER
SUCHAROW LLP**
140 Broadway
New York, NY 10005
(212) 907-0700
cvillegas@labaton.com
jbissell-linsk@labaton.com
gbuell@labaton.com
mgrier@labaton.com

Matthew Henzi
Cynthia Billings-Dunn
**ASHERKELLY**
</td>
<td>

*/s/ with consent of Roger P. Meyers*

Stephanie A. Douglas (P70272)
Roger P. Meyers (P73255)
**BUSH SEYFERTH PLLC**
100 West Big Beaver Road, Suite 400
Troy, MI 48084
 (248) 822-7800
douglas@bsplaw.com
meyers@bsplaw.com

*Counsel for Defendants*

Reid Schar
**JENNER & BLOCK LLP**
525 Market Street, 29th Floor
San Francisco, CA 94105
(628) 267-6800
rschar@jenner.com
</td>
</tr>
</table>

21

25800 Northwestern Highway,
Suite 1100
Southfield, MI 48075
(248) 746-2710
mhenzi@asherkellylaw.com
cbdunn@asherkellylaw.com

Robert D. Klausner
Stuart Kaufman
**KLAUSNER, KAUFMAN,
JENSEN & LEVINSON**
7080 Northwest 4th Street
Plantation, FL 33317
(954) 916-1202
bob@robertdklausner.com
stu@robertdklausner.com

*Counsel for Plaintiffs*

Stephen L. Ascher
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
sascher@jenner.com

Jacob P. Wentzel
**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, IL 60653
(312) 222-9350
jwentzel@jenner.com

*Counsel for Cruise LLC, Daniel
Ammann, and Wayne G. West*

John W. Keker
Ryan Wong
Sophie A. Hood
Cody Gray
**KEKER, VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, CA 94111
(415) 391-5400
jkeker@keker.com
rwong@keker.com
shood@keker.com
cgray@keker.com

*Counsel for Kyle Vogt*

SO ORDERED.

Dated: March 20, 2026

s/Shalina D. Kumar
Honorable Shalina D. Kumar
United States District Judge

22

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| IN RE GENERAL MOTORS COMPANY SECURITIES LITIGATION | Case No. 4:23-cv-13132-SDK-EAS<br><br>District Judge Shalina D. Kumar<br><br>Magistrate Judge Elizabeth A. Stafford |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Agreed Confidentiality Order ("Confidentiality Order") dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Michigan in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Discovery Material or Highly Confidential Discovery Material in accordance with the Confidentiality Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Discovery Material or Highly Confidential Discovery Material to any other person, firm, or concern.

1

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name:  _____

Job Title:  _____

Employer:  _____

Business Address:  _____

_____

_____

Date:  _____        _____
                                                            Signature

2